IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

TEXAS BANKERS ASSOCIATION;
RIO BANK, MCALLEN, TEXAS; and
AMERICAN BANKERS ASSOCIATION

*Plaintiffs*,

v.

CONSUMER FINANCIAL PROTECTION BUREAU; and ROHIT CHOPRA, in his official capacity as Director of the Consumer Financial Protection Bureau,

*Defendants*.

Case No: 7:23-cv-00144

**ORAL ARGUMENT AND HEARING REQUESTED**

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Federal Rule of Civil Procedure 65 and Local Civil Rule 7.1, Plaintiffs respectfully request that the Court issue a preliminary injunction enjoining the Final Rule issued by the Consumer Financial Protection Bureau ("CFPB") on March 30, 2023, ("Final Rule" or "Rule") to amend Regulation B to implement changes to the Equal Credit Opportunity Act ("ECOA") made by § 1071 of the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank Act").  As set forth in the accompanying Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction, Plaintiffs meet the four-part balancing test from *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008), for obtaining a preliminary injunction. That is so, in part, because the Final Rule is invalid under Fifth Circuit law.  *See Cmty. Fin. Servs. Ass'n of Am. v. CFPB*, 51 F.4th 616, 643 (5th Cir. 2022), *certiorari granted*, U.S. 22–448 (Feb. 27, 2023).  Thus, absent an injunction, Plaintiffs (and their members) would be forced to spend millions of dollars preparing to comply with an invalid rule—such unrecoverable costs constitute irreparable harm.  *Restaurant Law Center v. Dept. of Labor*, 66 F.4th 593, 597 (5th Cir. 2023).

Plaintiffs ask that the injunction remain in place until the Supreme Court's resolution of the constitutionality of the CFPB's self-funding scheme in *Community Financial*. The injunction requested would shield Plaintiffs from unrecoverable compliance costs pursuant to an invalid Rule—especially when there is a substantial likelihood that the Supreme Court will agree with the Fifth Circuit that the CFPB's funding mechanism violates the appropriations clause in Article I, Section 9 of the Constitution, and that a Rule promulgated at the time the Bureau was receiving such funding is, in fact, unconstitutional. Plaintiffs thus request that the Court grant their Motion and enjoin the Final Rule, along with staying both the compliance deadlines in the Rule and the corresponding timeframes for preparing to follow the Rule.

May 26, 2023                                                                                  Respectfully submitted,

/s/ John C. Sullivan
John C. Sullivan
Attorney-in-Charge
Texas Bar No. 24083920
**S|L LAW PLLC**
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com

James J. Butera*
Ryan Israel*
**MEEKS, BUTERA & ISRAEL PLLC**
2020 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 795-9714
jbutera@meeksbi.com
risrael@meeksbi.com

Counsel for Plaintiffs
* *admitted pro hac vice*