IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| TEXAS BANKERS ASSOCIATION, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*,<br><br>    Defendants. | Case No. 7:23-cv-00144 |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants Consumer Financial Protection Bureau and Rohit Chopra, in his official capacity as Director of the Bureau, hereby answer Plaintiffs' amended complaint, filed on May 14, 2023 (ECF No. 12).

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Court lacks subject-matter jurisdiction.

### SECOND DEFENSE

Venue is improper in this District and this Division.

### RESPONSES TO ALLEGATIONS AND NUMBERED PARAGRAPHS

Defendants deny each allegation not specifically admitted.

Defendants further answer the numbered paragraphs of the complaint as follows:

1. This paragraph consists of Plaintiffs' description of the size and importance of the small business lending market. Defendants respectfully refer the Court to the preamble of the Bureau's Small Business Lending Rule ("Rule") for an accurate description of this market. 88

Fed. Reg. 35150, 35153-66 (May 31, 2023). Defendants otherwise deny the allegations to the extent that they are inconsistent with the Rule's preamble.

2.  This paragraph continues Plaintiffs' description of the small business lending market. Defendants respectfully refer the Court to the Rule's preamble for an accurate description of this market. Defendants otherwise deny the allegations to the extent that they are inconsistent with the Rule's preamble.

3.  This paragraph consists of Plaintiffs' characterization of the Consumer Financial Protection Act of 2010 ("CFPA"). Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

4.  Denied.

5.  Defendants admit that Section 1071 of the CFPA, 124 Stat. 2056-59, and the Rule require financial institutions to compile data about their small business lending. Defendants respectfully refer the Court to the statute and the Rule for an accurate description of their contents. Defendants further admit that financial institutions will use software to help them meet the requirements of the statute and Rule. Otherwise, denied.

6.  This paragraph consists of Plaintiffs' predictions of the likely effects of the Rule. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of the Rule's expected effects. *E.g.*, 88 Fed. Reg. at 35490-518. Defendants otherwise deny the allegations to the extent that they are inconsistent with the Rule's preamble.

7.  Defendants admit that some commenters on the proposed rule discussed the expected costs of the proposed rule. Defendants respectfully refer the Court to the preamble of

the Rule for an accurate description of those comments and the Bureau's responses. Otherwise, denied.

8. This paragraph consists of Plaintiffs' characterization of the Supreme Court's decision in *Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020). Defendants respectfully refer the Court to that decision for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the decision.

9. This paragraph consists of Plaintiffs' characterization of the Fifth Circuit's decision in *Cmty. Fin. Servs. Ass'n of Am., Ltd. v. CFPB*, 51 F.4th 616 (5th Cir. 2022) ("*CFSA*"). Defendants respectfully refer the Court to that decision for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the decision.

10. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

11. This paragraph consists primarily of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied. This paragraph also contains Plaintiffs' characterization of the outcome in *CFSA*. Defendants respectfully refer the Court to that decision for an accurate statement of the outcome and otherwise deny the allegations to the extent that they are inconsistent with that decision.

Defendants answer Footnote 2, attached to this paragraph, as follows: Defendants admit the allegations in the first sentence of Footnote 2. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Footnote 2 because it is vague as to what Plaintiffs mean by "general expectation." In response to the third sentence of Footnote 2, which consists of Plaintiffs' characterization of the procedural posture in

other cases, Defendants respectfully refer the Court to the cited court filings themselves and otherwise deny the allegations to the extent that they are inconsistent with those filings.

12. This paragraph primarily consists of legal conclusions, to which no response is required. To the extent a response is deemed to be required, denied. This paragraph further contains Plaintiffs' characterization of this action and Plaintiffs' requested relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief they seek or to any other relief in this action.

13. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

14. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

15. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

16. This paragraph consists in part of Plaintiffs' predictions of the likely effects of the Rule. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of the Rule's expected effects. *E.g.*, 88 Fed. Reg. at 35490-518. Defendants otherwise deny the allegations to the extent that they are inconsistent with the Rule's preamble. The remainder of the paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

## PARTIES

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph except to admit that Plaintiff Texas Bankers Association ("TBA") is a trade association representing Texas banks and to aver that the final sentence of this

paragraph consists of legal conclusions to which no response is required. To the extent a response to the final sentence of this paragraph is deemed to be required, denied.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph except to admit that Plaintiff Rio Bank is a bank headquartered in McAllen, Texas.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph except to admit that Plaintiff American Bankers Association ("ABA") is a national trade association representing banks that regularly advocates before the Bureau.

20. Admitted.

21. Admitted.

## JURISDICTION AND VENUE

22. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

23. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

24. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

## FACTUAL ALLEGATIONS

25. Admitted.

26. This paragraph consists of Plaintiffs' characterization of the CFPA. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

27. This paragraph continues Plaintiffs' characterization of the CFPA. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

28. This paragraph continues Plaintiffs' characterization of the CFPA. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

29. This paragraph continues Plaintiffs' characterization of the CFPA. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

30. The first sentence of this paragraph consists of Plaintiffs' characterization of the Fifth Circuit's decision in *CFSA* and of a concurring opinion in another case. Defendants respectfully refer the Court to those opinions for an accurate statement of their contents and otherwise deny the allegations to the extent that they are inconsistent with those opinions. The rest of this paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

31. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

32. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

33. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

34. This paragraph consists of Plaintiffs' characterization of the Fifth Circuit's decision in *CFSA*. Defendants respectfully refer the Court to that decision for an accurate

statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the decision.

35. This paragraph and Footnote 3, attached to this paragraph, consist of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

36. This paragraph consists of Plaintiffs' characterization of the CFPA. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

37. This paragraph continues Plaintiffs' characterization of the CFPA. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

38. Defendants admit that the Bureau issued a notice of proposed rulemaking ("Proposed Rule") to implement the requirements of Section 1071 of the CFPA on September 1, 2021. *See* 86 Fed. Reg. 56356. Defendants respectfully refer the Court to the Proposed Rule for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the Proposed Rule.

39. This paragraph consists of Plaintiffs' characterization of the Proposed Rule. Defendants respectfully refer the Court to the Proposed Rule for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the Proposed Rule.

40. This paragraph continues Plaintiffs' characterization of the Proposed Rule. Defendants respectfully refer the Court to the Proposed Rule for an accurate statement of its

contents and otherwise deny the allegations to the extent that they are inconsistent with the Proposed Rule.

41. Defendants admit that some commenters on the Proposed Rule discussed the scope of the Proposed Rule, its expected impact on the small business lending market, and its expected costs. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of those comments and the Bureau's responses, and otherwise deny the allegations to the extent that they are inconsistent with the Rule's preamble.

42. This paragraph consists of Plaintiffs' characterization of a comment on the Proposed Rule submitted by the National Association of Federally-Insured Credit Unions. Defendants deny that the comment was submitted by the Credit Union National Association. Defendants respectfully refer the Court to the comment itself for an accurate statement of its contents, and otherwise deny the allegation to the extent that it is inconsistent with that comment.[1]

43. This paragraph consists of Plaintiffs' characterization of a comment on the Proposed Rule submitted by the American Financial Services Association. Defendants respectfully refer the Court to that comment for an accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with that comment.[2]

44. This paragraph consists of Plaintiffs' characterization of a comment on the Proposed Rule submitted by the U.S. Small Business Administration's Office of Advocacy. Defendants respectfully refer the Court to that comment for an accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with that comment.[3]

---

[1] https://www.regulations.gov/comment/CFPB-2021-0015-1516.
[2] https://www.regulations.gov/comment/CFPB-2021-0015-1462.
[3] https://www.regulations.gov/comment/CFPB-2021-0015-1497.

45. This paragraph consists of Plaintiffs' characterization of a comment on the Proposed Rule submitted by the Conference of State Bank Supervisors (CSBS). Defendants respectfully refer the Court to that comment for an accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with that comment.[4]

46. This paragraph continues Plaintiffs' characterization of the CSBS comment. Defendants respectfully refer the Court to that comment for an accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with that comment.

47. This paragraph continues Plaintiffs' characterization of the CSBS comment. Defendants respectfully refer the Court to that comment for an accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with that comment.

48. This paragraph consists of Plaintiffs' characterization of two executive orders. Defendants respectfully refer the Court to those orders for an accurate statement of their contents and otherwise deny the allegation to the extent that it is inconsistent with those orders.

49. The first sentence of this paragraph consists of Plaintiffs' characterization of the Bureau's consideration of the benefits and costs of the Rule set out in the Rule's preamble. Defendants respectfully refer the Court to that discussion in the Rule's preamble, 88 Fed. Reg. at 35490-518, and otherwise deny the allegation to the extent that it is inconsistent with that discussion.

The rest of the paragraph concerns a version of a report issued by the Bureau explaining the Bureau's methodology for estimating how many banks will be required to report data under the Proposed Rule and for producing market-level estimates of the costs associated with

---

[4] https://www.regulations.gov/comment/CFPB-2021-0015-1435.

9

implementing the Proposed Rule.[5] The second and final sentences of this paragraph allege that Plaintiffs found the report "incomprehensible" and "indecipherable." Defendants lack knowledge or information sufficient to form a belief about this allegation as to Plaintiffs' understanding, and otherwise deny. The remainder of the paragraph continues Plaintiffs' characterization of the report. Defendants respectfully refer the Court to the report itself for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the report.

50. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

51. This paragraph consists of Plaintiffs' characterization of the discussion in the Rule's preamble of the Bureau's one-time cost survey. Defendants respectfully refer the Court to the Rule's preamble for an accurate statement of its contents, *e.g.*, 88 Fed. Reg. at 35497-500, and otherwise deny the allegation to the extent that it is inconsistent with the Rule's preamble.

52. This paragraph appears to consist of Plaintiffs' characterization of the discussion in the Rule's preamble of the expected costs of the Rule. Defendants respectfully refer the Court to the Rule's preamble for an accurate statement of its contents, 88 Fed. Reg. at 35490-518, and otherwise deny the allegation to the extent that it is inconsistent with the Rule's preamble. Defendants further deny that the language quoted in the first half of this paragraph appears on the cited page of the Federal Register and aver that it appears instead at 88 Fed. Reg. 35517. Defendants further deny that the language quoted in the second half of this paragraph appears on the cited page of the Federal Register or in the Rule's preamble.

---

[5] https://files.consumerfinance.gov/f/documents/cfpb_section-1071-nprm-supplemental-estimation-methodologies_report_2021-09.pdf.

53. This paragraph appears to continue Plaintiffs' characterization of the discussion in the Rule's preamble of the expected costs of the Rule. Defendants respectfully refer the Court to the Rule's preamble for an accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with the Rule's preamble.

54. This paragraph consists of Plaintiffs' characterization of a *Bankers Digest* article about the Proposed Rule. Defendants respectfully refer the Court to the article itself for an accurate statement of its contents, and otherwise deny the allegations to the extent that they are inconsistent with that article.[6]

55. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

56. Admitted.

57. In response to the allegations in this paragraph, Defendants aver that Section 1071 of the CFPA comprises approximately three pages in the Statutes at Large. *See* 124 Stat. 2056-59. Defendants further aver that the regulatory text of the Rule comprises approximately six pages in the Federal Register. *See* 88 Fed. Reg. at 35527-33. Defendants further aver that the preamble of the Rule, the regulatory text, official commentary, and related materials together comprise just over 421 pages in the Federal Register. *See* 88 Fed. Reg. 35150. Otherwise, denied.

58. Defendants admit that on the same day the Bureau issued the Rule, it published a chart entitled "Small Business Lending Rule: Data Points Chart."[7] Defendants respectfully refer

---

[6] https://www.bankersdigest.com/a-comment-on-implementing-section-1071-of-the-dodd-frank-act/.
[7] https://files.consumerfinance.gov/f/documents/cfpb_small-business-lending-data-points-chart.pdf.

the Court to the chart itself for an accurate statement of its contents, and otherwise deny the allegations in this paragraph to the extent that they are inconsistent with that chart.

59. Denied.

60. This paragraph appears to consist of Plaintiffs' characterization of a passage in the Proposed Rule. *See* 86 Fed. Reg. at 56563. Defendants respectfully refer the Court to the Proposed Rule for an accurate statement of its contents, and otherwise deny the allegation to the extent that it is inconsistent with the Proposed Rule.

61. This paragraph appears to consist of Plaintiffs' characterization of the Rule's preamble. Defendants respectfully refer the Court to the Rule's preamble for an accurate statement of its contents, and otherwise deny the allegation to the extent that it is inconsistent with the Rule's preamble.

62. This paragraph continues Plaintiffs' characterization of the Rule's preamble, and specifically the discussion at 88 Fed. Reg. at 35521. Defendants respectfully refer the Court to that discussion for an accurate statement of its contents, and otherwise deny the allegation to the extent that it is inconsistent with that discussion.

63. This paragraph consists of Plaintiffs' characterization of the Rule and the Bureau's explanation of the Rule in the Rule's preamble. Defendants respectfully refer the Court to those materials for an accurate statement of their contents, and otherwise deny the allegation to the extent that it is inconsistent with those materials.

64. This paragraph consists of Plaintiffs' characterization of a passage in the Proposed Rule. *See* 86 Fed. Reg. at 56564. Defendants respectfully refer the Court to the Proposed Rule for an accurate statement of its contents, and otherwise deny the allegation to the extent that it is inconsistent with the Proposed Rule.

65. This paragraph consists of Plaintiffs' characterization of another passage in the Proposed Rule. *See* 86 Fed. Reg. at 56356. Defendants respectfully refer the Court to the Proposed Rule for an accurate statement of its contents, and otherwise deny the allegation to the extent that it is inconsistent with the Proposed Rule.

66. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph because it is vague as to what Plaintiffs mean by "duly prescribed."

67. Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph because it is vague as to what Plaintiffs mean by "the Associations' members" and "substantial costs." To the extent that this paragraph consists of Plaintiffs' characterization of the declarations attached to their amended complaint, Defendants respectfully refer the Court to the declarations themselves for an accurate description of their contents and otherwise deny the allegations to the extent that they are inconsistent with the declarations. To the extent that this paragraph consists of Plaintiffs' predictions of the likely compliance costs of the Rule, Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of those costs, *e.g.*, 88 Fed. Reg. at 35490-518, and otherwise deny the allegations to the extent that they are inconsistent with the Rule's preamble.

68. Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph.

69. This paragraph consists of Plaintiffs' predictions of the likely effects of the Rule. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of

13

the Rule's expected effects. *E.g.*, 88 Fed. Reg. at 35490-518. Defendants otherwise deny the allegations to the extent that they are inconsistent with the Rule's preamble.

70. Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph because it is vague as to what Plaintiffs mean by "requir[ing] … members to demonstrate their progress … during examinations and other agency communications."

71. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

72. This paragraph consists of Plaintiffs' predictions of the likely compliance costs of the Rule. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of the Rule's expected compliance costs. *E.g.*, 88 Fed. Reg. at 35490-518. Defendants otherwise deny the allegations to the extent that they are inconsistent with the Rule's preamble.

73. This paragraph continues Plaintiffs' predictions of the likely compliance costs of the Rule. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of the Rule's expected compliance costs. Defendants otherwise deny the allegations to the extent that they are inconsistent with the Rule's preamble.

74. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

75. The first sentence of this paragraph is denied. In response to the allegation in the second sentence, Defendants admit that the Bureau discovered an unauthorized transfer by a now-former Bureau employee of records containing confidential information and personally identifiable information to a personal email account.

76. The first sentence of this paragraph consists of Plaintiffs' characterization of an article published in *American Banker*.[8] Defendants respectfully refer the Court to that article for an accurate statement of its contents. The second sentence of this paragraph is denied.

77. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

## COUNT I

78. Defendants incorporate by reference their responses to each of the preceding paragraphs as if set forth fully herein.

79. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

80. Defendants admit that the Bureau's statutory method and sources of funding were the same at the time it issued the Rule as it was when the Bureau issued the regulation at issue in *CFSA*. Otherwise, denied.

81. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

82. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

83. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

---

[8] https://www.americanbanker.com/news/cfpb-still-has-not-notified-consumers-about-data-breach.

## COUNT II

84.     Defendants incorporate by reference their responses to each of the preceding paragraphs as if set forth fully herein.

85.     This paragraph consists of Plaintiffs' characterization of the Administrative Procedure Act. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

86.     This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

87.     This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

88.     This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

89.     This paragraph consists of Plaintiffs' predictions of the likely effects of the Rule. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of the Rule's expected effects. *E.g.*, 88 Fed. Reg. at 35490-518. Defendants otherwise deny the allegations to the extent that they are inconsistent with the Rule's preamble.

90.     This paragraph continues Plaintiffs' predictions of the likely effects of the Rule. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of the Rule's expected effects. Defendants otherwise deny the allegations to the extent that they are inconsistent with the Rule's preamble

91.     This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

## COUNT III

92. Defendants incorporate by reference their responses to each of the preceding paragraphs as if set forth fully herein.

93. This paragraph consists of Plaintiffs' characterization of the Administrative Procedure Act. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

94. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

95. Defendants admit that some commenters on the Proposed Rule discussed the expected costs of the Proposed Rule. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of those comments and the Bureau's responses. Otherwise, denied.

96. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

97. This paragraph consists of Plaintiffs' characterization of the Administrative Procedure Act. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

98. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

99. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

## COUNT IV

100. Defendants incorporate by reference their responses to each of the preceding paragraphs as if set forth fully herein.

101. This paragraph consists of legal conclusions to which no response is required. The paragraph also appears to contain Plaintiffs' characterization of Executive Order 12866. Defendants respectfully refer the Court to that order for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the order.

102. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

103. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied

104. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied

105. This paragraph continues Plaintiffs' characterization of the Rule's preamble, and specifically the discussion at 88 Fed. Reg. at 35521. Defendants respectfully refer the Court to that discussion for an accurate statement of its contents, and otherwise deny the allegation to the extent that it is inconsistent with that discussion.

106. This paragraph consists of Plaintiffs' characterization of the CFPA. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

107. The first sentence of this paragraph consists of Plaintiffs' predictions of the likely effects of the Rule. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of the Rule's expected effects. *E.g.*, 88 Fed. Reg. at 35490-518. Defendants

otherwise deny the allegations in the first sentence to the extent that they are inconsistent with the Rule's preamble. The second sentence of this paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

108. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, admitted.

109. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

110. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

## PRAYER FOR RELIEF

This section sets forth Plaintiffs' requested relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief they seek or to any other relief in this action.

Dated: July 3, 2023

Respectfully submitted,

Seth Frotman
  *General Counsel*
Steven Y. Bressler
  *Deputy General Counsel*
Christopher Deal
  *Assistant General Counsel*

/s/ Kevin E. Friedl
Kevin E. Friedl (NY #5240080)
Attorney-in-Charge
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
(202) 435-9268
kevin.friedl@cfpb.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing has been filed on July 3, 2023 and served on all parties via the CM/ECF system.

                                                */s/ Kevin E. Friedl*
                                                Kevin E. Friedl