IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| TEXAS BANKERS ASSOCIATION; RIO BANK, MCALLEN, TEXAS; AMERICAN BANKERS ASSOCIATION, <br><br> Plaintiffs, <br> v. <br><br> CONSUMER FINANCIAL PROTECTION BUREAU and ROHIT CHOPRA, in his official capacity as Director of the Consumer Financial Protection Bureau, <br><br> Defendants. | § § § § § § § § § § § § § § § § | Case No: 7:23-cv-00144 |

**UNOPPOSED EMERGENCY MOTION FOR LEAVE
TO INTERVENE AND BRIEF IN SUPPORT**

# **TABLE OF CONTENTS**

INTRODUCTION ..........................................................................................................................1

STATEMENT OF FACTS ............................................................................................................3

    Proposed Intervenors ..........................................................................................................3

    The Final Rule....................................................................................................................4

    Proposed Intervenors' Irreparable Harm ............................................................................4

ARGUMENT AND AUTHORITIES............................................................................................5

I.     The Court should permit Proposed Intervenors to intervene under Rule 24(a). ..................6

    A.    The present motion is timely...................................................................................6

    B.    Intervenors have an interest in the transaction at issue in this action. ....................7

    C.    The disposition of this case in Proposed Intervenors' absence may impede their ability to protect their interests. .....................................................................8

    D.    The existing parties do not adequately represent Proposed Intervenors' interests. .................................................................................................................9

II.    The Court should permit Proposed Intervenors to intervene under Rule 24(b)................10

III.   The Court should consider this motion on an emergency or expedited basis...................11

CONCLUSION............................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Community Fin. Servs. Ass'n of Am., Ltd. v. Consumer Financial Protection Bureau*, 41 F.4th 616 (5th Cir. 2022), *cert. granted*, 215 L. Ed. 2d 104, 143 S. Ct. 978 (2023) ..................................................................................................................4

*Contender Farms, L.L.P. v. U.S. Dept. of Agriculture*,
779 F.3d 258 (5th Cir. 2015) ...............................................................................................8

*Cooper v. Tex. Alcoholic Bev. Comm'n*,
820 F.3d 730 (5th Cir. 2016) ...............................................................................................8

*E.E.O.C. v. Comm. Coating Serv., Inc.*,
220 F.R.D. 300 (S.D. Tex. 2004).......................................................................................11

*Edwards v. City of Houston*,
78 F.3d 983 (5th Cir. 1996) .......................................................................................8, 9, 10

*Entergy Gulf States La., L.L.C. v. EPA*,
817 F.3d 198 (5th Cir. 2016) ...............................................................................................5

*Hodnett v. Smurfit-Stone Container Enters., Inc.*,
No. 09-1256, 2010 WL 3522497 (W.D. La. Sept. 2, 2010) ..............................................12

*John Doe No. 1 v. Glickman*,
256 F.3d 371 (5th Cir. 2001) ......................................................................................5, 6, 9

*La Union del Pueblo Entero v. Abbott*,
29 F.4th 299 (5th Cir. 2022) ............................................................................................8, 9

*League of United Latin Am. Citizens, Council No. 4434 v. Clements*,
884 F.2d 185 (5th Cir. 1989) ...............................................................................................5

*Miller v. Vilsack*,
No. 21-11271, 2022 WL 851782 (5th Cir. Mar. 22, 2022)..................................................5

*NextEra Energy Cap. Holdings, Inc. v. D'Andrea*,
No. 20-50168, 2022 WL 17492273 (5th Cir. 2022) ...........................................................9

*Payne v. Fidelity Sec. Life Ins. Co.*,
No. 1:09CV760, 2010 WL 11553079 (E.D. Tex. May 13, 2010) .....................................11

*Sierra Club v. Espy*,
18 F.3d 1202 (5th Cir. 1994) ..................................................................................... passim

*Students for Fair Admissions, Inc. v. Univ. of Tex. at Austin*,
338 F.R.D. 364 (W.D. Tex. 2021) ................................................................................10, 11

*Symetra Life Ins. Co. v. Rapid Settlements Ltd.*,
No. H-05-31676, 2006 WL 2382250 (S.D. Tex. Aug. 16, 2006)........................................8

*Tex. v. U.S.*,
805 F.3d 653 (5th Cir. 2015) ...............................................................................................7

-iii-

*VanDerStok v. BlackHawk Mfg. Grp. Inc.*,
    No. 4:22-cv-00691-O, 2023 WL 4539591 (N.D. Tex. June 30, 2023) ................................... 11

*Wal-Mart Stores, Inc. v. Tex. Alcoholic Bev. Comm'n*,
    834 F.3d 562 (5th Cir. 2016) ............................................................................................... 7, 8

**Other Authorities**

12 C.F.R. §§ 1002.102 (Aug. 29, 2023) .......................................................................................... 8

12 C.F.R. §§ 1002.104 (Aug. 29, 2023) .......................................................................................... 8

12 C.F.R. §§ 1002.105 (Aug. 29, 2023) .......................................................................................... 8

*Small Business Lending Under the Equal Credit Opportunity Act (Regulation B)*,
    88 Fed. Reg. 35,150, 2023 WL 3723408 (May 31, 2023) ............................................... *passim*

FED. R. CIV. P. 24 ..................................................................................................................... *passim*

TO THE HONORABLE RANDY CRANE, CHIEF UNITED STATES DISTRICT JUDGE:

Texas First Bank ("Texas First"), Independent Bankers Association of Texas ("IBAT"), and Independent Community Bankers of America ("ICBA") (collectively, "Proposed Intervenors"), pursuant to Federal Rule of Civil Procedure 24, file this Unopposed Emergency Motion for Leave to Intervene and Brief in Support, and they respectfully would show the Court as follows:

## INTRODUCTION

On March 30, 2023, Defendants (collectively, "CFPB") published a final rule (the "Final Rule") amending Regulation B governing small business lending under the Equal Credit Opportunity Act ("ECOA"). *Small Business Lending Under the Equal Credit Opportunity Act (Regulation B)*, 88 Fed. Reg. 35,150, 2023 WL 3723408 (May 31, 2023). As more fully explained in the proposed Complaint in Intervention (the "Proposed Complaint") attached as exhibit "1," the Final Rule is unconstitutional and unenforceable for several reasons, and, if enforcement of the Final Rule against Intervenors is not enjoined, Intervenors will be irreparably harmed at least to the same extent as Plaintiffs Rio Bank, McAllen, Texas ("Rio Bank"), American Bankers Association ("ABA"), and Texas Bankers Association ("TBA").

On July 31, 2023, the Court entered its Order Granting In-Part and Denying In-Part Plaintiffs' Motion for Preliminary Injunction (the "Preliminary Injunction") enjoining CFPB's enforcement of the Final Rule. Dkt. 25. However, the Court accepted CFPB's argument that the Preliminary Injunction should apply only to Plaintiffs, not to non-party financial institutions who will suffer from the enforcement of the Final Rule to the same extent as or, with respect to Proposed Intervenors, more so than Plaintiffs. *Cf.* Dkt. 17 at 12 and Dkt. 16 at 21 (CFPB arguing that the Preliminary Injunction should be limited to Plaintiffs). Accordingly, the Court's Preliminary Injunction protects only Plaintiffs and their members. Preliminary Injunction at 16.

-2-

Like many of ICBA's and IBAT's member institutions, Texas First is not a member of either ABA or TBA. Accordingly, Texas First and many other community banks that are members of ICBA and IBAT, but not members of the ABA or TBA, will suffer irreparable harm if CFPB is not enjoined from enforcing the unconstitutional Final Rule against them.[1] As reflected in the Proposed Complaint, Proposed Intervenors seek the same relief sought by Plaintiffs on the same legal grounds. Rather than file a separate, largely identical action in this Court, Proposed Intervenors respectfully request that the Court grant them leave to intervene in the present action. As demonstrated below, intervention is appropriate under Rule 24, and granting this motion will avoid duplicative litigation.

---

[1] To be clear, *some* ICBA and IBAT members also are members of TBA and/or ABA. Accordingly, as a result of those institutions' decision to join those associations, they are protected.

## STATEMENT OF FACTS

**Proposed Intervenors**

1. Texas First is a Texas chartered bank with its headquarters in Galveston County, Texas. Founded in 1972, Texas First operates 27 banking centers throughout the Southern District of Texas, and it frequently makes loans to Texas women-owned, minority-owned, and small businesses. Texas First is a member of ICBA and IBAT, but it is not a member of ABA or TBA.

2. ICBA is a national association dedicated to representing the interests of the community banking industry and its membership through effective advocacy, best-in-class education, and high-quality products and services. ICBA's membership consists of thousands of community banks – more than half of the total depository institutions in the country – located throughout the United States, including in the Southern District of Texas. It also has numerous state and regional community bankers association affiliate members such as IBAT. ICBA's members collectively operate 50,000 locations nationwide, employ nearly 700,000 Americans, hold $5.8 trillion in assets, hold $4.8 trillion in deposits, and make $3.8 trillion in loans to consumers, small businesses, and the agricultural community. Many, but not all, of ICBA's members are not members of ABA or TBA.

3. IBAT is an association representing Texas community banks. IBAT is the largest state community banking organization in the nation, with membership comprised of more than 2,000 banks and branches in 700 Texas communities, including in the Southern District of Texas. Like ICBA's membership, IBAT's member institutions generally are smaller and have fewer employees than ABA and TBA member institutions. Further, many of IBAT's members are not members of ABA or TBA.

**The Final Rule**

4. Although the Fifth Circuit has held its perpetual funding mechanism to be unconstitutional (*Community Fin. Servs. Ass'n of Am., Ltd. v. Consumer Financial Protection Bureau,* 41 F.4th 616, 642 (5th Cir. 2022), *cert. granted*, 215 L. Ed. 2d 104, 143 S. Ct. 978 (2023); Preliminary Injunction at 12), CFPB issued the Final Rule on March 30, 2023 to be effective August 29, 2023. The Final Rule also impermissibly expands Congress' mandate in the Dodd-Frank Act that financial institutions gather and report limited information with respect to loans made to women-owned, minority-owned, and small businesses to more than eighty (80) "data points."

5. The Final Rule thus is invalid and unenforceable. *See* Preliminary Injunction at 12 ("Accordingly, this Court finds that a substantial likelihood exists that Plaintiffs would prevail in asserting that the Final Rule is invalid.").

**Proposed Intervenors' Irreparable Harm**

6. Intervenors, ICBA's members, and IBAT's members will be irreparably harmed by CFPB's enforcement of the invalid Final Rule to the same extent as, if not more so than, many of their competitors – Plaintiffs and their member banks. *See* Proposed Complaint at ___; Preliminary Injunction at 13 – 15. But, because this Court has entered an injunction only with respect to Plaintiffs and their members, Intervenors must seek a preliminary injunction to protect themselves from that harm.[2]

7. Under the circumstances, Intervenors must either file a separate action in this Court or seek the Court's permission to intervene in the present case. Because the legal issues raised in

---

[2] Intervenors intend to file a motion seeking a preliminary injunction immediately after the Court rules on the present motion.

-4-

the Proposed Complaint largely are identical to those already before the Court and because Proposed Intervenors seek the same relief the Court granted in the Preliminary Injunction, Proposed Intervenors seek the Court's permission to intervene.[3]

## ARGUMENT AND AUTHORITIES

The Court should grant either intervention by right under Rule 24(a)(2) or permissive intervention under Rule 24(b)(2). Upon timely motion, Rule 24(a)(2) permits a party to intervene as a matter of right if: (1) the potential intervenor claims an interest relating to the property or transaction that forms the basis of the controversy in the case; (2) the proposed intervenor is so situated that disposing of the action may as a practical matter impair or impede the potential intervenor's ability to protect its interest; and (3) the existing parties do not adequately represent the potential intervenor's interest. *John Doe No. 1 v. Glickman,* 256 F.3d 371, 375 (5th Cir. 2001). The inquiry is "a flexible one, which focuses on the particular facts and circumstances" and is "measured by a practical rather than technical yardstick." *Miller v. Vilsack,* No. 21-11271, 2022 WL 851782, at *2 (5th Cir. Mar. 22, 2022) (citing *Entergy Gulf States La., L.L.C. v. EPA,* 817 F.3d 198, 203 (5th Cir. 2016)). A court should permit intervention where "no one would be hurt and greater justice could be attained." *Sierra Club v. Espy,* 18 F.3d 1202, 1205 (5th Cir. 1994).

Rule 24(b)(2) provides for permissive intervention when (1) a timely application is made; (2) the intervenor's claim or defense and the main action have a common question of law or fact; and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the existing parties. *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 n. 2 (5th Cir. 1989).

---

[3] Not only would the filing of a separate action result in duplicative litigation, it is likely that action would be assigned or transferred to this Court.

I.  **The Court should permit Proposed Intervenors to intervene under Rule 24(a).**

A.  **The present motion is timely.**

Courts consider four factors to determine the timeliness of a motion to intervene: (1) the length of time in which the intervenor actually knew or reasonably should have known of its interest in the case before it moved for leave to intervene; (2) the extent of the prejudice to the existing parties to the litigation may suffer as a result of the intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the intervenor may suffer if intervention were denied; and (4) the existence of unusual circumstances. *Espy*, 18 F.3d at 1205. Because the courts discourage premature intervention, the "timeliness clock" runs from the time the intervenor knew or should have known of its stake in the case or from the time it became aware that its stake would no longer be protected by the existing parties. *Glickman,* 256 F.3d at 376.

Proposed Intervenors have sought intervention a mere four days after it became clear they needed to do so. Plaintiffs commenced this action on April 26, 2023 seeking a nationwide preliminary and permanent injunction prohibiting CFPB from enforcing the Final Rule. Dkt. 1; *see also* Dkts. 12 (Plaintiffs' May 14, 2023 First Amended Complaint) and 13 (Plaintiffs' May 26, 2023 Motion for Preliminary Injunction). CFPB responded to the motion for preliminary injunction on June 16, 2023 arguing, among other things, that an injunction should apply only to the parties. Dkt. 16. The Court entered its Preliminary Injunction on July 31, 2023, limiting the application of the injunction to Plaintiffs and their members. Dkt. 25. It was not until then – just four days ago – that it became apparent that Proposed Intervenors needed to participate in this case to protect their own interests. Accordingly, this motion is timely. *See, e.g., Glickman,* 256 F.3d

at 377 (concluding motion to intervene filed one month after movant learned about stake in the lawsuit was timely).

Additionally, the existing parties will not suffer any prejudice as they have not taken any discovery, participated in a Rule 26(f) conference, or engaged in any other litigation activities beyond the briefing on Plaintiffs' Motion for Preliminary Injunction. *See Wal-Mart Stores, Inc. v. Tex. Alcoholic Bev. Comm'n,* 834 F.3d 562, 565-66 (5th Cir. 2016) (finding motion to intervene timely where intervenor sought to intervene before discovery progressed and did not seek to delay or reconsider phases of litigation that had already concluded); *Espy,* 18 F.3d at 1206 (concluding existing parties were not prejudiced where intervenors sought to intervene less than three weeks after learning of their interest in the case). Indeed, CFPB has not even filed an answer or other pleading or motion responsive to Plaintiffs' First Amended Complaint. Nor has CFPB noticed an appeal from the Preliminary Injunction.

**B.     Intervenors have an interest in the transaction at issue in this action.**

To satisfy the "interest" requirement of Rule 24(a), intervenors must "claim an interest relating to the property or transaction that is the subject of the action." *Tex. v. U.S.,* 805 F.3d 653, 657 (5th Cir. 2015). The Fifth Circuit interprets this to require a "direct, substantial, legally protectable interest in the proceedings." *Id.*

Here, Texas First has an interest in obtaining relief from complying with the CFPB's Final Rule, including a judgment declaring that the Final Rule is unconstitutional and unenforceable against Texas First. *See generally* Proposed Complaint. Texas First frequently makes loans to Texas women-owned, minority-owned, and small businesses, and it is a "covered financial institution" subject to the requirements of the Final Rule in that it made at least 100 "covered credit transactions" in each of 2021 and 2022, and it expects to make at least 100 "covered credit

transactions" in 2023. *See* 88 Fed. Reg. 35529 - 30 (to be codified at 12 C.F.R. §§ 1002.102, 1002.104, and 1002.105 (Aug. 29, 2023)).

ICBA and IBAT likewise have an interest in obtaining relief from the Final Rule for its members, the overwhelming majority of which are, like Texas First, covered financial institutions that are not members of ABA or TBA.[4] Courts in this Circuit regularly conclude that trade associations representing their members satisfy the "interest" requirement. *See Wal-Mart Stores, Inc.,* 834 F.3d at 569 (concluding trade association had a legally protectable interest in defending a regulatory scheme); *Edwards v. City of Houston,* 78 F.3d 983, 1004 (5th Cir. 1996) (concluding police officer associations had an interest in litigation concerning discriminatory promotional exams); *Espy,* 18 F.3d at 1207 (concluding timber trade associations had an interest in existing timber contracts threatened by the Forest Service's potential bar on even-aged logging); *Symetra Life Ins. Co. v. Rapid Settlements Ltd*., No. H-05-31676, 2006 WL 2382250, at *3 (S.D. Tex. Aug. 16, 2006) (concluding trade association had an interest "in the contractual and business rights of its members," which would be at risk in the litigation).

### C. The disposition of this case in Proposed Intervenors' absence may impede their ability to protect their interests.

The impairment requirement demands only that the party seeking to intervene demonstrate that disposition of the action may, as a practical matter, impair or impede its ability to protect that interest. *La Union del Pueblo Entero v. Abbott,* 29 F.4th 299, 307 (5th Cir. 2022). The Fifth

---

[4] For the same reasons, Proposed Intervenors have standing. Texas First, like Rio Bank, clearly has standing to assert claims as an "object of the regulation." *Contender Farms, L.L.P. v. U.S. Dept. of Agriculture,* 779 F.3d 258, 264 (5th Cir. 2015). And, "[t]he presence of one party with standing is sufficient." Preliminary Injunction at 10 (quoting *Tex.,* 809 F.3d at 151). Nevertheless, as trade associations, ICBA and IBAT also have standing because their members, including Texas First, have standing to sue in their own right, the interests ICBA and IBAT seek to protect are germane to the organizations' purposes of supporting and advocating for the needs of community banks, and the claims asserted and relief requested do not require the participation of the individual members. *See Cooper v. Tex. Alcoholic Bev. Comm'n,* 820 F.3d 730, 737 (5th Cir. 2016) (concluding trade group intervenor had standing to continue lawsuit without participation of state agency).

Circuit has concluded that a party's interest in a regulatory scheme is "impaired by the *stare decisis* effect of the district court's judgment" as to that scheme's validity. *Espy,* 18 F.3d at 1207.

Here, Proposed Intervenors' interests would be impaired if denied intervention in this suit concerning the constitutionality of the Final Rule as the outcome would change Proposed Intervenors' and their members' compliance obligations. If subject to the Final Rule, Proposed Intervenors would be obligated to implement processes and procedures to begin reporting on 80 data points, rather than the 13 mandated by the ECOA. *See La Union,* 29 F.4th at 307 (concluding committees associated with the Republican party had established their interests may be impaired if denied intervention in suit concerning the constitutionality of certain amendments to Texas' election laws as the outcome of the lawsuit could potentially change upcoming election preparations); *Glickman,* 256 F.3d at 380 (concluding that where ruling in separate lawsuit could collaterally estop intervenor from relitigating issue, the disposition of the case may impair or impede intervenor's ability to protect its interest); *NextEra Energy Cap. Holdings, Inc. v. D'Andrea*, No. 20-50168, 2022 WL 17492273, at *4 (5th Cir. 2022) (concluding that intervenors would be impaired by determination on the constitutionality of a state regulatory scheme).

**D.     The existing parties do not adequately represent Proposed Intervenors' interests.**

The burden to prove that an intervenor's interest would not be adequately represented by the existing parties is "minimal." *Edwards,* 78 F.3d at 1005. The intervenor need only demonstrate that the representation of its interest ***may be*** inadequate. *Id.* The courts apply two presumptions of adequate representation: first, where the putative representative is a governmental body or officer charged by law with representing the interests of the absentee; and second, where the intervenor has the same ultimate objective as an existing party. *Id.* at 1005.

Neither presumption applies here. First, Plaintiffs are not governmental bodies or officers. Second, although Plaintiffs and Proposed Intervenors all seek final judgment setting aside the Final Rule, their objectives are not entirely identical. Plaintiffs at present need only defend the Court's Preliminary Injunction because the injunction protects them and their members. Proposed Intervenors, however, seek their own injunction expanding the relief granted to Plaintiffs so that they and their members will enjoy the same protections.

In any event, Proposed Intervenors meet their minimal burden to establish that Plaintiffs cannot adequately represent their interests. All of ICBA and IBAT's members are community banks, unlike the ABA and TBA whose membership includes some of the largest banks in the country. And, many of ICBA and IBAT's members, like Texas First, are not members of ABA or TBA. Accordingly, and without minimizing the harm that that the Final Rule will cause Plaintiffs, ICBA and IBAT members, like Texas First, face more challenges and unrecoverable expense relative to their size and business. *See Edwards*, 78 F.3d at 1005-06 (finding interests of intervenors may be insufficiently represented where intervenors represented different classes of police officers that were members of the Houston police department); *Espy,* 18 F.3d at 1207-08 (concluding that minimal burden to show inadequacy of representation was met where intervenors' demonstrated that the government's interest was broader than intervenors'); *Students for Fair Admissions, Inc. v. Univ. of Tex. at Austin*, 338 F.R.D. 364, 371-72 (W.D. Tex. 2021) (intervenors satisfied burden to establish adversity of interest where intervenors pointed to evidence and arguments that diverged from the existing parties'). Regardless, Plaintiffs sought injunctive relief that would have protected Proposed Intervenors and their members, but they were unsuccessful.

## II. The Court should permit Proposed Intervenors to intervene under Rule 24(b).

If the Court concludes that Proposed Intervenors are not entitled to intervene as a matter of right, Proposed Intervenors submit that the Court should exercise its discretion to grant permissive

intervention. As set forth above, Proposed Intervenors have timely filed the present motion. Further, the Proposed Intervenors' claims involve common – indeed largely identical – questions of law or fact as the claims asserted by Plaintiffs. *See Students for Fair Admissions, Inc.*, 338 F.R.D. at 372-73 (granting permissive intervention, in the alternative, where common interests in race admissions policy demonstrated shared questions of law and fact); *Payne v. Fidelity Sec. Life Ins. Co.*, No. 1:09CV760, 2010 WL 11553079, at *2 (E.D. Tex. May 13, 2010) (permitting intervention pursuant to Rule 24(b) where intervenor's complaint sought the same declaratory relief sought by existing plaintiffs). Finally, intervention will not unduly delay or prejudice the existing parties as discovery has not begun, no scheduling order has been entered, and there has not even been an interlocutory appeal of the Preliminary Injunction noticed.

Further, permitting intervention promotes the interests of judicial economy and efficiency by joining these similar actions of which the Court is already familiar. *See E.E.O.C. v. Comm. Coating Serv., Inc.,* 220 F.R.D. 300, 303 (S.D. Tex. 2004) (granting permissive intervention where failure to permit intervention would result in two lawsuits involving the same events); *VanDerStok v. BlackHawk Mfg. Grp. Inc.,* No. 4:22-cv-00691-O, 2023 WL 4539591, at *8 (N.D. Tex. June 30, 2023) (granting permissive intervention to prevent multiple parallel proceedings from occurring in multiple courts or before multiple jurists). Therefore, greater justice could be served by permitting intervention.

**III.   The Court should consider this motion on an emergency or expedited basis.**

Because the Final Rule goes into effect on August 29, 2023 and Proposed Intervenors must immediately begin devoting staff and resources to comply with it, Intervenors seek expedited consideration of their motion. Local Rule 7.8 expressly allows the Court to shorten time periods. *See* S.D. Tex. Local Rule 7.8 ("The Court may in its discretion, on its own motion or upon application, entertain and decide any motion, shorten or extend time periods . . . ."); *see also* Judge

Crane's Court Procedures VII(3), https://www.txs.uscourts.gov/page/judge-cranes-court-procedures#4 (setting forth requirements for motions requiring expedited consideration). Proposed Intervenors stand to incur thousands of dollars in expenses associated with complying with the unconstitutional and unenforceable Final Rule, while many of their competitors – Plaintiffs and their member banks – have been granted injunctive relief.  A multi-week delay spent briefing intervention issues would interfere with Proposed Intervenors' ability to seek injunctive relief prior to the Final Rule's effective date in this action (if intervention is granted) or in a separate action (if intervention is denied).  *See Hodnett v. Smurfit-Stone Container Enters., Inc.,* No. 09-1256, 2010 WL 3522497, at *1 (W.D. La. Sept. 2, 2010) (granting request for expedited consideration because of impending deadlines to comply with subpoenas at issue). And, the issues presented by this motion are not complex and are easily resolved.

## CONCLUSION

For the foregoing reasons, Proposed Intervenors respectfully request that the Court grant this motion and afford Proposed Intervenors leave to intervene in this action and file the Proposed Complaint.  Proposed Intervenors also request that the Court grant them such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

/s/James W. Bowen
James W. Bowen
*attorney-in-charge*
jbowen@HuntonAK.com
Texas Bar No. 02723305
S.D. Texas Bar No. 16337
Jennifer L. Clyde
jclyde@HuntonAK.com
Texas Bar. No. 24101032
S.D. Texas Bar No. 3644312
**HUNTON ANDREWS KURTH LLP**
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Telephone: (214) 979-3000
Facsimile: (214) 880-0011

Elbert Lin
elin@HuntonAK.com
VA Bar No. 92740
*pro hac vice motion pending*
**HUNTON ANDREWS KURTH LLP**
951 East Byrd Street, East Tower
Richmond, VA 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218

Erica Peterson
epeterson@HuntonAK.com
D.C. Bar No. 1686244
*pro hac vice motion pending*
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 955-1932
Facsimile: (202) 778-2201

**ATTORNEYS FOR PROPOSED INTERVENORS**

## CERTIFICATE OF CONFERENCE

    I hereby certify that, on August 4, 2023, I conferred with counsel for Plaintiffs and counsel Defendants, and they advised that they are unopposed to the foregoing motion.

                                                */s/James W. Bowen*
                                                James W. Bowen