# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| TEXAS BANKERS ASSOCIATION; RIO BANK, MCALLEN, TEXAS; AMERICAN BANKERS ASSOCIATION, <br><br> Plaintiffs, <br> v. <br><br> CONSUMER FINANCIAL PROTECTION BUREAU and ROHIT CHOPRA, in his official capacity as Director of the Consumer Financial Protection Bureau, <br><br> Defendants. | § § § § § § § § § § § § § § § | Case No: 7:23-cv-00144 |

## DECLARATION OF CHRISTOPHER L. WILLISTON, VI

1.      My name is Christopher L. Williston, VI.  I am over the age of eighteen (18) years, have never been convicted of a crime, and am otherwise competent to execute this Declaration.  I am employed by Independent Bankers Association of Texas ("IBAT") as President and Chief Executive Officer.  My job duties include oversight of all business activities of the association as well as its subsidiary companies.  Unless otherwise stated, I have gained personal knowledge of the facts stated in this Declaration in the course of performing my duties on behalf of IBAT.

2.      IBAT is an association representing Texas community banks.  IBAT is comprised of more than 300 members banks, with representation in more than 700 Texas communities, including the Southern District of Texas, ranging in size from $27 million to $51 billion. Further, IBAT is an affiliate member of Independent Community Bankers of America ("ICBA").

3.       In performing my job duties on behalf of IBAT, I have worked closely with IBAT staff and members to gain an understanding of the requirements of the Final Rule issued by the Consumer Financial Protection Bureau ("CFPB") set forth in the *Small Business Lending Under the Equal Credit Opportunity Act (Regulation B)*, 88 Fed. Reg. 35,150, (May 31, 2023) (the "Final Rule").  I also have worked closely with IBAT staff and members to gain an understanding of the costs that will be incurred by IBAT members to comply with the Final Rule.

4.       Many of IBAT's members are not members of American Bankers Association ("ABA") or Texas Bankers Association ("TBA").

5.       Texas First Bank ("Texas First") is one such member of IBAT.  I have reviewed the declaration Jessica Tsai (the "Tsai Declaration") submitted in support of Intervenors' Motion for Preliminary Injunction and Brief in Support, and I agree with the statements contained in that declaration.  I understand that Texas First will be required to comply with the Final Rule and has already begun incurring costs in preparation for complying with the Final Rule.

6.       To my knowledge, many of IBAT's other members, including many that are not members of ABA or TBA, made a sufficient number of qualifying small business loans in 2021 and 2022, respectively, and likely will make a sufficient number of those loans in 2023, such that they will be required to comply with the Final Rule.  In complying with the Final Rule, the costs being incurred and to be incurred by IBAT's other members will be similar to those of Texas First, as described in the Tsai Declaration.  I understand that many of IBAT's members, like Texas First, already have begun incurring costs in preparation for complying with the Final Rule.

7.       Indeed, many of IBAT's other members are also members of ICBA.  Accordingly, I have reviewed the declaration of Anne Balcer (the "Balcer Declaration")

submitted in support of Intervenors' Motion for Preliminary Injunction and Brief in Support, and I agree with the statements contained in that declaration. In complying with the Final Rule, the costs being incurred and to be incurred by IBAT's other members will be similar to those described in the Balcer Declaration.

8.    I also have reviewed the declarations and supplemental declarations filed previously in this case by Plaintiffs. Because IBAT's members primarily are small community banks with fewer employees, assets, and deposits compared to ABA's and TBA's member banks, the costs and burdens of complying with Final Rule generally will have a more significant impact on IBAT's members than on many of ABA's and TBA's members.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 15th day of August, 2023.

_____
Christopher L. Williston, VI