# Exhibit 4



August 10, 2023

The Honorable Rohit Chopra
Director, Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552

RE: *Texas Bankers Association, et al. vs. Consumer Financial Protection Bureau* – Request for Stay

Dear Director Chopra:

The Farm Credit Council ("Council"), on behalf of its membership, would like to draw your attention to significant issues raised by the recent Order of the U.S. District Court for the Southern District of Texas, which stayed implementation of the Final Rule on Small Business Lending Under the Equal Credit Opportunity Act ("Rule") at least until the U.S. Supreme Court renders a decision in *Community Financial Services Association of America, Ltd. v. CFPB*.[1]  The Council is the national trade association for the institutions of the Farm Credit System, a nationwide network of government-sponsored enterprises dedicated to serving the credit needs of farmers, ranchers and others in rural areas.

As you know, the Order's stay of the Rule applies only to plaintiffs in the Texas litigation, specifically the American Bankers Association ("ABA"), the Texas Bankers Association and their members.  For reasons more fully discussed below, the Council would like to join other non-bank trade associations in asking you to stay implementation of the Rule for all covered financial institutions — including the many Farm Credit lenders covered by the Rule — until after the Supreme Court renders its decision in *Community Financial Services Association*.[2]

Under the Order, if the Supreme Court rules in favor of the CFPB, banks that are members of the ABA — including some of the nation's largest banks — will have their compliance deadlines under the Rule "extend[ed] … to compensate [them] for the period stayed," i.e., the period from the date of the Order until the Supreme Court's decision.[3]  This would mean, for example, that "Tier 1" Farm Credit lenders would be required to implement the Rule in October of 2024, whereas Tier 1 ABA members would be allowed an additional six months or so before having to comply.  The same would be true for Tier 2 and Tier 3 Farm Credit lenders versus their ABA-member peers in Tiers 2 and 3.  Given the substantial costs of

---

[1] See Order Granting In-Part and Denying In-Part Plaintiffs' Motion for Preliminary Injunction, *Texas Bankers Ass'n, et al. v. CFPB*, No. 7:23-cv-00144 (S.D. Tex. July 31, 2023).
[2] Letter from the National Association of Federally-Insured Credit Unions and the Credit Union National Association to Rohit Chopra, CFPB Director (Aug. 7, 2023).
[3] Order at 17.

complying with the Rule, that regime would put Farm Credit lenders at an unjustified disadvantage versus the ABA banks with which they compete in the market for agricultural credit. It would also be confusing for agricultural borrowers, who would be asked for detailed demographic information by Farm Credit lenders but not by banks. Further, we question the utility of data collected by Farm Credit lenders during periods when no comparable data is being collected by their bank competitors.

Oral argument in *Community Financial Services Association* will occur less than two months from now, on October 3. With a decision expected a few months later, we believe that granting our request would also not unduly disrupt the CFPB's own plans for implementation.

Thank you for considering our request. If you have any questions, please do not hesitate to contact us.

Sincerely,

Robert Paul Boone, III
Senior Vice President of Regulatory Affairs & General Counsel
Farm Credit Council