IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| TEXAS BANKERS ASSOCIATION, *et al.*,<br><br>                         Bank Intervenors,<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*,<br><br>                         Defendants. | Case No. 7:23-cv-00144 |

**ANSWER TO COMPLAINT**

Defendants Consumer Financial Protection Bureau and Rohit Chopra, in his official capacity as Director of the Bureau, hereby answer the complaint of Intervenor-Bank Intervenors Texas First Bank ("Texas First"), Independent Community Bankers of America ("ICBA"), and Independent Bankers Association of Texas ("IBAT") (collectively, "Bank Intervenors"), filed on August 15, 2023 (ECF No. 39).

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

The Court lacks subject-matter jurisdiction.

**SECOND DEFENSE**

Venue is improper in this District and this Division.

**RESPONSES TO ALLEGATIONS AND NUMBERED PARAGRAPHS**

Defendants deny each allegation not specifically admitted.

Defendants further answer the numbered paragraphs of the complaint as follows:

1

1.      In response to the first sentence of this paragraph, Defendants admit that the Bureau issued the Small Business Lending Rule ("Rule") on March 30, 2023, and that the Rule was published in the Federal Register on May 31, 2023, *see* 88 Fed. Reg. 35150. The second sentence of this paragraph consists of Bank Intervenors' characterization of the Rule. Defendants respectfully refer the Court to the Rule itself for an accurate statement of its contents, and otherwise deny the allegations to the extent that they are inconsistent with the Rule.

2.      This paragraph consists of Bank Intervenors' characterization of Section 1071 of the Consumer Financial Protection Act of 2010 ("CFPA"). Defendants respectfully refer the Court to the statute itself for an accurate statement of its contents, *see* 15 U.S.C. § 1691c-2, and otherwise deny the allegations to the extent that they are inconsistent with the statute.

3.      In response to the allegations in this paragraph, Defendants aver that Section 1071 of the CFPA comprises approximately three pages in the Statutes at Large. *See* 124 Stat. 2056-59. Defendants further aver that the regulatory text of the Rule comprises approximately six pages in the Federal Register. *See* 88 Fed. Reg. at 35527-33. Defendants further aver that the preamble of the Rule, the regulatory text, official commentary, and related materials together comprise just over 421 pages in the Federal Register. *See* 88 Fed. Reg. 35150. Otherwise, denied.

Footnote 3, attached to this paragraph, consists of Bank Intervenors' characterization of a report by the Federal Reserve Board of Governors. Defendants respectfully refer the Court to the report itself for an accurate statement of its contents, and otherwise deny the allegations to the extent that they are inconsistent with the report.[1]

---

[1] https://www.federalreserve.gov/publications/2022-october-availability-of-credit-to-small-businesses.htm.

4. This paragraph consists primarily of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied. This paragraph also consists of Bank Intervenors' predictions of the likely effects of the Rule. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of the Rule's expected effects. *E.g.*, 88 Fed. Reg. at 35490-518. Defendants otherwise deny the allegations to the extent that they are inconsistent with the Rule's preamble.

5. This paragraph consists primarily of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied. This paragraph also characterizes this Court's ruling on a motion for preliminary relief in this case, *see* ECF No. 25, and the Fifth Circuit's decision in *Cmty. Fin. Servs. Ass'n of Am., Ltd. v. CFPB*, 51 F.4th 616 (5th Cir. 2022) ("*CFSA*"). Defendants respectfully refer the Court to those decisions for an accurate statement of their contents and otherwise deny the allegations to the extent that they are inconsistent with the decisions.

6. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph except to admit that some financial institutions covered by the Rule are taking steps to prepare to comply with the Rule and incurring costs.

8. The first sentence of this paragraph consists of Bank Intervenors' characterization the Court's injunction. Defendants respectfully refer the Court to the injunction, ECF No. 25 at 16-17, for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the order. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second and third sentences of this

paragraph. The fourth sentence of this paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied. The fifth sentence of this paragraph consists of Bank Intervenors' characterization of the relief they seek, to which no response is required. To the extent a response is deemed required, Defendants deny that Bank Intervenors are entitled to the relief they seek or to any other relief in this action.

## PARTIES

9. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph except to admit that Bank Intervenor ICBA is a trade association representing banks.

10. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph except to admit that Bank Intervenor IBAT is a trade association representing banks in Texas.

11. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph except to admit that Bank Intervenor Texas First is a bank. The penultimate sentence of this paragraph consists of legal conclusions to which no response is required.

12. Defendants admit the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph consist of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

13. Defendants admit the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph consist of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

## JURISDICTION AND VENUE

14. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

15. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

## FACTUAL ALLEGATIONS

16. This paragraph consists of Bank Intervenors' characterization of the CFPA. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

17. This paragraph continues Bank Intervenors' characterization of the CFPA. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

18. This paragraph consists primarily of Bank Intervenors' characterization of the Fifth Circuit's decision in *CFSA*. Defendants respectfully refer the Court to that decision for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the decision. This paragraph also consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

19. This paragraph continues Bank Intervenors' characterization of the Fifth Circuit's decision in *CFSA*. Defendants respectfully refer the Court to that decision for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the decision. This paragraph also consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

20. This paragraph consists of Bank Intervenors' characterization of the CFPA. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

21. Defendants admit that the Bureau issued a notice of proposed rulemaking ("Proposed Rule") to implement the requirements of Section 1071 of the CFPA on September 1, 2021. See 86 Fed. Reg. 56356 (Oct. 8, 2021). Defendants respectfully refer the Court to the Proposed Rule for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the Proposed Rule.

22. In response to the first sentence of this paragraph, Defendants admit that some commenters on the Proposed Rule discussed the breadth, impact, and costs of the Proposed Rule. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of those comments and the Bureau's responses, and otherwise deny the allegations to the extent that they are inconsistent with the Rule's preamble. The second sentence of this paragraph consists of Bank Intervenors' characterization of a comment on the Proposed Rule submitted by Bank Intervenor ICBA. Defendants respectfully refer the Court to that comment for an accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with that comment.[2]

23. This paragraph continues Bank Intervenors' characterization of the ICBA comment. Defendants respectfully refer the Court to that comment for an accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with that comment.

---

[2] https://www.regulations.gov/comment/CFPB-2021-0015-1525.

24. This paragraph consists of Bank Intervenors' characterization of a comment on the Proposed Rule submitted by the Community Development Bankers Association. Defendants respectfully refer the Court to that comment for an accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with that comment.[3]

25. This paragraph consists of Bank Intervenors' characterization of comments on the Proposed Rule submitted by the American Financial Services Association and U.S. Small Business Administration's Office of Advocacy. Defendants respectfully refer the Court to those comments for an accurate statement of their contents and otherwise deny the allegations to the extent that they are inconsistent with those comments.[4]

26. This paragraph consists of Bank Intervenors' characterization of a comment on the Proposed Rule submitted by the Conference of State Bank Supervisors (CSBS). Defendants respectfully refer the Court to that comment for an accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with that comment.[5]

27. The first sentence of this paragraph consists of legal conclusions to which no response is required. That sentence also appears to contain Bank Intervenors' characterization of Executive Orders 12291 and 12866. Defendants respectfully refer the Court to those orders for an accurate statement of their contents and otherwise deny the allegations to the extent that they are inconsistent with the orders. The second and third sentences of this paragraph also consist of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

---

[3] https://www.regulations.gov/comment/CFPB-2021-0015-1451.
[4] https://www.regulations.gov/comment/CFPB-2021-0015-1462 and https://www.regulations.gov/comment/CFPB-2021-0015-1497.
[5] https://www.regulations.gov/comment/CFPB-2021-0015-1435.

28.     This paragraph concerns a version of a report issued by the Bureau explaining the Bureau's methodology for estimating how many banks will be required to report data under the Proposed Rule and for producing market-level estimates of the costs associated with implementing the Proposed Rule. Defendants respectfully refer the Court to that report for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with that report.[6]

29.     The first two sentences of this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

The third sentence of this paragraph consists of Bank Intervenors' characterization of the discussion in the Rule's preamble of the Bureau's one-time cost survey. Defendants respectfully refer the Court to the Rule's preamble for an accurate statement of its contents, *e.g.*, 88 Fed. Reg. at 35497-500, and otherwise deny the allegation to the extent that it is inconsistent with the Rule's preamble.

The fourth sentence of this paragraph continues Bank Intervenors' characterization of the discussion in the Rule's preamble of the expected costs of the Rule. Defendants respectfully refer the Court to the Rule's preamble for an accurate statement of its contents, *e.g.*, 88 Fed. Reg. at 35497-500, and otherwise deny the allegation to the extent that it is inconsistent with the Rule's preamble. Defendants further deny that the language quoted in the first half of this sentence appears on the cited page of the Federal Register and aver that it appears instead on 88 Fed. Reg. 35517. Defendants further deny that the language quoted in the second half of this sentence appears on the cited page of the Federal Register or anywhere else in the Rule's preamble.

---

[6] https://files.consumerfinance.gov/f/documents/cfpb_section-1071-nprm-supplemental-estimation-methodologies_report_2021-09.pdf.

The fifth and final sentence of this paragraph appears to continue Bank Intervenors' characterization of the discussion in the Rule's preamble of the expected costs of the Rule. Defendants respectfully refer the Court to the Rule's preamble for an accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with the Rule's preamble.

30.     This paragraph consists of Bank Intervenors' characterization of a *Bankers Digest* article about the Proposed Rule. Defendants respectfully refer the Court to the article itself for an accurate statement of its contents, and otherwise deny the allegations to the extent that they are inconsistent with that article.[7]

31.     In response to the first sentence of this paragraph, Defendants incorporate by reference their response to Paragraph 3 as if set forth fully herein. In response to the second sentence of this paragraph, Defendants admit that on the same day the Bureau issued the Rule, it published a chart entitled "Small Business Lending Rule: Data Points Chart." Defendants respectfully refer the Court to the chart itself for an accurate statement of its contents, and otherwise deny the allegations in the paragraph to the extent that they are inconsistent with that chart.[8]

32.     The first sentence of this paragraph appears to consist of Bank Intervenors' characterization of a passage in the Proposed Rule. *See* 86 Fed. Reg. at 56563. Defendants respectfully refer the Court to the Proposed Rule for an accurate statement of its contents and deny the allegation to the extent that it is inconsistent with the Proposed Rule. The remainder of

---

[7] https://www.bankersdigest.com/a-comment-on-implementing-section-1071-of-the-dodd-frankact/.
[8] https://files.consumerfinance.gov./f/documents/cfpb_small-business-lending-data-points-chart.pdf.

the paragraph consists of Bank Intervenors' characterization of the Rule's preamble, including the discussion at 88 Fed. Reg. at 35521. Defendants respectfully refer the Court to that discussion for an accurate statement of its contents, and otherwise deny the allegation to the extent that it is inconsistent with that discussion.

33. This paragraph consists of Bank Intervenors' characterization of passages in the Rule. *See* 88 Fed. Reg. at 35517, 35526. Defendants respectfully refer the Court to the Rule for an accurate statement of its contents, and otherwise deny the allegation to the extent that it is inconsistent with the Rule.

34. Defendants admit the allegation in the first sentence of this paragraph. Defendants lack knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph and further aver that the Rule's effective date of August 29, 2023, does not determine when Bank Intervenors must comply with the Rule.

35. Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph. The remainder of this paragraph consists of Bank Intervenors' predictions of the likely effects of the Rule. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of the Rule's expected effects. *E.g.*, 88 Fed. Reg. at 35490-518. Defendants otherwise deny the allegations to the extent that they are inconsistent with the Rule's preamble.

36. Defendants deny the allegation in the first sentence of this paragraph. In response to the allegation in the second sentence, Defendants admit that the Bureau discovered an unauthorized transfer by a now-former Bureau employee of records containing confidential information and personally identifiable information to a personal email account. In response to the remainder of the paragraph: denied.

## COUNT I

37. Defendants incorporate by reference their responses to each of the preceding paragraphs as if set forth fully herein.

38. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

39. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

40. The first sentence of this paragraph consists of Bank Intervenors' characterization of the Administrative Procedure Act. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute. The second sentence of this paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

## COUNT II

41. Defendants incorporate by reference their responses to each of the preceding paragraphs as if set forth fully herein.

42. The first sentence of this paragraph consists of Bank Intervenors' characterization of the Administrative Procedure Act. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute. The second sentence of this paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

43. The first sentence of this paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied. In response to the rest of this paragraph: denied.

44.     This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

## COUNT III

45.     Defendants incorporate by reference their responses to each of the preceding paragraphs as if set forth fully herein.

46.     The first and second sentences of this paragraph consists of Bank Intervenors' characterization of the Administrative Procedure Act. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute. In response to the third sentence of this paragraph, Defendants admit that some commenters on the Proposed Rule discussed the expected costs and effects of the Proposed Rule. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of those comments and the Bureau's responses. Otherwise denied. The fourth sentence of this paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

47.     This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

## COUNT IV

48.     Defendants incorporate by reference their responses to each of the preceding paragraphs as if set forth fully herein.

49.     This paragraph consists of legal conclusions to which no response is required. The paragraph also appears to contain Bank Intervenors' characterization of Section 1022 of the CFPA. Defendants respectfully refer the Court to that statute for an accurate statement of its

contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

50. The first sentence of this paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied. The remainder of this paragraph contains Bank Intervenors' characterization of the Final Rule. Defendants respectfully refer the Court to the preamble for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the Rule.

51. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

52. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, admitted.

53. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, admitted.

## PRAYER FOR RELIEF

This section sets forth Bank Intervenors' requested relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Bank Intervenors are entitled to the relief they seek or to any other relief in this action.

Dated: October 16, 2023                          Respectfully submitted,

Seth Frotman
   *General Counsel*
Steven Y. Bressler
   *Deputy General Counsel*
Christopher Deal
   *Assistant General Counsel*

/s/ Kevin E. Friedl
Kevin E. Friedl (NY #5240080)
  Attorney-in-Charge
Karen S. Bloom (NY #4438917) (pro hac vice application pending)
  *Senior Counsel*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
(202) 435-9268
kevin.friedl@cfpb.gov