IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

TEXAS BANKERS ASSOCIATION, *et al.*,

        Plaintiffs,

   v.

CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*,

        Defendants.

Case No. 7:23-cv-00144

## ANSWER TO COMPLAINT

Defendants Consumer Financial Protection Bureau and Rohit Chopra, in his official capacity as Director of the Bureau, hereby answer the complaint of Intervenor-Plaintiffs Credit Union National Association (CUNA), Cornerstone Credit Union League (Cornerstone), and Rally Credit Union (Rally) (collectively, Credit Union Intervenors), filed on August 15, 2023 (ECF No. 41).

### AFFIMATIVE DEFENSES

### FIRST DEFENSE

The Court lacks subject-matter jurisdiction.

### SECOND DEFENSE

Venue is improper in this District and this Division.

### RESPONSES TO ALLEGATIONS AND NUMBERED PARAGRAPHS

Defendants deny each allegation not specifically admitted.

Defendants further answer the numbered paragraphs of the complaint as follows:

1

1. This paragraph consists of Credit Union Intervenors' description of the importance of the small business lending market. Defendants respectfully refer the Court to the preamble of the Bureau's Small Business Lending Rule ("Rule") for an accurate description of this market. 88 Fed. Reg. 35150, 35153-66 (May 31, 2023). Defendants otherwise deny the allegations to the extent that they are inconsistent with the Rule's preamble.

2. This paragraph consists of Credit Union Intervenors' description of credit unions' relationship to the small business lending market. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of this market. 88 Fed. Reg. 35150, 35159-61. Defendants otherwise deny the allegations to the extent that they are inconsistent with the Rule's preamble.

3. Defendants admit that the Bureau issued the Rule on March 30, 2023, and that the Rule was published in the Federal Register on May 31, 2023, *see* 88 Fed. Reg. 35150.

4. This paragraph consists of Credit Union Intervenors' characterization of the Rule. Defendants respectfully refer the Court to the Rule itself for an accurate statement of its contents, and otherwise deny the allegations to the extent that they are inconsistent with the Rule.

5. In response to the allegations in this paragraph, Defendants aver that Section 1071 of the Consumer Financial Protection Act of 2010 ("CFPA") comprises approximately three pages in the Statutes at Large. *See* 124 Stat. 2056-59. Defendants further aver that the regulatory text of the Rule comprises approximately six pages in the Federal Register. *See* 88 Fed. Reg. at 35527-33. Defendants further aver that the preamble of the Rule, the regulatory text, official commentary, and related materials together comprise just over 421 pages in the Federal Register. *See* 88 Fed. Reg. 35150. Otherwise, denied.

6. Defendants admit that on the same day the Bureau issued the Rule, it published a chart entitled "Small Business Lending Rule: Data Points Chart." Defendants respectfully refer the Court to the chart itself for an accurate statement of its contents, and otherwise deny the allegations in this paragraph to the extent that they are inconsistent with that chart.[1]

7. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied. This paragraph also consists of Credit Union Intervenors' predictions of the likely effects of the Rule. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of the Rule's expected effects. *E.g.*, 88 Fed. Reg. at 35490-518. Defendants otherwise deny the allegations to the extent that they are inconsistent with the Rule's preamble.

8. This paragraph consists primarily of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied. This paragraph also characterizes this Court's ruling on a motion for preliminary relief in this case, *see* ECF No. 25, and the Fifth Circuit's decision in *Cmty. Fin. Servs. Ass'n of Am., Ltd. v. CFPB*, 51 F.4th 616 (5th Cir. 2022) ("*CFSA*"). Defendants respectfully refer the Court to these decisions for an accurate statement of their contents and otherwise deny the allegations to the extent that they are inconsistent with the decisions.

9. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

---

[1] https://files.consumerfinance.gov/f/documents/cfpb_small-business-lending-data-points-chart.pdf.

10. Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph except to admit that some financial institutions covered by the Rule are taking steps to prepare to comply with the Rule and incurring attendant costs.

11. This paragraph consists primarily of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied. This paragraph also characterizes an injunction issued by this Court. Defendants respectfully refer the Court to that injunction for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the injunction. Defendants lack knowledge or information sufficient to admit or deny the allegations in the second and third sentences of this paragraph.

12. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied. This paragraph also contains Credit Union Intervenors' characterization of this action and Credit Union Intervenors' requested relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Credit Union Intervenors are entitled to the relief they seek or to any other relief in this action.

**PARTIES**

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph except to admit that Credit Union Intervenor Credit Union National Association (CUNA) is a trade association of credit unions.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph except to admit that Credit Union Intervenor Cornerstone is a tax-exempt organization and credit union trade association.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first three sentences of this paragraph, and the last sentence of this

paragraph, except to admit that Credit Union Intervenor Rally is a credit union headquartered in Corpus Crispi. The penultimate sentence of this paragraph consists of legal conclusions to which no response is required.

16. Defendants admit that the CFPB is an agency of the United States. This paragraph also consists of Credit Union Intervenors' characterization of a provision of the CFPA. Defendants respectfully refer the Court to that provision for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the provision.

17. Admitted.

## JURISDICTION AND VENUE

18. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

19. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

## GENERAL ALLEGATIONS

20. This paragraph consists of Credit Union Intervenors' characterization of the CFPA. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

21. This paragraph continues Credit Union Intervenors' characterization of the CFPA. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute. The second and last sentence of this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

22. This paragraph consists of Credit Union Intervenors' characterization of the Supreme Court's decision in *Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020). Defendants respectfully refer the Court to that decision for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the decision.

23. This paragraph primarily consists of Credit Union Intervenors' characterization of the Fifth Circuit's decision in *Cmty. Fin. Servs. Ass'n of Am., Ltd. V. CFPB*, 51 F.4th 616 (5th Cir. 2022) ("*CFSA*"). Defendants respectfully refer the court to that decision for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the decision. The final sentence of this paragraph contains Credit Union Intervenors' prediction about what the Supreme Court will do in the next year. Defendants lack knowledge or information sufficient to form a belief about the truth of that prediction except to admit that the Court is expected to issue a decision in *CFSA* by June 2024.

24. Defendants admit that the Bureau issued a notice of proposed rulemaking ("Proposed Rule") to implement the requirements of Section 1071 of the CFPA on September 1, 2021. *See* 86 Fed. Reg. 56356. Defendants respectfully refer the Court to the Proposed Rule for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the Proposed Rule.

25. This paragraph consists of Credit Union Intervenors' characterization of the CFPA and the Proposed Rule. Defendants respectfully refer the Court to that statute and the Proposed Rule for an accurate statement of their contents and otherwise deny the allegations to the extent that they are inconsistent with the statute and Proposed Rule.

26. This paragraph continues Credit Union Intervenors' characterization of the Proposed Rule. Defendants respectfully refer the Court to the Proposed Rule for an accurate

statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the Proposed Rule.

27. Defendants admit that some commenters on the Proposed Rule discussed the scope of the proposed Rule, and its expected impact on the small business lending market. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of those comments and the Bureau's responses, and otherwise deny the allegations to the extent that they are inconsistent with the Rule's preamble.

28. This paragraph consists of Credit Union Intervenors' characterization of a comment on the Proposed Rule submitted by CUNA. Defendants respectfully refer the Court to the comment itself for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with that comment.[2]

29. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

30. This paragraph consists of Credit Union Intervenors' characterization of a version of a report issued by the Bureau explaining the Bureau's methodology for estimating how many banks will be required to report data under the Proposed Rule and for producing market-level estimates of the costs associated with implementing the Proposed Rule. Defendants respectfully refer the Court to the report itself for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the report.[3]

31. This paragraph continues Credit Union Intervenors' characterization of a version of a report issued by the Bureau explaining the Bureau's methodology for estimating how many

---

[2] https://www.regulations.gov/comment/CFPB-2021-0015-1514.
[3] https://files.consumerfinance.gov/f/documents/cfpb_section-1071-nprm-supplemental-estimation-methodologies_report_2021-09.pdf.

banks will be required to report data under the Proposed Rule and for producing market-level estimates of the costs associated with implementing the Proposed Rule. Defendants respectfully refer the Court to that report for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the report.[4]

32. The first clause of this paragraph alleges that Credit Union Intervenors found the report "incomprehensibl[e]." Defendants lack knowledge or information sufficient to form a belief about this allegation as to Credit Union Intervenors' understanding, and otherwise deny. This paragraph also consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

33. This paragraph consists of Credit Union Intervenors' characterization of the discussion in the Rule's preamble of the Bureau's one-time cost survey. Defendants respectfully refer the Court to the Rule's preamble for an accurate statement of its contents, *e.g.*, 88 Fed. Reg. at 35497-500, and otherwise deny the allegation to the extent that it is inconsistent with the Rule's preamble.

34. This paragraph continues Credit Union Intervenors' characterization of the discussion in the Rule's preamble of the expected costs of the Rule. Defendants respectfully refer the Court to the Rule's preamble for an accurate statement of its contents, *e.g.*, 88 Fed. Reg. at 35497-500, and otherwise deny the allegation to the extent that it is inconsistent with the Rule's preamble. Defendants further deny that the language quoted in the first half of this paragraph appears on the cited page of the Federal Register and aver that it appears instead on 88 Fed. Reg.

---

[4] https://files.consumerfinance.gov/f/documents/cfpb_section-1071-nprm-supplemental-estimation-methodologies_report_2021-09.pdf.

35517. Defendants further deny that the language quoted in the second half of this paragraph appears on the cited page of the Federal Register or anywhere else in the Rule's preamble.

35. This paragraph appears to continue Credit Union Intervenors' characterization of the discussion in the Rule's preamble of the expected costs of the Rule. Defendants respectfully refer the Court to the Rule's preamble for an accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with the Rule's preamble.

36. Defendants admit that the Bureau issued the Final Rule on March 30, 2023 and that the Rule's effective date was August 29, 2023.

37. Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph, and further aver that the Rule's effective date of August 29, 2023, does not determine when Credit Union Intervenors must comply with the Rule.

38. Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph.

39. This paragraph consists of Credit Union Intervenors' predictions of the likely effects of the Rule. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of the Rule's expected effects. *E.g.*, 88 Fed. Reg. at 35490-518. Defendants otherwise deny the allegations to the extent that they are inconsistent with the Rule's preamble.

**FIRST CLAIM FOR RELIEF**

40. Defendants incorporate by reference their response to each of the preceding paragraphs as if set forth fully herein.

41. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied, including because the allegation is vague as to what "procedure" Credit Union Intervenors are characterizing.

42. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

43. The first sentence of this paragraph consists of Credit Union Intervenors' characterization of the Administrative Procedure Act. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute. This paragraph also consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

## SECOND CLAIM FOR RELIEF

44. Defendants incorporate by reference their response to each of the preceding paragraphs as if set forth fully herein.

45. This paragraph consists of Credit Union Intervenors' characterization of the Administrative Procedure Act. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

46. The first sentence of this paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied. The second sentence of this paragraph consists of Credit Union Intervenors' characterization of the likely effects of the Rule. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of the Rule's expected effects. *E.g.*, 88 Fed. Reg. at 35490-518. Defendants otherwise deny the allegations to the extent that they are inconsistent with the Rule's preamble.

## THIRD CLAIM FOR RELIEF

47. Defendants incorporate by reference their response to each of the preceding paragraphs as if set forth fully herein.

48. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied. To the extent this paragraph consists of Credit Union Intervenors' characterization of the Administrative Procedure Act, Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

49. Defendants admit that some commenters on the Proposed Rule discussed the expected costs and effects of the Proposed Rule. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of those comments and the Bureau's responses. Otherwise denied.

50. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

51. This paragraph consists of Credit Union Intervenors' characterization of the Administrative Procedure Act. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

52. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

## FOURTH CLAIM FOR RELIEF

53. Defendants incorporate by reference their response to each of the preceding paragraphs as if set forth fully herein.

54. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

55. This paragraph appears to contain Credit Union Intervenors' characterization of a provision of the CFPA. Defendants respectfully refer the Court to that provision for an accurate

statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with that statute.

56. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

57. This paragraph contains Credit Union Intervenors' characterization of the Final Rule. Defendants respectfully refer the Court to the Rule for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the Rule.

58. This paragraph continues Credit Union Intervenors' characterization of the Rule. Defendants respectfully refer the Court to the Rule for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the Rule.

59. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

60. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

**PRAYER FOR RELIEF**

This action sets forth Credit Union Intervenors' requested relief, to which no response is required. To the extent a response is required, Defendants deny that Credit Union Intervenors are entitled to the relief they seek or to any other relief in this action.

Dated:  October 16, 2023                                          Respectfully submitted,

Seth Frotman
   *General Counsel*
Steven Y. Bressler
   *Deputy General Counsel*
Christopher Deal
   *Assistant General Counsel*

*/s/ Kevin E. Friedl*
Kevin E. Friedl (NY #5240080)
   Attorney-in-Charge
Karen S. Bloom (NY #4438917) (pro hac vice application pending)
   *Senior Counsel*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
(202) 435-9268
kevin.friedl@cfpb.gov