# Exhibit H

Case 7:23-cv-00144   Document 68-8   Filed on 10/24/23 in TXSD   Page 1 of 3



1700 G Street NW, Washington, D.C. 20552

August 24, 2023

Robert Paul Boone, III

Senior Vice President of Regulatory Affairs & General Counsel

Farm Credit Council

Dear Mr. Boone:

Thank you for your letter.

To prevent discrimination on prohibited bases and to gain greater insight on small business lending in America, Congress in section 1071 of the Consumer Financial Protection Act required financial institutions to collect and publish data on small business credit applications. Additionally, Congress in section 1071 required the CFPB to "prescribe such rules and issue such guidance as may be necessary to carry out, enforce, and compile data pursuant to this section."

Congress enacted this provision in 2010, but the CFPB did not promulgate rules in a timely manner. In 2019, the CFPB was sued for failing to implement this Congressional directive. A federal court ordered the CFPB to issue such rules by March 2023. The CFPB did so.

As you note, a group of financial industry trade associations and individual financial institutions recently sued the CFPB about these rules. Among the allegations are that the CFPB's funding mechanism is unconstitutional, based on a decision of the U.S. Court of Appeals for the Fifth Circuit. The CFPB and the Solicitor General of the United States disagree with this allegation, and the Supreme Court has granted review of that decision and has scheduled oral argument for this fall.

**consumerfinance.gov**

In light of the pending matter before the Supreme Court, the district court stayed the compliance date of the rules that the CFPB issued under section 1071 with respect to the parties that brought the lawsuit. The court's decision was based entirely on the Fifth Circuit decision regarding the CFPB's funding that is only binding in that Circuit. In issuing the order, the court rejected the plaintiffs' request to delay the compliance date of the rules with respect to parties not before the court in the litigation. Additional parties have now intervened in the case.

The CFPB continues to provide assistance to financial institutions that are planning for implementation, and we welcome your involvement. For instance, some have expressed concern that one result of the financial industry association's lawsuit will be reduced demand from large institutions for third-party services to comply with the rules, and hence reduced supply of such services for smaller institutions. We would be eager to work with you on the availability of third-party services. In fact, in issuing the rule, the CFPB specifically made clear that the rules permit financial institutions to use service providers to submit data, and institutions may cooperate, including through trade associations, on efficient means for submission. The CFPB continues to be interested in engaging with you as well as all other relevant stakeholders about these rules mandated by Congress.

Thank you, again, for your letter. We appreciate your perspective and input on these issues.


Sincerely,


Seth Frotman

General Counsel

Consumer Financial Protection Bureau