IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

TEXAS BANKERS ASSOCIATION, *et al.*,

                            Plaintiffs,

        v.

CONSUMER FINANCIAL PROTECTION
BUREAU, *et al.*,

                            Defendants.

Case No. 7:23-cv-00144

## ANSWER TO COMPLAINT

Defendants Consumer Financial Protection Bureau and Rohit Chopra, in his official capacity as Director of the Bureau, hereby answer the complaint of Intervenor-Plaintiffs XL FUNDING, LLC d/b/a Axle Funding, LLC ("Axle") and the Equipment Leasing and Finance Association ("ELFA") (collectively, ELFA Intervenors), filed on August 29, 2023 (ECF No. 51).

## AFFIMATIVE DEFENSES

### FIRST DEFENSE

The Court lacks subject-matter jurisdiction.

### SECOND DEFENSE

Venue is improper in this District and this Division.

### RESPONSES TO ALLEGATIONS AND NUMBERED PARAGRAPHS

Defendants deny each allegation not specifically admitted.

Defendants further answer the numbered paragraphs of the complaint as follows:

1.      In response to the first sentence of this paragraph, Defendants admit that the Bureau issued the Small Business Lending Rule ("Rule") on March 30, 2023, and that the Rule was published in the Federal Register on May 31, 2023, *see* 88 Fed. Reg. 35150. The second

sentence of this paragraph consists of ELFA Intervenors' characterization of the Rule. Defendants respectfully refer the Court to the Rule itself for an accurate statement of its contents, and otherwise deny the allegations to the extent that they are inconsistent with the Rule.

2.       This paragraph consists of ELFA Intervenors' characterization of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, as amended by Section 1071 of the Consumer Financial Protection Act of 2010 ("CFPA"). Defendants respectfully refer the Court to that statute itself for an accurate statement of its contents, and otherwise deny the allegations to the extent that they are inconsistent with the statute.

3.       In response to the allegations in the first clause of this paragraph, Defendants aver that Section 1071 comprises approximately three pages in the Statutes at Large. *See* 124 Stat. 2056-59. Defendants further aver that the regulatory text of the Rule comprises approximately six pages in the Federal Register, *see* 88 Fed. Reg. at 35527-33, and that the preamble of the Rule, the regulatory text, official commentary, and related materials together comprise just over 421 pages in the Federal Register. *See* Fed. Reg. 35150. Otherwise, denied. The remainder of the paragraph consists of ELFA Intervenors' characterization of the Final Rule. Defendants respectfully refer the Court to the Rule itself for an accurate statement of its contents, and otherwise deny the allegations to the extent that they are inconsistent with the Rule. Defendants further aver that ELFA Intervenors' allegations are not discussed on the cited pages of the Federal Register. To the extent ELFA Intervenors are characterizing a data points chart, Defendants admit that on the same day the Bureau issued the Rule, it published a chart entitled "Small Business Lending Rule: Data Points Chart."[1] Defendants respectfully refer the Court to

_____

[1] https://files.consumerfinance.gov/f/documents/cfpb_small-business-lending-data-points-chart.pdf.

the chart itself for an accurate statement of its contents, and otherwise deny the allegations in this paragraph to the extent that they are inconsistent with that chart.

4.      This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied. This paragraph also consists of ELFA Intervenors' predictions of the likely effects of the Rule. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of the Rule's expected effects. *E.g.*, 88 Fed. Reg. at 35490-518. Defendants otherwise deny the allegations to the extent that they are inconsistent with the Rule's preamble.

5.      This paragraph consists primarily of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied. This paragraph also characterizes this Court's ruling on a motion for preliminary relief in this case, *see* ECF No. 25, and the Fifth Circuit's decision in *Cmty. Fin. Servs. Ass'n of Am., Ltd. v. CFPB*, 51 F.4th 616 (5th Cir. 2022) ("*CFSA*"). Defendants respectfully refer the Court to these decisions for an accurate statement of their contents and otherwise deny the allegations to the extent that they are inconsistent with the decisions. Defendants also aver that on October 26, 2023, the Court granted similar preliminary relief to all financial institutions covered by the Rule. *See* ECF No. 69. The final sentence of this paragraph characterizes ELFA Intervenors' reason for intervening in this case. Defendants lack knowledge or information sufficient to admit or deny the allegations in this sentence, but aver that the court has now granted similar relief to all financial institutions covered by the Rule. *Id*.

6.      Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph except to admit that some financial institutions covered by the Rule are taking steps to prepare to comply with the Rule and incurring attendant costs. This paragraph

also consists of ELFA Intervenors' predictions of the likely effects of the Rule. Defendants respectfully refer the Court to the Rule and to its preamble for an accurate description of the Rule's expected effects. *E.g.*, 88 Fed. Reg. at 35490-518. Defendants otherwise deny the allegations to the extent that they are inconsistent with the Rule.

7.      This paragraph consists primarily of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied. This paragraph also characterizes an injunction issued by this Court. Defendants respectfully refer the Court to that injunction for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the injunction. Defendants also aver that on October 26, 2023, the Court granted similar preliminary relief to all financial institutions covered by the Rule. *See* ECF No. 69. Defendants lack knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph, other than to aver that the court has now granted similar relief to all financial institutions covered by the Rule. *Id*. The final sentence of this paragraph consists of ELFA Intervenors' characterization of this action and their requested relief, to which no response is required. To the extent a response is deemed required, Defendants deny that ELFA Intervenors are entitled to the relief they seek or to any other relief in this action.

**PARTIES**[2]

8.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph except to admit that ELFA Intervenor ELFA is a trade association.

---

[2] This footnote consists of ELFA Intervenors' characterization of this action, to which no response is required. To the extent this footnote characterizes prior pleadings in this action, Defendants respectfully refer the Court to those pleadings for an accurate statement of their contents, and otherwise deny the allegations to the extent they are inconsistent with the pleadings. The final sentence of the footnote consists of legal conclusions to which no response is required.

9.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10.     In response to the first sentence of this paragraph, Defendants admit that the CFPB is an agency of the United States. This sentence also consists of ELFA Intervenors' characterization of a provision of the CFPA. Defendants respectfully refer the Court to that provision for an accurate statement of its contents and otherwise deny the allegations to the extent they are inconsistent with the provision. The allegations in the second sentence of this paragraph consist of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

11.     Defendants admit the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph consist of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

## JURISDICTION AND VENUE

12.     This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

13.     The first, second, fourth, sixth and final sentences of this paragraph consist of legal conclusions to which no response is required. To the extent a response is deemed required, denied. Defendants also aver that the court has now granted similar relief to all financial institutions covered by the Rule. *See* ECF No. 69. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

14.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, other than to aver that the court has now granted similar relief to all financial institutions covered by the Rule. *Id.*  This paragraph also consists of legal

conclusions to which no response is required. To the extent a response is deemed required, denied.

## FACTUAL BACKGROUND

15.     This paragraph consists of ELFA Intervenors' characterization of the CFPA. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

16.     This paragraph continues ELFA Intervenors' characterization of the CFPA. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

17.     This paragraph continues ELFA Intervenors' characterization of the CFPA. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

18.     This paragraph continues ELFA Intervenors' characterization of the CFPA. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

19.     This paragraph consists primarily of ELFA Intervenors' characterization of the Fifth Circuit's decision in *CFSA*. Defendants respectfully refer the Court to that decision for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the decision. This paragraph also consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

20.     This paragraph continues ELFA Intervenors' characterization of the Fifth Circuit's decision in *CFSA*. Defendants respectfully refer the Court to that decision for an accurate statement of its contents and otherwise deny the allegations to the extent that they are

inconsistent with the decision. This paragraph also consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

21.     This paragraph continues ELFA Intervenors' characterization of the Fifth Circuit's decision in *CFSA*. Defendants respectfully refer the Court to that decision for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the decision. This paragraph also consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

22.     This paragraph and the attached footnote 5 consist of ELFA Intervenors' characterization of the CFPA. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute. Footnote 5 also consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied. Moreover, Defendants aver that the language quoted in footnote 5 does not appear in the cited provision, 12 U.S.C. § 1071, which does not exist.

23.     Defendants admit that the Bureau issued a notice of proposed rulemaking ("Proposed Rule") to implement the requirements of Section 1071 of the CFPA on September 1, 2021. See 86 Fed. Reg. 56356 (Oct. 8, 2021). Defendants respectfully refer the Court to the Proposed Rule for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the Proposed Rule.

24.     This paragraph continues ELFA Intervenors' characterization of the Proposed Rule. Defendants respectfully refer the Court to the Proposed Rule for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the Proposed Rule.

25.     In response to this paragraph, Defendants admit that some commenters on the Proposed Rule discussed the breadth, impact, and costs of the Proposed Rule. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of those comments and the Bureau's responses, and otherwise deny the allegations to the extent that they are inconsistent with the Rule's preamble.

26.     This paragraph consists of ELFA Intervenors' characterization of a comment on the Proposed Rule submitted by the American Financial Services Association ("AFSA"). Defendants respectfully refer the Court to that comment for an accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with that comment.[3] To the extent this paragraph also makes predictions about effects of the Rule, Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of the Rule's expected effects. *E.g.*, 88 Fed. Reg. at 35490-518. Defendants otherwise deny the allegations to the extent that they are inconsistent with the Rule's preamble.

27.     This paragraph continues ELFA Intervenors' characterization of a comment on the Proposed Rule submitted by AFSA, and further consists of ELFA Intervenors' characterization of a comment submitted by the U.S. Small Business Administration's Office of Advocacy. Defendants respectfully refer the Court to those comments for an accurate statement of their contents and otherwise deny the allegations to the extent that they are inconsistent with those comments.[4]

28.     This paragraph consists of ELFA Intervenors' characterization of a comment on the Proposed Rule submitted by ELFA. Defendants respectfully refer the Court to that comment

---

[3] https://www.regulations.gov/comment/CFPB-2021-0015-1462.
[4] https://www.regulations.gov/comment/CFPB-2021-0015-1462 and https://www.regulations.gov/comment/CFPB-2021-0015-1497.

for an accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with that comment.[5]

29.    This paragraph consists of ELFA Intervenors' characterization of a comment on the Proposed Rule submitted by the Independent Community Bankers of America ("ICBA"). Defendants respectfully refer the Court to that comment for an accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with that comment.[6]

30.    This paragraph consists of ELFA Intervenors' characterization of a comment on the Proposed Rule submitted by the Community Development Bankers Association ("CDBA"). Defendants respectfully refer the Court to that comment for an accurate statement of its contents and otherwise deny the allegation to the extent that it is inconsistent with that comment.[7]

31.    The first sentence of this paragraph consists of legal conclusions to which no response is required. That sentence also appears to contain Bank Intervenors' characterization of Executive Orders 12291 and 12866. Defendants respectfully refer the Court to those orders for an accurate statement of their contents and otherwise deny the allegations to the extent that they are inconsistent with the orders. The second sentence of this paragraph also consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied, including because the allegations are vague and Defendants lack knowledge or information sufficient to know whether ELFA Intervenors could comprehend the referenced results.

32.    This paragraph concerns a version of a report issued by the Bureau explaining the Bureau's methodology for estimating how many banks will be required to report data under the

---

[5] https://www.regulations.gov/comment/CFPB-2021-0015-1228.
[6] https://www.regulations.gov/comment/CFPB-2021-0015-1525.
[7] https://www.regulations.gov/comment/CFPB-2021-0015-1451.

Proposed Rule and for producing market-level estimates of the costs associated with implementing the Proposed Rule. Defendants respectfully refer the Court to that report for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with that report.[8]

33.     This paragraph continues ELFA Intervenors' characterization of a version of a report issued by the Bureau explaining the Bureau's methodology for estimating how many banks will be required to report data under the Proposed Rule and for producing market-level estimates of the costs associated with implementing the Proposed Rule. Defendants respectfully refer the Court to that report for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with that report, including because the allegations are vague and Defendants lack knowledge or information sufficient to know whether ELFA Intervenors could comprehend the referenced methodology.[9]

34.     The first sentence of this paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied. The second sentence of this paragraph consists of ELFA Intervenors' characterization of the discussion in the Rule's preamble of the Bureau's one-time cost survey. Defendants respectfully refer the Court to the Rule's preamble for an accurate statement of its contents, *e.g.*, 88 Fed. Reg. at 35497-500, and otherwise deny the allegation to the extent that it is inconsistent with the Rule's preamble.

The third and final sentences of this paragraph continue ELFA Intervenors' characterization of the discussion in the Rule's preamble of the expected costs of the Rule.

---

[8] https://files.consumerfinance.gov/f/documents/cfpb_section-1071-nprm-supplemental-estimation-methodologies_report_2021-09.pdf.
[9] https://files.consumerfinance.gov/f/documents/cfpb_section-1071-nprm-supplemental-estimation-methodologies_report_2021-09.pdf.

Defendants respectfully refer the Court to the Rule's preamble for an accurate statement of its contents, and otherwise deny the allegations to the extent that they are inconsistent with the Rule's preamble.

35.    The first sentence of this paragraph consists of ELFA Intervenors' characterization of a *Bankers Digest* article about the Proposed Rule. Defendants respectfully refer the Court to the article itself for an accurate statement of its contents, and otherwise deny the allegations to the extent that they are inconsistent with that article.[10] The second sentence of this paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

36.    In response to the first sentence of this paragraph, Defendants incorporate by reference their response to Paragraph 3 as if set forth fully herein. In response to the second sentence of this paragraph, Defendants admit that on the same day the Bureau issued the Rule, it published a chart entitled "Small Business Lending Rule: Data Points Chart." Defendants respectfully refer the Court to the chart itself for an accurate statement of its contents, and otherwise deny the allegations in the paragraph to the extent that they are inconsistent with that chart.[11]

37.    The first sentence of this paragraph consists of ELFA Intervenors' characterization of a Bureau document dated September 15, 2020. Defendants respectfully refer

---

[10] https://www.bankersdigest.com/a-comment-on-implementing-section-1071-of-the-dodd-frankact/.
[11] https://files.consumerfinance.gov./f/documents/cfpb_small-business-lending-data-points-chart.pdf.

the Court to that document for an accurate statement of its contents and deny the allegation to the extent that it is inconsistent with that document.[12]

The remainder of the paragraph consists of ELFA Intervenors' characterization of the Rule's preamble, including the discussion at 88 Fed. Reg. at 35521. Defendants respectfully refer the Court to the preamble and that discussion for an accurate statement of its contents, and otherwise deny the allegations to the extent that they are inconsistent with that discussion.

38.    This paragraph consists of Bank Intervenors' characterization of passages in the Rule and Proposed Rule. *See* 88 Fed. Reg. at 35517, 86 Fed. Reg. 56356. Defendants respectfully refer the Court to the Rule and the Proposed Rule for an accurate statement of their contents, and otherwise deny the allegations to the extent that they are inconsistent with the Rule and Proposed Rule. The final sentence also contains legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

39.    Defendants admit the allegation in the first sentence of this paragraph. Defendants lack knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph and further aver that the Rule's effective date of August 29, 2023, does not determine when ELFA Intervenors and their members must comply with the Rule.

40.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

41.    This paragraph characterizes the Rule and consists of ELFA Intervenors' predictions of the likely effects of the Rule. Defendants respectfully refer the Court to the Rule and to its preamble for an accurate description of the Rule's expected effects. *E.g.*, 88 Fed. Reg.

---

[12] https://files.consumerfinance.gov/f/documents/cfpb_1071-sbrefa_outline-of-proposals-under-consideration_2020-09.pdf

at 35490-518. Defendants otherwise deny the allegations to the extent that they are inconsistent

with the Rule. To the extent this paragraph also characterizes other judicial "rulings," Defendants

aver that this allegation is vague as to what decisions other that *CFSA* are being referenced, and

Defendants respectfully refer the Court to the referenced rulings for an accurate statement of

their contents and otherwise deny the allegations to the extent that they are inconsistent with the

rulings.

42.     Defendants deny the allegations in the first two sentences of this paragraph,

except that Defendants admit that the Bureau discovered an unauthorized transfer by a now-

former Bureau employee of records containing confidential information and personally

identifiable information to a personal email account. The third and fourth sentences of this

paragraph consist of ELFA Intervenors' characterization of a prior filing in this action and an

article published in the *American Banker*. Defendants respectfully refer the Court to the filing

and the article for an accurate description of their contents.[13] Defendants otherwise deny the

allegations to the extent that they are inconsistent with the filing and the article, and further aver

that the Bureau has notified affected consumers. In response to the remainder of the paragraph:

denied.

43.     This paragraph appears to consist of ELFA Intervenors' characterization of the

Court's July 31, 2023 Order (ECF No. 25). Defendants respectfully refer the Court to the Order

itself for an accurate description of its contents. Defendants otherwise deny the allegations to the

extent that they are inconsistent with the Court's Order. Defendants also aver that on October 26,

2023, the Court granted similar preliminary relief to all financial institutions covered by the

---

[13] https://www.americanbanker.com/news/cfpb-still-has-not-notified-consumers-about-data-breach.

Rule. *See* ECF No. 69. This paragraph also consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

44.     Defendants deny the allegations in this paragraph, except Defendants admit that some associations, including ELFA in letters dated August 8, 2023, and August 18, 2023, have requested a voluntary stay of the Rule. Defendants aver that the Bureau responded to ELFA in a letter dated August 24, 2023. Defendants further aver that the Court appropriately limited the scope of its July 31, 2023 Order (ECF No.25) to the plaintiffs and their members, and that on October 26, 2023, the Court granted similar preliminary relief to all financial institutions covered by the Rule. *See* ECF No. 69.

## RELIEF SOUGHT

## COUNT I

45.     Defendants incorporate by reference their response to each of the preceding paragraphs as if set forth fully herein.

46.     This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied. This paragraph also appears to consist of ELFA Intervenors' characterization of a prior filing in this matter (ECF No. 19). Defendants respectfully refer the Court to the filing itself for an accurate description of its contents, and otherwise deny the allegations to the extent that they are inconsistent with the filing.

47.     This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied. This paragraph also consists of ELFA Intervenors' characterization of the Fifth Circuit's decision in *CFSA*. Defendants respectfully refer the Court to the decision itself for an accurate description of its contents, and otherwise deny the allegations to the extent that they are inconsistent with the decision.

48.     This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied, except that Defendants admit that the Bureau's statutory method and sources of funding were the same at the time it issued the Rule as when the Bureau issued the regulation at issue in *CFSA*.

## COUNT II

49.     Defendants incorporate by reference their response to each of the preceding paragraphs as if set forth fully herein.

50.     This paragraph consists of ELFA Intervenors' characterization of the Administrative Procedure Act. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

51.     This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

52.     This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

53.     This paragraph consists of ELFA Intervenors' characterization of some commenters' projections and the expected costs and effects of the Rule. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of the likely effects of the Rule. Otherwise denied.

54.     This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

## COUNT III

55.     Defendants incorporate by reference their response to each of the preceding paragraphs as if set forth fully herein.

56.     This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied. To the extent this paragraph consists of ELFA Intervenors' characterization of the Administrative Procedure Act, Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

57.     This paragraph consists of legal conclusions to which no response is required. It also continues ELFA Intervenors' characterization of the Administrative Procedure Act. To the extent a response is deemed required, Defendants respectfully refer the Court to the statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

58.     This paragraph consists of legal conclusions to which no response is required. It also continues ELFA Intervenors' characterization of the Administrative Procedure Act. To the extent a response is deemed required, Defendants respectfully refer the Court to the statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

59.     Defendants admit that some commenters on the Proposed Rule discussed the expected costs and effects of the Proposed Rule. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of those comments and the Bureau's responses. Otherwise denied.

60.     This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

61.     This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

62.     This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

### COUNT IV

63.     Defendants incorporate by reference their response to each of the preceding paragraphs as if set forth fully herein.

64.     This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied. The paragraph also appears to contain ELFA Intervenors' characterization of Section 1022 of the CFPA. Defendants respectfully refer the Court to that statute for an accurate statement of its contents, and deny the allegations to the extent that they are inconsistent with the statute.

65.     This paragraph consists of ELFA Intervenors' characterization of the Final Rule and the likely effects of the Rule. Defendants respectfully refer the Court to the Rule for an accurate statements of its contents and otherwise deny the allegations to the extent that they are inconsistent with the Rule. It also consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

66.     This paragraph appears to continue ELFA Intervenors' characterization of the Final Rule. Defendants respectfully refer the Court to the Rule for an accurate statements of its contents and otherwise deny the allegations to the extent that they are inconsistent with the Rule. This paragraph also consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

67.     The first sentence of this paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, admitted.  The remainder of this paragraph also consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied. This paragraph also continues

ELFA Intervenors' characterization of the Final Rule. Defendants respectfully refer the Court to the Rule for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the Rule.

## CONCLUSION AND PRAYER

68.     This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

69.     This paragraph sets forth ELFA Intervenors' requested relief, to which no response is required. To the extent a response is required, Defendants deny that ELFA Intervenors are entitled to the relief they seek or to any other relief in this action.

Dated:  October 30, 2023                    Respectfully submitted,

                                            /s/ Karen S. Bloom

                                            Seth Frotman
                                               General Counsel
                                            Steven Y. Bressler
                                               Deputy General Counsel
                                            Christopher Deal
                                               Assistant General Counsel

                                            Kevin E. Friedl (NY #5240080)
                                            Karen S. Bloom (NY #4438917)
                                               Senior Counsel
                                            Consumer Financial Protection Bureau
                                            1700 G Street NW
                                            Washington, DC 20552
                                            (202) 344-5146 (phone)
                                            (202) 435-7024 (facsimile)
                                            karen.bloom@cfpb.gov