IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| TEXAS BANKERS ASSOCIATION, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*,<br><br>  Defendants. | Case No. 7:23-cv-00144 |

## ANSWER TO COMPLAINT

Defendants Consumer Financial Protection Bureau and Rohit Chopra, in his official capacity as Director of the Bureau, hereby answer the complaint of Intervenor-Plaintiffs Farm Credit Council (the "Council"), Texas Farm Credit ("TFC") and Capital Farm Credit ("CFC") (collectively, the "Farm Credit Intervenors"), filed on October 24, 2023 (ECF No. 67).

### AFFIMATIVE DEFENSES

### FIRST DEFENSE

The Court lacks subject-matter jurisdiction.

### SECOND DEFENSE

Venue is improper in this District and this Division.

### RESPONSES TO ALLEGATIONS AND NUMBERED PARAGRAPHS

Defendants deny each allegation not specifically admitted.

Defendants further answer the numbered paragraphs of the complaint as follows:

1.      In response to the first sentence of this paragraph, Defendants admit that the Bureau issued the Small Business Lending Rule ("Rule") on March 30, 2023, and that the Rule

was published in the Federal Register on May 31, 2023, *see* 88 Fed. Reg. 35150. The second sentence of this paragraph consists of Farm Credit Intervenors' characterization of the Rule. Defendants respectfully refer the Court to the Rule itself for an accurate statement of its contents, and otherwise deny the allegations to the extent that they are inconsistent with the Rule.

2. This paragraph consists of Farm Credit Intervenors' characterization of Section 1071the Consumer Financial Protection Act of 2010 ("CFPA"). Defendants respectfully refer the Court to that statute itself for an accurate statement of its contents, *see* 15 U.S.C. § 1691c-2, and otherwise deny the allegations to the extent that they are inconsistent with the statute.

3. This paragraph consists of Farm Credit Intervenors' characterization of the Final Rule. Defendants respectfully refer the Court to the Rule itself for an accurate statement of its contents, and otherwise deny the allegations to the extent that they are inconsistent with the Rule. To the extent Farm Credit Intervenors are characterizing a data points chart, Defendants admit that on the same day the Bureau issued the Rule, it published a chart entitled "Small Business Lending Rule: Data Points Chart." *See* https://files.consumerfinance.gov/f/documents/cfpb_small-business-lending-data-points-chart.pdf. Defendants respectfully refer the Court to the chart itself for an accurate statement of its contents, and otherwise deny the allegations in this paragraph to the extent that they are inconsistent with that chart.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentences of this paragraph except to admit that Farm Credit Intervenor the Council is a trade association. With respect to the final sentence of this paragraph, Farm Credit Intervenors appear to be characterizing the Rule's estimated coverage for various types of coverage categories. Defendants respectfully refer the Court to the

Rule itself for an accurate statement of its contents, and otherwise deny the allegations in this paragraph to the extent that they are inconsistent with the Rule.

5. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied. This paragraph also consists of Farm Credit Intervenors' predictions of the likely effects of the Rule. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of the Rule's expected effects. *E.g.*, 88 Fed. Reg. at 35490-518. Defendants otherwise deny the allegations to the extent that they are inconsistent with the Rule's preamble.

6. Defendants admit the allegation in the first sentence of this paragraph. Defendants lack knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph and aver that the Rule's effective date of August 29, 2023, does not determine when Bank Intervenors must comply with the Rule. Defendants further aver that this Court's October 26, 2023 Order stayed and extended all deadlines for compliance with requirements of the final rule. The third sentence consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied. This sentence also characterizes the Final Rule and the Fifth Circuit's decision in *Cmty. Fin. Servs. Ass'n of Am., Ltd. v. CFPB*, 51 F.4th 616 (5th Cir. 2022) ("*CFSA*"). Defendants respectfully refer the Court to the Rule and that decision for an accurate statement of their contents and otherwise deny the allegations to the extent that they are inconsistent with the Rule and decision.

7. This paragraph consists of Farm Credit Intervenors' characterization of this Court's ruling on a motion for preliminary relief in this case, *see* ECF No. 25. Defendants respectfully refer the Court to that ruling for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the injunction. Defendants also

aver that on October 26, 2023, the Court granted similar preliminary relief to all financial institutions covered by the Rule. *See* ECF No. 69. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the final sentence of this paragraph.

8. The first sentence of this paragraph consists of Farm Credit Intervenors' predictions about effects of the Rule. Defendants respectfully refer the Court to the preamble of the Rule for an accurate description of the Rule's expected effects. *E.g.*, 88 Fed. Reg. at 35490-518. This paragraph also consists of Farm Credit Intervenors' characterization of this action and their requested relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Farm Credit Intervenors are entitled to the relief they seek or to any other relief in this action.

## PARTIES

9. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph except to admit that Farm Credit Intervenor the Council is a trade association.

10. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

12. In response to this paragraph, Defendants admit that the CFPB is an agency of the United States. This paragraph also consists of Farm Credit Intervenors' characterization of a provision of the CFPA. Defendants respectfully refer the Court to that provision for an accurate statement of its contents and otherwise deny the allegations to the extent they are inconsistent with the provision.

13. Defendants admit the allegations in this paragraph.

## JURISDICTION AND VENUE

14. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

15. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, denied.

## FACTUAL BACKGROUND

16. To the extent that this paragraph refers to the Farm Credit System discussed in the Farm Credit Act, 12 U.S.C. § 2002, Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent they are inconsistent with the statute. Defendants otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

17. The first sentence of this paragraph consists of Farm Credit Intervenors' characterization of a federal statute. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute. Defendants lack knowledge or information sufficient to admit or deny the allegations in the second and third sentences of this paragraph.

18. This paragraph consists of Farm Credit Intervenors' characterization of the Farm Credit Act of 1971 and implementing regulations. Defendants respectfully refer the Court to that statute and regulations for an accurate statement of their contents and otherwise deny the allegations to the extent that they are inconsistent with the statute and regulations.[1] The final

---

[1] This footnote consists of Farm Credit Intervenors' characterization of a Farm Credit Administration Proposed Budget and Performance Plan. Defendants respectfully refer the Court to that document for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the document.

sentence of this paragraph appears to characterize the Bureau's statutory authority to conduct supervisory examinations and bring administrative actions, which is set out in statutes including the Consumer Financial Protection Act and the Equal Credit Opportunity Act. *See, e.g.*, 12 U.S.C. §§ 5514-5517; 15. U.S.C. §1691c. Defendants respectfully refer the Court to those statutes for an accurate statement of their contents and otherwise deny the allegations to the extent that they are inconsistent with the statutes. The final sentence also consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied, including because the allegation is vague as to what would be considered a "Farm Credit lender."[2]

19. To the extent that this paragraph continues Farm Credit Intervenors' characterization of the Farm Credit Act of 1971 and implementing regulations, Defendants respectfully refer the Court to that statute and regulations for an accurate statement of their contents and otherwise deny the allegations to the extent that they are inconsistent with the statute and regulations.

20. Defendants admit that the Bureau issued a notice of proposed rulemaking ("Proposed Rule") to implement the requirements of Section 1071 of the CFPA on September 1, 2021. *See* 86 Fed. Reg. 56356 (Oct. 8, 2021). Defendants respectfully refer the Court to the Proposed Rule for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the Proposed Rule.

---

[2] This footnote consists of Farm Credit Intervenors' characterization of provisions of the Equal Credit Opportunity Act and the CFPA. Defendants respectfully refer the Court to those statutory provisions for an accurate statement of their contents and otherwise deny the allegations to the extent that they are inconsistent with the statutes.

21.     This paragraph consists of Farm Credit Intervenors' characterization of a comment on the Proposed Rule submitted by the Farm Credit Council. Defendants respectfully refer the Court to that comment for an accurate statement of its contents and otherwise deny the allegations to the extent they are inconsistent with that comment.[3]

22.     This paragraph continues Farm Credit Intervenors' characterization of the Farm Credit Council's comment letter. Defendants respectfully refer the Court to that comment for an accurate statement of its contents and otherwise deny the allegations to the extent they are inconsistent with that comment.

23.     This paragraph consists of Farm Credit Intervenors' characterization of the Fifth Circuit's decision in *CFSA*. Defendants respectfully refer the Court to that decision for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the decision. This paragraph also consists of legal conclusions to which no response is required. To the extent a response is deemed to be required, denied.

24.     The first sentence of this paragraph consists of Farm Credit Intervenors' characterization of the Supreme Court's decision to grant the CFPB's petition for a writ of certiorari. Defendants respectfully refer the Court to that petition and the Court's order granting it for an accurate statement of their contents and otherwise deny the allegations to the extent that they are inconsistent with the petition and order. With respect to the second sentence of this paragraph, Defendants admit that the Supreme Court heard oral argument in the *CFSA* case on October 3, 2023.

25.     Defendants admit that the Bureau issued the Final Rule on March 30, 2023. *See* 88 Fed. Reg. 35150, 2023 WL 3723408 (May 31, 2023). Defendants respectfully refer the Court

---

[3] https://www.regulations.gov/comment/CFPB-2021-0015-1229.

to the Final Rule for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the Final Rule.

26. This paragraph consists of Farm Credit Intervenors' characterization of this Court's ruling on a motion for preliminary relief in this case, *see* ECF No. 25. Defendants respectfully refer the Court to that ruling for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the injunction. Defendants also aver that on October 26, 2023, the Court granted similar preliminary relief to all financial institutions covered by the Rule. *See* ECF No. 69.

27. This paragraph consists of Farm Credit Intervenors' characterization of letters exchanged between the Farm Credit Council and the Bureau. Defendants respectfully refer the Court to those letters for an accurate statement of their contents and otherwise deny the allegations to the extent that they are inconsistent with the referenced letters. Defendants aver that in a letter dated August 10, 2023, the Farm Credit Council pointed out that this Court's July 31, 2023 Order staying implementation of the Final Rule pending a Supreme Court decision in *CFSA* applied only to Plaintiffs and their members, and asked that the Bureau similarly stay implementation of the Rule for all covered financial institutions. Defendants further aver that the Bureau responded by letter on August 24, 2023, but did not commit to unilaterally staying the Rule's compliance date. The Farm Credit Council's request became moot when this Court issued its October 26, 2023 Order.

28. Defendants admit the allegation in this paragraph.

29. Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph and further aver that the Rule's effective date of August 29, 2023, does not determine when Intervenors must comply with the Rule.

## RELIEF SOUGHT

## COUNT I

30. Defendants incorporate by reference their response to each of the preceding paragraphs as if set forth fully herein.

31. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied. This paragraph also consists of Farm Credit Intervenors' characterization of the Fifth Circuit's decision in *CFSA*. Defendants respectfully refer the Court to that decision for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the decision.

32. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

33. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

## COUNT II

34. Defendants incorporate by reference their response to each of the preceding paragraphs as if set forth fully herein.

35. This paragraph consists of Farm Credit Intervenors' characterization of the Administrative Procedure Act. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

36. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

37. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

## COUNT III

38. Defendants incorporate by reference their response to each of the preceding paragraphs as if set forth fully herein.

39. This paragraph consists of Farm Credit Intervenors' characterization of the Administrative Procedure Act. Defendants respectfully refer the Court to that statute for an accurate statement of its contents and otherwise deny the allegations to the extent that they are inconsistent with the statute.

40. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

41. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

## COUNT IV

42. Defendants incorporate by reference their response to each of the preceding paragraphs as if set forth fully herein.

43. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied. The paragraph also appears to contain Farm Credit Intervenors' characterization of Section 1022 of the CFPA. Defendants respectfully refer the Court to that statute for an accurate statement of its contents, and deny the allegations to the extent that they are inconsistent with the statute.

44. This paragraph consists of Farm Credit Intervenors' characterization of the Final Rule and the likely effects of the Rule. Defendants respectfully refer the Court to the Rule for an accurate statement of its contents, and otherwise deny the allegations to the extent that they are inconsistent with the Rule. It also consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

45.     This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed to be required, denied.

## REQUEST FOR RELIEF

This paragraph sets forth Farm Credit Intervenors' requested relief, to which no response is required. To the extent a response is required, Defendants deny that Farm Credit Intervenors are entitled to the relief they seek or to any other relief in this action.

Dated:  December 22, 2023                                 Respectfully submitted,

/s/ Karen S. Bloom

Seth Frotman
  *General Counsel*
Steven Y. Bressler
  *Deputy General Counsel*
Christopher Deal
  *Assistant General Counsel*

Kevin E. Friedl (NY #5240080)
Karen S. Bloom (NY #4438917)
  *Senior Counsel*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
(202) 435-9268 (phone)
(202) 435-7024 (facsimile)
kevin.friedl@cfpb.gov