IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

TEXAS BANKERS ASSOCIATION, *et al.*,

Plaintiffs,

v.

CONSUMER FINANCIAL PROTECTION
BUREAU, *et al.*,

Defendants.

Case No. 7:23-cv-00144

**NOTICE OF SUPREME COURT DECISION**
**IN *CFPB v. COMMUNITY FINANCIAL SERVICES ASSOCIATION***

Defendants Consumer Financial Protection Bureau and Rohit Chopra, in his official capacity, write to notify the Court of the Supreme Court's decision in *CFPB v. Community Financial Services Ass'n of Am., Ltd.*, 2024 WL 2193873 (U.S. May 16, 2024) ("*CFSA*").

In *CFSA*, the Supreme Court—with Justice Thomas writing for a seven-justice majority—rejected the same challenge to the Bureau's statutory method of funding that Plaintiffs raised here. Relying on constitutional text and history, the Court explained that "appropriations need only identify a source of public funds and authorize the expenditure of those funds for designated purposes to satisfy the Appropriations Clause." *Id.* at *5. It concluded that "[t]he Bureau's funding statute contains the requisite features of a congressional appropriation" and "fits comfortably with the First Congress' appropriations practice." *Id.* at *9. The Court thus affirmed "that the requirements of the Appropriations Clause are satisfied" by the Bureau's statute. *Id.* And it reversed the contrary judgment of the Court of Appeals that had been the law of this Circuit. *See id.* at *12.

In granting Plaintiffs' request for preliminary relief in this case, this Court ordered that "all deadlines for compliance with the requirements of the Final Rule are stayed … until after the Supreme Court's final decision in [*CFSA*]." ECF No. 69 at 7; *see also* ECF No. 25 at 17. The Court further ordered that Defendants, "[i]n the event of a reversal in that case," must "extend … all covered financial institutions' deadlines for compliance with the requirements of the Final Rule to compensate for the period stayed." ECF No. 69 at 7-8; *see also* ECF No. 25 at 17.

Pursuant to the terms of the Court's orders on preliminary relief, the stay of the Rule's compliance dates has now expired. In order to implement the Court's directive that the Bureau extend the compliance dates to compensate for the period stayed, the Bureau plans to issue an interim final rule to extend those deadlines. As 290 days have elapsed between the Court's July 31, 2023 order on preliminary relief and the Supreme Court's May 16, 2024 decision in *CFSA*, the interim final rule will extend compliance dates as follows:

| Compliance tier | Original compliance date | New compliance date |
| --- | --- | --- |
| Tier 1 institutions (highest volume lenders) | October 1, 2024 | July 18, 2025 |
| Tier 2 institutions (moderate volume lenders) | April 1, 2025 | January 16, 2026 |
| Tier 3 institutions (smallest volume lenders) | January 1, 2026 | October 18, 2026 |

The Bureau will promptly notify the Court upon publication of the interim final rule in the Federal Register.

Dated:  May 17, 2024                                    Respectfully submitted,

Seth Frotman
   *General Counsel*
Steven Y. Bressler
   *Deputy General Counsel*
Christopher Deal
   *Assistant General Counsel*

*/s/ Kevin E. Friedl*

Kevin E. Friedl (NY #5240080)
   *Senior Counsel*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
(202) 435-9268
kevin.friedl@cfpb.gov

*Counsel for Defendants*