IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

<table>
<tr><td>
TEXAS BANKERS ASSOCIATION, *et al.*,<br><br>
          *Plaintiffs*,<br><br>
    *v.*<br><br>
CONSUMER FINANCIAL PROTECTION<br>
BUREAU, *et al.*,<br><br>
         *Defendants*.
</td><td>
Civil Action No. 7:23-cv-00144
</td></tr>
</table>

**NOTICE OF ERRATA**

Defendants respectfully submit errata to their memorandum in opposition to Plaintiffs'

motion to supplement the administrative record, and the briefing in support of Defendants' cross-

motion for summary judgment, in order to correct inadvertent citation errors.  Attached are

updated briefs that correct these mistakes and make no other changes.

In the course of working to compile the appendix in this case, Defendants recognized

certain minor errors in their filed briefs. First, while Defendants' opposition to Plaintiffs' motion

to supplement the record (ECF No. 85) contains (in footnotes) correct hyperlinks to certain

comment letters the Bureau received, incorrect citations to the pages of the administrative record

in which those letters appear were inadvertently included. The following changes correct the

references to the administrative record on page 3:

> The Bureau convened the SBREFA panel across four sessions and sought
> input on its outline of proposals from the small entity representatives. 88
> Fed. Reg. at 35,172. The Bureau also solicited feedback from additional
> stakeholders on its outline of the proposals. *Id*. Plaintiffs American Bankers
> Association, the Independent Bankers Association of Texas, Credit Union

1

> National Association, and the Independent Community Bankers of America, among others, submitted comments in response. *See, e.g.*, A.R. ~~02264~~525002,[3] A.R. ~~01565~~024979,[4] A.R. ~~02231~~525090,[5] A.R. ~~02220~~825143~~251~~.[6]

And page 4:

> The Bureau received approximately 2,100 comments on the proposed rule, including from Plaintiffs American Bankers Association, Texas Bankers Association, Texas Farm Credit Services, Independent Community Bankers of America, Equipment Leasing and Finance Association, Credit Union National Association, and the Farm Credit Council. *See* A.R. 01930~~5~~4,[8] A.R. 01917~~3~~2[9] A.R. 1884~~017306~~0,[10] A.R. 01855~~6~~7,[11] A.R. 01719~~8~~9,[12] A.R. 01847~~7~~8,[13] A.R. 01721~~009~~0.[14]

Also, Defendants' summary judgment papers inadvertently confused two comment letters submitted by the same entity about the same proposed rule. The following change to page 29 of Defendants' cross motion for summary judgment (ECF No. 91) (and opposition to Plaintiffs' motion for summary judgment, ECF No. 90) clarifies which document is being referenced:

> Plaintiffs' claim that "one-third of the federally-insured credit unions will seriously consider leaving the business lending market based on [the] rule taking effect," Mot. at 19 (citing A.R. 14347-8), fares no better. Plaintiffs overstate the evidence in the ~~c~~ited~~omment~~ letter ~~on which they rely~~. And a later letter by the same entity ~~That letter merely~~ only recounts that a majority of respondents to NAFCU's 2020 survey indicated that, in response to Section 1071's requirements taking effect, they would expect to change *either* the set of small business products they offer or their underwriting practices. A.R. 18500-01~~Id.~~

---

[3] *Available at* https://www.regulations.gov/document/CFPB-2021-0015-0039.
[4] *Available at* https://www.regulations.gov/document/CFPB-2021-0015-0071.
[5] *Available at* https://www.regulations.gov/document/CFPB-2021-0015-0077.
[6] *Available at* https://www.regulations.gov/document/CFPB-2021-0015-0061.

[8] *Available at* https://www.regulations.gov/comment/CFPB-2021-0015-1715.
[9] *Available at* https://www.regulations.gov/comment/CFPB-2021-0015-1692.
[10] *Available at* https://www.regulations.gov/comment/CFPB-2021-0015-1563.
[11] *Available at* https://www.regulations.gov/comment/CFPB-2021-0015-1528.
[12] *Available at* https://www.regulations.gov/comment/CFPB-2021-0015-1228.
[13] *Available at* https://www.regulations.gov/comment/CFPB-2021-0015-1514.
[14] *Available at* https://www.regulations.gov/comment/CFPB-2021-0015-1229.

Likewise, the following redlined language should be substituted in fn 20 on page 22 of

Defendants' reply in support of its cross-motion for summary judgment (ECF No. 100):

> Also, while Plaintiffs refer (at 7, 27) to an NAFCU survey "indicating a potentially large drop in available credit," no survey indicating this is cited in the later comment letter submitted by the same entity. *See* A.R. 18500-01 at the page Plaintiffs reference (A.R. 14347-48). The only NAFCU survey referenced there recounts that a majority of respondents indicated that, in response to Section 1071's requirements taking effect, they would expect to change *either* the set of small business products they offer or their underwriting practices.

Dated:  August 2, 2024                         Respectfully submitted,


                                               */s/ Karen S. Bloom*
                                               Seth Frotman
                                                 *General Counsel*
                                               Steven Y. Bressler
                                                 *Deputy General Counsel*
                                               Christopher Deal
                                                 *Assistant General Counsel*

                                               Karen S. Bloom (NY # 4438917)
                                               Kevin E. Friedl (NY # 5240080)
                                               Andrea Matthews (MA #694538)
                                                 *Senior Counsel*
                                               Consumer Financial Protection Bureau
                                               1700 G Street NW
                                               Washington, DC 20552
                                               (202) 435-7012 (phone)
                                               (202) 435-7024 (facsimile)
                                               karen.bloom@cfpb.gov

2

CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2024, I electronically filed the foregoing using the

CM/ECF system, which will send notification of such filing to all counsel of record.


<i>/s/ Karen S. Bloom</i>