IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| TEXAS BANKERS ASSOCIATION; RIO BANK, MCALLEN, TEXAS; and AMERICAN BANKERS ASSOCIATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU and ROHIT CHOPRA, in his official capacity as Director of the Consumer Financial Protection Bureau,<br><br>*Defendants*. | Case No. 7:23-cv-00144 |

**[PROPOSED] ORDER**

Now before the Court is the Motion for Judgment on the Pleadings and Brief in Support (the "Motion") filed by Farm Credit Council (the "Council"), Texas Farm Credit ("TFC"), and Capital Farm Credit ("CFC") (collectively, the "Farm Credit Intervenors"). After considering the Motion, the responsive briefings, and the relevant law, the Court is of the opinion that Farm Credit Intervenor's Motion should be **GRANTED**. The Court finds that Defendants Consumer Financial Protection Bureau and Rohit Chopra (collectively, "CFPB") have violated the U.S. Constitution's Appropriations Clause, 12 U.S.C. § 5497, and the Administrative Procedure Act by promulgating and modifying the final rule (the "Final Rule") entitled *Small Business Lending Under the Equal Credit Opportunity Act (Regulation B)*, 88 Fed. Reg. 35,150 (May 31, 2023), because, under the U.S. Supreme Court's ruling in *CFPB v. Community Financial Services Association of America, Ltd. v. CFPB*, 601 U.S. 416 (2024), the CFPB lacked constitutionally appropriated funds when it promulgated and modified the Final Rule. The Court further finds that the appropriate remedy for

the CFPB's unlawful promulgation and modification of the Final Rule is vacatur of the Final Rule and reversal of CFPB's actions made in pursuit of the Final Rule. Accordingly, it is hereby

ORDERED that the Motion is granted; it is further

ORDERED that the Final Rule is vacated; it is further

ORDERED that the CFPB is hereby enjoined from promulgating the Final Rule until it receives constitutional appropriations; it is further

ORDERED that the CFPB shall immediately cease all implementation of the Final Rule until it receives constitutional appropriations; and it is further

ORDERED that no security bond shall be required under Federal Rule of Civil Procedure 65(c).

SO ORDERED _____, 2024, at McAllen, Texas.

_____
The Honorable Randy Crane
United States Chief District Judge