**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

TEXAS BANKERS ASSOCIATION; RIO BANK, MCALLEN, TEXAS; and AMERICAN BANKERS ASSOCIATION,

*Plaintiffs*,

v.

CONSUMER FINANCIAL PROTECTION BUREAU and ROHIT CHOPRA, in his official capacity as Director of the Consumer Financial Protection Bureau,

*Defendants*.

Case No. 7:23-cv-00144

**INTERVENOR-PLAINTIFFS' MOTION TO AMEND THE COMPLAINT IN INTERVENTION**

Pursuant to Federal Rule 15(a) of the Federal Rules of Civil Procedure, Intervenor-Plaintiffs the Farm Credit Council (the "Council"), Texas Farm Credit ("TFC"), and Capital Farm Credit ("CFC") (collectively, the "Farm Credit Intervenors"), hereby move for leave to amend their Complaint in Intervention, Dkt.67. The requested amendments seek to account for a recent Supreme Court decision that fundamentally changes the Complaint in Intervention.

This motion is made on the grounds that good cause exists for amendment, that no Defendant, Plaintiff, or other Intervenor-Plaintiff will be prejudiced, and the amendment is in the public interest. Filed herewith is the verified First Amended Complaint in Intervention (Exhibit 1). For the reasons set forth in the accompanying Brief, Farm Credit Intervenors request that the Court grant the motion to amend the Complaint in Intervention.

Dated: August 2, 2024

Respectfully submitted,

*/s/ Daniel G. Gurwitz*
Daniel G. Gurwitz
State Bar No. 00787608
Southern Dist. ID No. 16895
Email: dgurwitz@atlashall.com

Attorney in charge for Farm Credit Council, Texas Farm Credit, and Capital Farm Credit

OF COUNSEL:
Atlas, Hall & Rodriguez, LLP
818 Pecan Blvd.
P.O. Box 3725
McAllen, Texas 78501/ 78502-3725
Tel: 956-682-5501
Fax: 956-686-6106

Misha Tseytlin
TROUTMAN PEPPER
HAMILTON SANDERS LLP
227 W. Monroe Street
Suite 3900
Chicago, IL 60606
(312) 759-5947
misha.tseytlin@troutman.com

Joseph J. Reilly
TROUTMAN PEPPER
HAMILTON SANDERS LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
(202) 274-2908
joseph.reilly@troutman.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| TEXAS BANKERS ASSOCIATION; RIO BANK, MCALLEN, TEXAS; and AMERICAN BANKERS ASSOCIATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU and ROHIT CHOPRA, in his official capacity as Director of the Consumer Financial Protection Bureau,<br><br>*Defendants*. | ) | Case No. 7:23-cv-00144 |

**INTERVENOR-PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO AMEND THE COMPLAINT IN INTERVENTION**

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ............................................... 1

ARGUMENT ............................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ayers v. Peterson,*
130 Fed. App'x 666 (5th Cir. 2005) ........................................ 6, 8

*CFPB v. CFSA*,
601 U.S. 416 (2024)........................................ 1, 3, 4, 7

*CFSA v. CFPB*,
51 F.4th 616 (5th Cir. 2022) ........................................ 1, 2, 3, 7

*Collins v. Yellen,*
594 U.S. 220 (2021)........................................ 2

*Cruper-Weinmann v. Paris Baguette Am., Inc.*,
653 F. App'x 81 (2d Cir. 2016) ........................................ 6, 8

*Day v. McDonough*,
547 U.S. 198 (2006)........................................ 5

*Lundy v. Morgan Stanley & Co.*,
No. C-90-2796 TEH, 1991 WL 238293 (N.D. Cal. July 18, 1991)........................................ 6

*Nance v. Gulf Oil Corp.*,
817 F.2d 1176 (5th Cir. 1987) ........................................ 6

*Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*,
708 F.3d 1109 (9th Cir. 2013) ........................................ 6, 8

*United States ex rel. Bennett v. Medtronic, Inc.*,
747 F. Supp. 2d 745 (S.D. Tex. 2010) ........................................ 6

*United States v. Vaught*,
No. 1:18-cv-00452-DCN, 2019 WL 4786045, 124 A.F.T.R.2d (RIA) 2019-6184 (D. Idaho Sep. 30, 2019)........................................ 6

**Constitutional Provisions**

U.S. Const. art. I........................................ 2

**Statutes And Rules**

12 C.F.R. § 1002 ........................................ 5

12 U.S.C. § 5497 ........................................ 1, 2, 5, 7

12 U.S.C. § 5511 .......... 1

15 U.S.C. § 1691c-2 .......... 2

Fed. R. Civ. P. 15 .......... 1, 5, 8

**Regulations**

86 Fed. Reg. 56356 (Oct. 8, 2021) .......... 2

89 Fed. Reg. 55024 (July 3, 2024) .......... 5

**Other Authorities**

Bd. of Governors of the Fed. Rsrv. Sys., *Federal Reserve Banks Combined Quarterly Financial Report* (Mar. 31, 2024) .......... 4

Bd. of Governors of the Fed. Rsrv. Sys., *Federal Reserve Board announces preliminary financial information for the Federal Reserve Banks' income and expenses in 2023* (Jan. 12, 2024) .......... 5

CFPB, Small Business Lending under the Equal Credit Opportunity Act (Regulation B) (Mar. 30, 2023) .......... 3

Fed. Rsrv. Bank of St. Louis, *Liabilities and Capital: Liabilities: Earnings Remittances Due to the U.S. Treasury: Wednesday Level* .......... 5

Letter from Ricardo A. Aguilera, Div. Dir. and Chief Fin. Off., Bd. of Governors of the Fed. Rsrv. Sys., to Dana James, Acting Chief Fin. Off., CFPB (Oct. 19, 2022) .......... 5

Letter from Rohit Chopa, Director, CFPB, to Jerome Powell, Chair, Bd. of Governors of Fed. Rsrv. Sys. (Oct. 14, 2022) .......... 5

Miguel Faria e Castro, Samuel Jordan-Wood, *The Fed's Remittances to the Treasury: Explaining the 'Deferred Asset'*, Fed. Rsrv. Bank of St. Louis (Nov. 21, 2023) .......... 4

## INTRODUCTION

Pursuant to Federal Rule 15(a) of the Federal Rules of Civil Procedure, Intervenor-Plaintiffs the Farm Credit Council (the "Council"), Texas Farm Credit ("TFC"), and Capital Farm Credit ("CFC") (collectively, the "Farm Credit Intervenors"), move for leave (the "Motion") to amend their Complaint in Intervention, Dkt.67. The requested amendments seek to account for a recent Supreme Court decision that fundamentally changes one of the counts in the Farm Credit Intervenors' Complaint. At the time the Farm Credit Intervenors filed the Complaint in Intervention, the Fifth Circuit had held the Consumer Financial Protection Bureau (the "CFPB") had promulgated a rule and operated unconstitutionally because its funding structure violated the U.S. Constitution's Appropriations Clause (hereinafter "Appropriations Clause"). *Cmty. Fin. Servs. Ass'n of Am., Ltd. ("CFSA") v. CFPB*, 51 F.4th 616, 642 (5th Cir. 2022), *rev'd and remanded on other grounds*, *CFPB v. CFSA*, 601 U.S. 416 (2024). Farm Credit Intervenors' amendment of the Complaint in Intervention in response to change in controlling precedent is made in good faith and should be permitted under Federal Rule 15(a)'s and this Court's liberal amendment policy and because "justice so requires." Fed. R. Civ. P. 15(a).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

In 2010, Congress enacted Title X of the Dodd-Frank Act and, in so doing, established the CFPB, Pub. L. No. 111-203, an agency possessing broad statutory authority to regulate individuals and entities that provide financial products and services, *see* 12 U.S.C. § 5511(a). Congress structured the CFPB's funding method to provide that the CFPB's funding come only from the Federal Reserve's "combined earnings." 12 U.S.C. § 5497(a)(1). If the Federal Reserve has no

[1] Farm Credit Intervenors reproduce this Factual Background and Procedural in their accompanying *Motion to Amend Complaint in Intervention*, No. 7:23-cv-00144 (S.D. Tex., Aug. 2, 2024).

"combined earnings" with which to fund the CFPB, Congress requires the CFPB to return to Congress to ask for lawful appropriations to continue its operations. 12 U.S.C. § 5497(e)(1)(A). The Dodd-Frank Act contains numerous provisions intended to promote the CFPB's implementation of fair lending laws, including Section 1071. Section 1071 added a new Section 704B to the Equal Credit Opportunity Act ("ECOA"), requiring banks and other small business lenders to report on a limited universe of data points from small business credit applications, including, for instance, "the number of the application and the date on which the application was received" and "the type and purpose of the loan or other credit being applied for." 15 U.S.C. § 1691c-2(e)(2)(A)–(B). The new ECOA provision also grants the CFPB authority to require additional reporting obligations that "would aid in fulfilling the purposes of this section." *Id.* § 1691c-2(e)(2)(H).

The CFPB published a proposed rule on September 1, 2021. 86 Fed. Reg. 56356 (Oct. 8, 2021). On October 19, 2022, while the proposed rule was still pending, the Fifth Circuit issued its decision in *CFSA*, holding that the CFPB's funding structure violates the U.S. Constitution's Appropriations Clause and separation of powers, 51 F.4th at 642; U.S. Const. art. I, § 9, cl. 7. The Fifth Circuit then held that the remedy for this constitutional violation was to "rewind[ ]" the CFPB's unlawfully funded rule. 51 F.4th at 643 (quoting *Collins v. Yellen*, 594 U.S. 220, 273–74 (2021) (Kagan, J., concurring)). A few months later, the U.S. Supreme Court granted the CFPB's petition for a writ of certiorari to address the question of whether the CFPB's funding structure violated the Appropriations Clause, U.S. Const. art. I, § 9, cl. 7.

Despite the Fifth Circuit's decision and the then-pending U.S. Supreme Court's grant of certiorari, the CFPB published a version of the Final Rule on its website March 30, 2023, indicating an intent to officially publish the Final Rule in the Federal Register at a later date. *See* CFPB,

Small Business Lending under the Equal Credit Opportunity Act (Regulation B) (Mar. 30, 2023).[2] The original Plaintiffs—Texas Bankers Association; Rio Bank, McAllen, Texas; and American Bankers Association—then filed this suit challenging the Final Rule on constitutional and statutory grounds and seeking preliminary and permanent injunctive relief. Dkt.12. On July 31, 2023, this Court entered its Order Granting In-Part And Denying In-Part Plaintiffs' Motion For Preliminary Injunction, Dkt.25, barring the CFPB from implementing the Final Rule. Subsequently, other Intervenor-Plaintiffs filed motions for preliminary injunction to extend the motion to themselves and other financial institutions. *See* Dkts.44, 45, 54, 55. This Court granted those motions to intervene. On October 26, 2023, the Court issued its Order Granting Intervenors' Motions For Preliminary Injunction, granting injunctive relief to all Intervenor-Plaintiffs and covered financial institutions, which preliminary injunction was to last until the Supreme Court's reversal of *CFSA*, 51 F.4th 616, in *CFSA*, 601 U.S. 416. Dkt.69 at 7–8.

All Plaintiffs and Plaintiff-Intervenors collectively filed a Motion for Summary Judgment on March 1, 2024. Dkt.79. They argued that summary judgment was appropriate because, *inter alia*, the CFPB exceeded its statutory authority by imposing additional data requirements in the Final Rule, *id*. at 10–22, that the Final Rule is arbitrary and capricious because the CFPB failed to adequately consider the real-world costs it imposed on the banking community, *id*. at 22–26, and that the CFPB's cost/benefit analysis of the Final Rule was arbitrary and capricious, *id*. at 26–35. That motion and a cross-motion by the CFPB were fully briefed as of June 7, 2024. Dkt.100.

The Supreme Court issued its opinion in *CFSA* on May 16, 2024. 601 U.S. 416. There, the Supreme Court decided that CFPB's funding mechanism complied with the Appropriations

[2] Available at https://www.consumerfinance.gov/rules-policy/final-rules/small-business-lending-under-the-equal-credit-opportunity-act-regulation-b/ (all websites last visited on August 2, 2024).

Clause. *Id*. at 420–21. Specifically, the Supreme Court held that the CFPB's funding complied with Appropriations Clause only because the Federal Reserve's "combined earnings" transferred to the CFPB are also subject to the Appropriations Clause. *Id*. at 425, 435, 441. The Appropriations Clause governs the CFPB's funds because the "money [is] otherwise destined for the general fund of the Treasury." *Id*. at 425.

But the Federal Reserve has lacked "combined earnings" to transfer to the CFPB since September 2022, when the Federal Reserve first ceased "earnings" transfers to the Treasury. *See* Miguel Faria e Castro, Samuel Jordan-Wood, *The Fed's Remittances to the Treasury: Explaining the 'Deferred Asset'*, Fed. Rsrv. Bank of St. Louis (Nov. 21, 2023) ("beginning in September 2022, remittances due [to the Treasury] became negative")[3]; *see generally* Bd. of Governors of the Fed. Rsrv. Sys., *Federal Reserve Banks Combined Quarterly Financial Report* 2, 25 (Mar. 31, 2024) (hereinafter "March 2024 Financial Statement").[4]




[3] Available at https://www.stlouisfed.org/on-the-economy/2023/nov/fed-remittances-treasury-explaining-deferred-asset.

[4] Available at https://www.federalreserve.gov/aboutthefed/files/quarterly-report-20240517.pdf.

Bd. of Governors of the Fed. Rsrv. Sys., *Federal Reserve Board announces preliminary financial information for the Federal Reserve Banks' income and expenses in 2023* (Jan. 12, 2024).[5] The Federal Reserve made its last transfer to the Treasury on August 31, 2023. *See* Fed. Rsrv. Bank of St. Louis, *Liabilities and Capital: Liabilities: Earnings Remittances Due to the U.S. Treasury: Wednesday Level*.[6] Without "combined earnings," the CFPB had only one method to fund itself: by entreating Congress for regular Appropriations. 12 U.S.C. § 5497(e)(1)(A). The CFPB did not do so; instead, it has continued funding itself with monies from the Federal Reserve that are not "combined earnings," beginning with a $315,700,000 transfer to the CFPB in October 2022. Letter from Rohit Chopa, Director, CFPB, to Jerome Powell, Chair, Bd. of Governors of Fed. Rsrv. Sys. (Oct. 14, 2022)[7]; Letter from Ricardo A. Aguilera, Div. Dir. and Chief Fin. Off., Bd. of Governors of the Fed. Rsrv. Sys., to Dana James, Acting Chief Fin. Off., CFPB (Oct. 19, 2022).[8]

After the Supreme Court's *CFSA* decision, the CFPB modified the Final Rule on July 3, 2024, through issuance of an interim final rule, 89 Fed. Reg. 55024 (July 3, 2024) (to be codified at 12 C.F.R. § 1002). While the CFPB pursued the Final Rule's modification, it relied upon the Federal Reserve's unappropriated funds—not from its "combined earnings" since it had lacked combined earnings since September 2022—to promulgate the interim rule, just as it had when it issued the Final Rule to begin with.

## ARGUMENT

A. Courts must "freely give[ ]" leave to amend a complaint "when justice so requires." *Day v. McDonough*, 547 U.S. 198, 209 (2006) (quoting Fed. R. Civ. P. 15(a)). A court should

[5] Available at https://www.federalreserve.gov/newsevents/pressreleases/other20240112a.htm.
[6] Available at https://fred.stlouisfed.org/series/RESPPLLOPNWW.
[7] Available at https://files.consumerfinance.gov/f/documents/cfpb_funds-transfer-request_fy 2023-q1.pdf.
[8] Available at https://files.consumerfinance.gov/f/documents/cfpb_transfer-of-funds-fy2023-q1.pdf.

only deny leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Ayers v. Peterson,* 130 Fed. App'x 666, 669 (5th Cir. 2005). "Federal Rule 15(a) counsels a liberal amendment policy, which is limited by considerations of judicial economy and fairness to the nonmovant and which abhors bad faith or a dilatory motive." *Nance v. Gulf Oil Corp*., 817 F.2d 1176, 1180 (5th Cir. 1987); *see also United States ex rel. Bennett v. Medtronic, Inc*., 747 F. Supp. 2d 745, 749 (S.D. Tex. 2010). Courts "may grant leave to amend in situations where the controlling precedents changed midway through the litigation." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty*., 708 F.3d 1109, 1117–18 (9th Cir. 2013). When plaintiffs request an amendment to "add new, potentially viable, claims in reaction to an unforeseeable change in legal precedent[,]" then such amendment does not constitute bad faith under Federal Rule 15(a). *Lundy v. Morgan Stanley & Co*., No. C-90-2796 TEH, 1991 WL 238293, at *1–2 (N.D. Cal. July 18, 1991); *see Cruper-Weinmann v. Paris Baguette Am., Inc*., 653 F. App'x 81, 82 (2d Cir. 2016) (granting leave to amend complaint due to an interceding Supreme Court decision overturning case law plaintiffs relied upon); *see also United States v. Vaught*, No. 1:18-cv-00452-DCN, 2019 WL 4786045 at *9–11, 124 A.F.T.R.2d (RIA) 2019-6184 (D. Idaho Sep. 30, 2019) (granting motion to amend complaint because of new controlling case law).

B. This Court should grant this motion for leave to amend the Complaint in Intervention because the U.S. Supreme Court overruled binding Fifth Circuit law, necessarily modifying the legal theories in the Amended Complaint in Intervention and generating a new U.S. Constitution Appropriation Clause issue. Furthermore, the CFPB cannot demonstrate undue delay, bad faith or

dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, given that no developments have occurred since the Supreme Court issued *CFSA*.

The Complaint in Intervention relied on the Fifth Circuit's then-binding holding in *CFSA*, 51 F.4th 616, that the CFPB's funding structure was unconstitutional. *See* Dkt.67 ¶¶ 6, 23, 24, 30–33. The Fifth Circuit had held there that the CFPB's "funding apparatus cannot be reconciled with the [U.S. Constitution's] Appropriations Clause and the clause's underpinning, the constitutional separation of powers." *CFSA*, 51 F.4th at 642.

Subsequently, in *CFSA* the Supreme Court "decide[d] the narrow question [of] whether" the CFPB's funding mechanism complied with the Appropriations Clause, 601 U.S. at 421. Although the Final Rule is arbitrary and capricious for the reasons outlined by the Plaintiffs in this case, it is also unconstitutional and unlawful in another respect, which only became pertinent after the U.S. Supreme Court reversed *CFSA*, 51 F.4th 616. In particular, the Supreme Court explained that the CFPB's only constitutional funding comes from 12 U.S.C. § 5497, which "authorizes the [CFPB] to draw public funds from a particular source—'the combined earnings of the Federal Reserve System.'" *CFSA*, 601 U.S. at 418 (citation omitted). The Supreme Court held that only CFPB's funding from the "combined earnings" of the Federal Reserve complied with the Appropriations Clause because the "money [is] otherwise destined for the general fund of the Treasury." *Id*. at 425, 441. This created a new legal issue as to whether the CFPB's promulgation, modification and enforcement of the Final Rule complied with the Appropriations Clause since the Federal Reserve had no constitutional "combined earnings" with which to fund the CFPB, nor did CFPB ever ask for additional appropriations under 12 U.S.C. § 5497(e)(1)(A). As such, the overarching legal issue is the same in the original Complaint in Intervention and the Amended Complaint in Intervention: the CFPB's promulgation of the Final Rule is unlawful because the

CFPB violated the Appropriations Clause. *Compare* Dkt.67 ¶¶ 6, 23, 24, 30–33 to Ex.1 ¶¶ 6, 23, 24, 30–36, 37–42.

The Court should grant the motion for leave to amend here because there is no "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Ayers*, 130 F. App'x at 669; Fed. R. Civ. P. 15(a). Prior to the Supreme Court's *CFPB* decision, Farm Credit Intervenors pursued their claims under controlling Fifth Circuit Precedent and there is no any indication they sought to unduly delay the case or operate in bad faith, nor does responding to a change in controlling precedent constitute bad faith. *See Sonoma Cnty*., 708 F.3d at 1117–18.

Farm Credit Intervenors' amendment of the Complaint in Intervention in response to a change in controlling precedent would not cause any undue prejudice to the CFPB. *See Cruper-Weinmann*, 653 F. App'x at 82. The parties have completed summary judgment briefing, and the Court has yet to issue a decision. *See* Dkts.75, 76, 79, 90, 91, 95, 96, 100. Amending the Complaint in Intervention would only require that CFPB brief the one discrete issue of whether the CFPB complied with the U.S. Appropriations Clause while it promulgated the Final Rule. Further, Farm Credit Intervenors have no objection to the Court's issuance of a decision on the Administrative Procedure Act claims if it was to do so as a partial summary judgment. This case is not close to trial and such amendment would not require the gathering and analysis of new facts—in fact, it is purely legal considering the nature of the Supreme Court's decision and the plain statutory text. Finally, as explained in the Farm Credit Intervenors' Motion for Judgment on the Pleadings, No. 7:23-cv-00144 (S.D. Tex., Aug. 2, 2024), the Amended Complaint in

Intervention is not a futile effort; and, in fact, Farm Credit Intervenors are entitled to judgment on their new claim.

Accordingly, and pursuant to the liberal amendment policy of Federal Rule 15(a), the Court should grant leave to the Farm Credit Intervenors to amend their Complaint in Intervention to account for the recent Supreme Court *CFPB* decision.

Dated: August 2, 2024

Respectfully submitted,

*/s/ Daniel G. Gurwitz*

Daniel G. Gurwitz
State Bar No. 00787608
Southern Dist. ID No. 16895
Email: dgurwitz@atlashall.com

Attorney in charge for Farm Credit Council, Texas Farm Credit, and Capital Farm Credit

OF COUNSEL:
Atlas, Hall & Rodriguez, LLP
818 Pecan Blvd.
P.O. Box 3725
McAllen, Texas 78501/ 78502-3725
Tel: 956-682-5501
Fax: 956-686-6106

Misha Tseytlin
TROUTMAN PEPPER
HAMILTON SANDERS LLP
227 W. Monroe Street
Suite 3900
Chicago, IL 60606
(312) 759-5947
misha.tseytlin@troutman.com

Joseph J. Reilly
TROUTMAN PEPPER
HAMILTON SANDERS LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
(202) 274-2908
joseph.reilly@troutman.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed on August 2, 2024, via the CM/ECF system and via email courtesy copy to Counsel for Defendants.

*/s/ Daniel G. Gurwitz*
Daniel G. Gurwitz

Attorney in charge for Farm Credit Council, Texas Farm Credit, and Capital Farm Credit

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(D), I hereby certify that I conferred with Kevin Friedl and Karen Bloom, Senior Counsel for the CFPB, by email regarding this Motion. The parties were unable to reach an agreement on the relief sought in the Motion and thus Defendants oppose this Motion.