IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| TEXAS BANKERS ASSOCIATION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*, <br><br> *Defendants*. | Civil Action No. 7:23-cv-00144 |

**DEFENDANTS' MOTION TO STAY DEADLINE TO RESPOND TO FARM CREDIT INTERVENORS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants respectfully request that the deadline for responding to the Farm Credit Intervenors' motion for judgment on the pleadings (ECF No. 107) be stayed until after the Court adjudicates the Farm Credit Intervenors' pending motion to amend their complaint (ECF No. 108), and Defendants have answered any docketed amended complaint.

Until the Court rules on the pending motion to amend the complaint, it is not clear whether the claim that is the subject of the putative amended complaint and the motion for judgment on the pleadings will even be a part of this case. Defendants should therefore not be put to the burden of responding to the putative new claim at least until the Court answers the threshold question about its role in this case. Moreover, Farm Credit Intervenors' motion for judgment on the pleadings was filed prematurely. Pursuant to Fed. R. Civ. P. 12(c), motions for judgment on the pleadings may only be filed after the pleadings related to the relevant issue "are closed." But the pleadings relevant to the putative new claim have not yet even opened—*i.e.*, the

1

relevant claim does not appear in any of the complaints or answers filed to date in this case, and the Court has not yet adjudicated the Farm Credit Intervenors' motion to add this claim to their complaint. Defendants' obligation to respond to the motion for judgment on the pleadings should be stayed at least until such time as the motion for judgment on the pleadings would be appropriately filed—when the pleadings are "closed" after the relevant claim has at least been addressed in a complaint and answer.

The relevant intervenors have stated that they "do not oppose CFPB submitting its opposition [to the motion for judgment on the pleadings] and answer at the same time." Mot. for J. at 7, n.9. Those intervenors do oppose the relief requested here, however.[1]

If the court were to grant Farm Credit Intervenors' motion to amend their complaint, Defendants anticipate moving to dismiss the amended complaint, and including in that motion an explanation of why intervenors' new theory is meritless. Thus, Defendants' position about the "new" issue would be raised for the court at the same time—but in the procedurally appropriate posture— as if they simultaneously filed an answer and opposition to the motion for judgment on the pleadings at the time a response to a docketed amended complaint would be due. Because Defendants should not be put to responding to a claim before the Court has ruled on whether the complaint raising that claim can even be filed, granting this motion would not pose delay.

## BACKGROUND

Plaintiffs Texas Bankers Association, Rio Bank, and American Bankers Association brought this suit under the APA to challenge the Bureau's Small-Business Lending Rule. 88 Fed. Reg. 35,150 (May 31, 2023). The rule implements a statutory requirement aimed at increasing

---

[1] As noted in the certificate of conference at the back of this motion, counsel for the Farm Credit Intervenors stated they oppose the relief requested in this motion, and the other Plaintiffs and Intervenor-Plaintiffs either did not take a position or did not provide one.

transparency in the small-business lending market by requiring lenders to collect and report data about credit applications from small businesses. *See* 15 U.S.C. § 1691c-2.

Plaintiffs brought this action to "set[] aside and hold[] unlawful" the final rule. ECF No. 12, Prayer for Relief. They raised four claims. *See id*. ¶¶ 31-35, 78-83 (Count I: Rule violates the APA and the Constitution because, as the Fifth Circuit recognized in *Cmty. Fin. Servs. Ass'n of Am., Ltd. v. CFPB*, 51 F.4th 616 (5th Cir. 2022), the Bureau receiving funds directly through the Federal Reserve "cannot be reconciled with the Appropriations Clause"); *id*. ¶¶ 84-91 (Count II: Rule violates the APA because the Bureau exceeded its statutory authority); *id*. ¶¶ 92-99 (Count III: Rule violates the APA because the Bureau acted arbitrarily and capriciously); *id*. ¶¶ 100-110 (Count IV: Rule violates the APA because the Bureau's assessment of its benefits and costs was unreasonable). In August and September 2023, four groups of entities purporting to be covered by the final rule moved to intervene in this case. They filed complaints in intervention alleging claims similar to those in the operative complaint. *See* ECF Nos. 39, 41, 51, and 67.

On May 16, 2024, the Supreme Court decided *CFPB v. Community Financial Services Ass'n of Am., Ltd.*, 2024 WL 2193873 (U.S.) ("*CFSA*"). That decision reversed the Fifth circuit opinion on which Plaintiffs and intervenors had relied, and rejected the challenge to the Bureau's statutory method of funding that Plaintiffs and Intervenors raised in Count I of their complaints. Following that decision, Plaintiffs indicated that what remained in this case was for the parties to complete briefing on, and for the Court to adjudicate, the remaining three APA challenges to the Final Rule. *See* Pls' Notice Regarding *CFPB v. CFSA* (ECF No. 98). The parties have filed cross-motions for summary judgment on these APA claims. These motions have been fully briefed since June 7, 2024.

On August 2, 2024, one group of the intervenors, "the Farm Credit Intervenors" (consisting of the Farm Credit Council, Texas Farm Credit, and Capital Farm Credit) moved to amend its complaint to add a purportedly "new … issue"[2] related to the Bureau's funding. ECF 108. On the same day, the Farm Credit Intervenors also moved for judgment on the pleadings related to the purportedly "new" issue. ECF 107.

Under the local rules, responses to the motions filed by the Farm Credit Intervenors on August 2 are due on August 23, 2024. *See* L.R. 7.3-7.4. Any reply in support of the Farm Credit Council's motion to amend will be due August 30, 2024.[3] If the Court grants the Farm Credit Intervenors' motion to amend and allows the putative amended complaint to be docketed, Defendants' response to that complaint[4] would be due fourteen days after the complaint is served. *See* Fed. R. Civ. P. 15(a)(3). Under this schedule, Defendants are required to respond to the motion for judgment on the pleadings related to the new funding claim before the motion about whether that claim should be part of the case is even fully briefed, much less adjudicated.

## ARGUMENT

For the following reasons, the Court should stay the deadline for responding to the Farm Credit Intervenors' motion for judgment on the pleadings.

---

[2] This issue could have been raised at the outset of the case (or at any subsequent time during this litigation), but it was not. Defendants anticipate explaining this further in their forthcoming opposition to the Farm Credit Intervenors' motion to amend their complaint.

[3] L.R. 7.4 provides that replies are due within seven days from the date a response is filed, and the Bureau plans to file a response on August 23, 2024.

[4] Defendants are entitled to answer or move to dismiss an amended complaint, if appropriate.

I.  **Defendants should not be required to respond to the merits of a claim before the Court determines whether that claim is part of the case**

Although the Farm Credit Intervenors' have moved for judgment on their "new" funding claim, that claim does not appear in the operative complaints in this case. Defendants should not be required to respond to any claim unless and until it is clear that claim is properly part of the case. *See, e.g., De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 Fed. App'x. 200, 204 (5th Cir. 2012) (theories should not be considered when those theories were not raised in [the] complaint); *Burns v. Monumental Life Ins. Co.*, No. 1:12-cv-03658-SCJ, 2013 WL 120641116 (N.D. Ga. July 19, 2013) (staying deadline for response to motion for judgment until after a ruling on motion for leave to file amended complaint). If the court agrees with the arguments Defendants will offer in opposition to Farm Credit Intervenors' motion to amend their complaint, the amended complaint will not be docketed, the issue upon which Intervenors seek judgment will not be part of this case, and the motion for judgment will be moot. Defendants should not be required to respond to this potentially irrelevant motion until it is clear what role, if any, the new claim has in this case.

II. **The motion for judgment on the pleadings is premature**

Pursuant to Fed. R. Civ. P. 12(c), a plaintiff cannot move for judgment on the pleadings until after the relevant pleadings are "closed." For purposes of this rule "the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, crossclaim, or third-party claim is interposed." *Mandujano v. City of Pharr, Tex.*, 786 Fed. App'x 434, 436 (5th Cir. 2019) (quoting 5C Charles Alan Wright et al., Federal

Practice and Procedure § 1367 (3d ed. Apr. 2019 Update).[5] It is important that the pleadings be closed so that it is clear whether there are any material facts in dispute between the parties, since a motions for judgment on the pleadings "only has utility when all material allegations of fact are admitted or not controverted in the pleadings." Wright, Federal Practice and Procedure § 1367.

Here, the relevant pleadings have not "closed." Farm Credit Intervenors have sought judgment on a funding issue that is not included in any of the five currently operative complaints. And while the Farm Credit Intervenors have moved to amend their complaint to add this claim, the Court has not yet ruled on that motion, which will not even be fully briefed until the end of the month. Even if the Court grants the motion to amend, the pleadings related to the "new" funding issue will not be "closed" at least until Defendants answer the amended complaint. Until that time, the Farm Credit Intervenors' motion for judgment on the pleadings is premature.

Courts frequently excuse litigants from the burden of responding to prematurely filed motions for judgment on the pleadings. *See, e.g.*, *Coats v. United States*, No. 4:17-CV-557, 2019 WL 2051680, at *3 (E.D. Tex. May 9, 2019) (adopting recommendation to deny a premature motion for judgment on the pleadings that was filed while the Government had yet to file an answer); *Fox v. Seals*, 18-9694, 2019 WL 1748432 (E.D. La. Mar. 28, 2019) (because not all

---

[5] Even where an answer has been filed in a case, a motion for judgment on the pleadings is premature if the pleadings are not closed with respect to the specific claim upon which judgment is being sought. *See, e.g.*, *Fisher-Price, Inc. v. Kids II, Inc.*, No. 10-CV-00988A(F), 2011 WL 6409665, at *6 (W.D.N.Y. Dec. 21, 2011) (judgement on the pleadings is appropriate only after the *relevant* pleadings are closed); *Dwyer v. City of Corinth*, No. 4:09-CV-198, 2009 WL 10677592 (E.D. Tex. July 8, 2009) (denying motion for judgment on the pleadings since Plaintiff is amending complaint); *Beyond Blond Prods. v. Heldman*, No. CV 20-5581 DSF (GJSx), 2021 WL 9315215 (C.D. Cal. Sept. 16, 2021) ("it is 'immaterial' that [plaintiff] has not yet responded to Defendants' counterclaims [because] … the *relevant* pleadings have closed") (emphasis added).

defendants had responded to the complaint, plaintiffs' motion for judgment on the pleadings "must be dismissed as premature"); *Walker v. Stephens*, No. 7:17-cv-00168, 2018 WL 8490059, at *10 (N.D. Tex. June 21, 2018) (recommending denial of motion for judgment on the pleadings that was filed before Defendants had filed an answer); *Inst. for Creation Rsch. Graduate School v. Texas Higher Ed. Coordinating Board*, No. A-09-CA-382-SS, 2009 WL 10699959 (W.D. Tex. July 13, 2009) (denying premature motion for judgment on the pleadings).

The Court should likewise stay Defendants' deadline for responding to the Farm Credit Intervenors' motion for judgment on the pleadings at least until the pleadings related to the relevant claim are "closed"—*i.e.*, at least until the Court has decided whether it will grant the motion to amend the complaint to add the "new" funding claim and, if it does allow that amendment, until Defendants have answered the amended complaint.

## CONCLUSION

For these reasons, the Court should stay Defendants' deadline for responding to the motion for judgment on the pleadings until after the court adjudicates the Farm Credit Intervenors' pending motion to amend their complaint, and, if that motion is granted, until the pleadings related to that amended complaint are "closed."

Dated:  August 16, 2024                                  Respectfully submitted,


/s/   *Karen Bloom*
Seth Frotman
  *General Counsel*
Steven Y. Bressler
  *Deputy General Counsel*
Kevin E. Friedl
  *Acting Assistant General Counsel*

                                            Karen S. Bloom (NY # 4438917)
                                            Andrea Matthews (MA #694538)
                                              *Senior Counsel*
                                            Consumer Financial Protection Bureau
                                            1700 G Street NW
                                            Washington, DC 20552
                                            (202) 435-7012 (phone)
                                            (202) 435-7024 (facsimile)
                                            karen.bloom@cfpb.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2024, I electronically filed the foregoing using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/  Karen S. Bloom

CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(D), I hereby certify that on August 14-16, 2024, I attempted to confer with counsel for the Plaintiffs and Intervenors, by email regarding this motion. Counsel for the Farm Credit Intervenors oppose this motion. Counsel for the ELFA Intervenors does not take a position on the motion. Counsel for Plaintiffs and for the Credit Union Intervenors did not provide a position on this motion.