IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

TEXAS BANKERS ASSOCIATION; RIO BANK, MCALLEN, TEXAS; and AMERICAN BANKERS ASSOCIATION,

*Plaintiffs*,

v.

CONSUMER FINANCIAL PROTECTION BUREAU and ROHIT CHOPRA, in his official capacity as Director of the Consumer Financial Protection Bureau,

*Defendants*.

Case No. 7:23-cv-00144

**INTERVENOR-PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DEADLINE TO RESPOND TO FARM CREDIT INTERVENORS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Intervenor-Plaintiffs the Farm Credit Council, Texas Farm Credit, and Capital Farm Credit (collectively, the "Farm Credit Intervenors") file this Opposition to Defendants' Motion to Stay Deadline to Respond to Farm Credit Intervenors' Motion for Judgment on the Pleadings, Dkt.111 ("Stay Motion"), as follows:

**BACKGROUND**

The Farm Credit Intervenors explained during a conference with the Court on July 29, 2024, that they intended to file motions to amend their complaint and for judgment on the pleadings based on an argument that only became relevant when the Supreme Court, in May of 2024, reversed previously binding Fifth Circuit precedent that the entire CFPB funding structure was

unconstitutional. *CFPB v. Cmty. Fin. Servs. Ass'n of Am.,* 601 U.S. 416 (2024) ("*CFSA*"). The argument, based on *CFSA*, is that the Federal Reserve has had no constitutional "combined earnings" with which to fund the CFPB under 12 U.S.C. § 5497(a)(1) since September 2022, nor has CFPB since that time ever asked for additional appropriations under § 5497(e)(1)(A). Thus, the Final Rule, published in May 2023 and amended in 2024, is invalid.

At that July 29, 2024 conference, the Court noted that, under the federal rules, leave to amend is freely granted, and the Farm Credit Intervenors committed to filing their motions by that Friday, August 2, which they did. Dkts.107 (Motion for Judgment On the Pleadings), 108 (Motion to Amend the Complaint). Defendants filed their pending Stay Motion on August 16, seeking a stay of their August 23 deadline to respond specifically to the Motion for Judgment On the Pleadings.

**ARGUMENT**

A. "Generally, the moving party bears a heavy burden to show why a stay should be granted absent statutory authorization, and a court should tailor its stay so as not to prejudice other litigants unduly." *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co., Inc.*, 761 F.2d 198, 203 n.6 (5th Cir. 1985) (citation omitted); *see Citgo Petroleum Corp. v. M/T BOW FIGHTER*, 2011 WL 2604828 at *4 (S.D. Tex. June 30, 2011). The Court has "discretionary power to convert" a motion to "conserve[ ] judicial resources." *Hernandez v. Morales*, 2014 WL 794201 at *1 (S.D. Tex. Feb. 25, 2014); *see Doe v. Columbia-Brazoria Indep. Sch. Dist.*, 855 F.3d 681, 686 (5th Cir. 2017) (finding a district court did not abuse its discretion by hearing a Rule 12(b)(6) motion because the district court had authority to convert it to a Rule 12(c) motion).

B. As this Court recognized in 2023 when it granted preliminary injunctions and stayed the Final Rule's compliance dates, the costs of preparing to comply with the Final Rule are

2

significant and constitute irreparable harm. Dkt.25 at 13–14; Dkt.69 at 4. Since the stay of compliance dates was lifted in May of this year as a result of the *CFSA* decision, the Farm Credit Intervenors and other persons subject to the Final Rule have of course begun to incur compliance costs again.

Thus, time is of essence, and the Farm Credit Intervenors are suffering irreparable harm now. A significant problem, however, is that if the Court grants the Motion to Amend, the CFPB plans to ignore the pending Motion for Judgment On the Pleadings and instead file a motion to dismiss. Stay Motion at 2. This would delay the case, require the Court to pass on the same issue multiple times to reach resolution, and should not be allowed.

The Farm Credit Intervenors ask this Court to construe Defendants' forthcoming opposition to the Motion to Amend as an opposition to the Motion for Judgment on the Pleadings. The reason for that is that Farm Credit Intervenors expect Defendants to oppose the Motion to Amend on futility grounds, arguing Farm Credit Intervenors' "earnings" theory fails as a matter of law. *See, e.g.*, *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 379 (5th Cir. 2014) (denying a motion to amend complaint because the amended complaint failed to state a claim upon which relief may be granted). If this Court rejects Defendants' argument, it would have necessarily decided that Farm Credit Intervenors' argument meets the "same standard of legal sufficiency as applie[d] under Rule 12(b)(6)." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (citation omitted). That would, of course, make any motion to dismiss futile under the law-of-the-case doctrine, which requires "that when a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages in the same case." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (quoting *Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011)). Further, given that the "earnings" argument is purely

legal, the law of the case doctrine would also foreclose any opposition to Farm Credit Intervenors' motion for judgment on the pleadings. It makes no sense for Defendants to raise the exact same purely legal arguments three times—once in a futility argument in opposition to the motion to amend, another time in the motion to dismiss, and then another time in an opposition to a motion to amend the pleadings. To delay proceedings by permitting three redundant arguments is an undue "prejudice [to] other litigants" and Defendants, as the moving party, have not met that "heavy burden to show why a stay should be granted." *Coastal (Bermuda) Ltd.*, 761 F.2d at 203 n.6; *see Citgo Petroleum Corp.*, 2011 WL 2604828 at *4. In light of the court's broad discretion to tailor its docket, it may convert Defendants' motion to "conserve[ ] judicial resources" and prevent redundant briefing. *Hernandez*, 2014 WL 794201 at *1; *see Columbia-Brazoria Indep. Sch. Dist.*, 855 F.3d at 686.

In the alternative, if the Court does not construe Defendants' forthcoming opposition to the Motion to Amend as an opposition to the Motion for Judgment On the Pleadings, it should for the reasons stated above at least require Defendants to respond to the latter motion 14 days after docketing of the Amended Complaint, which would be the due date for responding to that pleading. *See* Fed. R. Civ. P. 15(a)(3).

In closing, the Farm Credit Intervenors must respond to two inaccuracies in the Stay Motion. First, Defendants assert in a footnote that the constitutional "earnings" argument under 12 U.S.C. § 5497 "could have been raised at the outset of this case (or at any subsequent time during this litigation)." Stay Motion at 4 n.2. That is incorrect. As the Farm Credit Intervenors explained in their motions, the issue specifically arises from the *CFSA* case, which reversed previously binding Fifth Circuit precedent that the entire CFPB funding structure was unconstitutional. *See* Dkt.107 at 8–9; Dkt.108 at 7–8.

4

Second, Defendants mischaracterize (without quoting) a filing by all Plaintiffs immediately after *CFSA* by asserting that Plaintiffs in that filing "indicated that what remained in this case was . . . [the] three APA challenges." Stay Motion at 3 (citing Pls' Notice Regarding *CFPB v. CFSA*, Dkt.98). In no way did that filing indicate that the APA claims were *all* that was left of this case. The filing solely concerned the APA claims. Indeed, all Plaintiffs agree that the APA claims are separate from the constitutional "earnings" argument and, moreover, that the earnings "argument must be addressed." Dkt. 109 at 1; *see also* Dkt. 110.

In conclusion, this Court should either (a) construe Defendants' forthcoming opposition to the Motion to Amend as an opposition to the Motion for Judgment On the Pleadings or, alternatively, (b) require Defendants to respond to the Motion for Judgment On the Pleadings 14 days after any docketing of the Amended Complaint.

Dated: August 22, 2024

Respectfully submitted,

*/s/ Daniel G. Gurwitz*
Daniel G. Gurwitz
State Bar No. 00787608
Southern Dist. ID No. 16895
Email: dgurwitz@atlashall.com

Attorney in charge for Farm Credit Council, Texas Farm Credit, and Capital Farm Credit

OF COUNSEL:
Atlas, Hall & Rodriguez, LLP
818 Pecan Blvd.
P.O. Box 3725
McAllen, Texas 78501/ 78502-3725
Tel: 956-682-5501
Fax: 956-686-6106

Joseph J. Reilly
TROUTMAN PEPPER
HAMILTON SANDERS LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
(202) 274-2908
joseph.reilly@troutman.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed on August 22, 2024, via the CM/ECF system and via email courtesy copy to Counsel for Defendants.

> */s/ Daniel G. Gurwitz*
> Daniel G. Gurwitz
>
> Attorney in charge for Farm Credit Council, Texas Farm Credit, and Capital Farm Credit