**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| TEXAS BANKERS ASSOCIATION; RIO BANK, MCALLEN, TEXAS; and AMERICAN BANKERS ASSOCIATION, | ) ) ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 7:23-cv-00144 |
| CONSUMER FINANCIAL PROTECTION BUREAU and ROHIT CHOPRA, in his official capacity as Director of the Consumer Financial Protection Bureau, | ) ) ) ) ) | |
| | ) | |
| *Defendants*. | ) | |

**FARM CREDIT INTERVENORS' REPLY IN SUPPORT OF THEIR MOTION TO
AMEND THE COMPLAINT IN INTERVENTION**

**TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................... 1

II.   THE COURT SHOULD GRANT LEAVE OF AMENDMENT BECAUSE FARM
      CREDIT INTERVENORS TIMELY SEEK AMENDMENT IN RESPONSE TO
      CHANGE IN CONTROLLING CASE LAW .................................................................. 1

III.  CONCLUSION ............................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*,
103 F.4th 383 (5th Cir. 2024) ................................................................................ 2

*CFPB v. CFSA*,
601 U.S. 416 (2024) ................................................................................ 1, 3, 4, 5

*CFSA v. CFPB*,
51 F.4th 616 (5th Cir. 2022) ................................................................................ 1, 4

*Dussouy v. Gulf Coast Inv. Corp.*,
660 F.2d 594 (5th Cir. 1981) ................................................................................ 3

*In re Enron Corp. Sec., Derivative and ERISA Litig.*,
610 F. Supp. 2d 600 (S.D. Tex. 2009) .................................................................. 6

*JECO Invs. P'ship v. Pac. Life Ins. Co.*,
No. CV H-20-2464, 2020 WL 6322003 (S.D. Tex. Oct. 28, 2020) ........................ 6

*Little v. Liquid Air Corp.*,
952 F.2d 841 (5th Cir. 1992) ................................................................................ 2, 3, 5, 6

*Mitsubishi Aircraft Int'l, Inc. v. Brady*,
780 F.2d 1199 (5th Cir. 1986) .............................................................................. 6

*Rangel v. Mascorro*,
No. CV L-10-104, 2011 WL 13353220 (S.D. Tex. Aug. 19, 2011) ........................ 3

*Roberson v. Hayti Police Dep't*,
241 F.3d 992 (8th Cir. 2000) ................................................................................ 3

*U.S. Commodity Futures Trading Comm'n v. Fin. Robotics, Inc.*,
No. CIV.A. H-11-2446, 2013 WL 3280038 (S.D. Tex. June 27, 2013) .................. 2

*Whitaker v. City of Hous.*,
963 F.2d 831 (5th Cir. 1992) ................................................................................ 5

*Wimm v. Jack Eckerd Corp.*,
3 F.3d 137 (5th Cir. 1993) .................................................................................... 5, 6

**Statutes**

12 U.S.C. § 5497 .................................................................................................... 3

## I.    <u>Introduction</u>

Intervenor-Plaintiffs the Farm Credit Council, Texas Farm Credit, and Capital Farm Credit (collectively, the "Farm Credit Intervenors") by and through their undersigned counsel, hereby submit this Reply in Support of their Motion to Amend the Complaint in Intervention.

Farm Credit Intervenors seek to amend the Complaint in Intervention to raise an argument that only became relevant after the Supreme Court's recent decision in *Consumer Financial Protection Bureau v. Community Financial Services Association of America, Ltd. ("CFSA")*, 601 U.S. 416 (2024), held that the CFPB may constitutionally draw funds from the Federal Reserve's "combined earnings," which are otherwise surplus funds destined for the Treasury.  Defendants Consumer Financial Protection Bureau and Rohit Chopra (collectively, the "CFPB") oppose the Motion, claiming undue delay.  But the CFPB cannot dispute that *CFSA v. CFPB*, 51 F.4th 616 (5th Cir. 2022), was binding caselaw at the time the Farm Credit Intervenors sued and held that the entire structure of the CFPB's funding was unconstitutional.  And while the CFPB argues Farm Credit Intervenors waited two and a half months after the Supreme Court issued its judgment, that is—of course—a minimal amount of time to study a new issue from a landmark Supreme Court decision, and the CFPB cannot point to any case, from any court, that denied a motion for leave to amend in even arguably analogous circumstances.  Further, the CFPB faces no prejudice from permitting Farm Credit Intervenors to pursue this new claim, as the CFPB has already addressed the same argument in court just a few days ago, and will need to do so again and again in many pending cases.

## II.    <u>The Court Should Grant Leave Of Amendment Because Farm Credit Intervenors Timely Seek Amendment In Response To Change In Controlling Case Law</u>

A.  Farm Credit Intervenors moved to amend their Complaint in Intervention on August 2, 2024, demonstrating that good cause exists to amend because of the intervening May 16, 2024

Supreme Court *CFSA* decision reversing binding Fifth Circuit precedent, Dkt.108 at 6–9. A change in law is a well-recognized reason for amending a complaint, especially in light of the liberal standard for amending complaints. *See id.* at 5–6. Permitting amendment would not prejudice the CFPB. *See id.* at 8.

B. The CFPB opposes the Motion to Amend because it claims undue delay, but its argument falls flat. "[L]eave to amend should be liberally granted, when the plaintiff might be able to state a claim based on the underlying facts and circumstances." *Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383, 394 (5th Cir. 2024) (alteration in original) (citation omitted). Only in the unusual circumstance where a motion to amend is "particularly egregious," does "the burden shift[ ] to the moving party to demonstrate that the delay was 'due to oversight, inadvertence or excusable neglect.'" *Little v. Liquid Air Corp.*, 952 F.2d 841, 846–47 (5th Cir. 1992), *on reh'g en banc*, 37 F.3d 1069 (5th Cir. 1994); *see U.S. Commodity Futures Trading Comm'n v. Fin. Robotics, Inc.*, No. CIV.A. H-11-2446, 2013 WL 3280038 at *3 (S.D. Tex. June 27, 2013) (citing *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2000)). But "mere passage of time need not result in refusal of leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *see Rangel v. Mascorro*, No. CV L-10-104, 2011 WL 13353220, at *4 (S.D. Tex. Aug. 19, 2011) (citation omitted) (determining that a motion to amend a complaint "late in the game" does not make amendment "procedurally fatal").

Here, contrary to CFPB's claims, Farm Credit Intervenors did not delay, let alone engage in such "egregious," *Little*, 952 F.2d at 846, delay as to justify denying their motion to amend.

The relevant time frame to assess whether the Motion to Amend is timely is from May 16, 2024 (the day the Supreme Court published *CFSA*, 601 U.S. 416), to August 2, 2024 (the day Farm Credit Intervenors filed the Motion to Amend). The CFPB suggests the Motion to Amend should

instead be measured against when the Complaint in Intervention was filed because "publicly available" information demonstrated the Federal Reserve lacked earnings since September 2022. Dkt.114 at 4. But no amount of "publicly available" resources changes the *legal point* that at the time the Farm Credit Intervenors intervened, the binding law in the Fifth Circuit was that the CFPB's funding structure violated the Appropriations Clause and the Constitution's separation of powers. *CFSA v. CFPB*, 51 F.4th 616, 644 (5th Cir. 2022), *rev'd*, *CFSA*, 601 U.S. 416. The Supreme Court then reversed the Fifth Circuit, finding that "the statute that provides funding to the [CFPB]" did not "violate[ ] the Appropriations Clause" only because the CFPB received funds from "the combined earnings of the Federal Reserve System." *CFSA*, 601 U.S. at 424–25, 435. Such "Appropriatio[n] made by Law" is possible under current law because the "combined earnings" are "otherwise destined for the general fund of the Treasury" before they are diverted to the CFPB to "pay the expenses of the [CFPB]." *Id.* at 425, 435 (first alteration in original). As such, the existence of 12 U.S.C. § 5497 or publicly available data prior to the *CFSA* decision is irrelevant for questions of timeliness, given that—again—at the time Farm Credit Intervenors sued, 12 U.S.C. § 5497 was invalid under binding caselaw, and the public data relating to that provision was legally irrelevant under binding law.

The CFPB next argues that the two and half months between the Supreme Court's *CFSA* decision and the Motion to Amend is an undue and egregious delay. Dkt.114 at 3–7. The CFPB does not cite any case, from any court, suggesting that two and a half months to analyze the impact of a new Supreme Court decision and to bring a motion to amend based upon that decision is any amount of delay, let alone "particularly egregious," *Little*, 952 F.2d at 846. At the first conference after *CFSA*, on July 29, 2024, Farm Credit Intervenors discussed with this Court and the CFPB the need to amend the Complaint in Intervention to account for the new controlling *CFSA* precedent,

and promised the Court they would file all papers within four days, which they did.  *See* Dkts.107, 108.

The cases the CFPB cites only underscore that this case is nothing like those cases in which motions to amend a complaint were denied based upon undue delay; indeed,  none of the cases involved an intervening change of binding precedent.  *Whitaker v. City of Hous.*, 963 F.2d 831 (5th Cir. 1992), involved a plaintiff seeking to amend an already dismissed complaint as an alternative to an appeal.  *Id.* at 832.  Further, the *Whitaker* plaintiff failed to submit his proposed amended complaint before the filing deadline, and then requested (and was granted) nearly a month's extension, but ultimately filed his amended complaint over two months after his original complaint was *dismissed.  See id.* at 832–33.  *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137 (5th Cir. 1993), involved plaintiffs who intentionally delayed filing.  *Id.* at 141–42.  The district court denied the motion to amend because of the plaintiffs' "bad faith . . . with dilatory motive."  *Id.* at 139.  The other cases likewise involved bad faith and deliberate delay.  *JECO Invs. P'ship v. Pac. Life Ins. Co.*, No. CV H-20-2464, 2020 WL 6322003, at *4 (S.D. Tex. Oct. 28, 2020); *Mitsubishi Aircraft Int'l, Inc. v. Brady*, 780 F.2d 1199, 1203 (5th Cir. 1986); *In re Enron Corp. Sec., Derivative and ERISA Litig.*, 610 F. Supp. 2d 600, 653–54 (S.D. Tex. 2009) (denying a motion to amend in a seven-year-old action in which amendment would re-open discovery).

Finally, although required to prove that an amendment would prejudice them, the CFPB fails to even raise a prejudice argument.  The CFPB instead simply asserts Farm Credit Intervenors begin by showing "oversight, inadvertence, or excusable neglect" in not bringing the amendment earlier because of "egregiousness."  Dkt.114 at 3.   But the CFPB puts the cart before the horse because the non-moving party bears the burden to prove prejudice.  *Little*, 952 F.2d at 846; *Dussouy*, 660 F.2d at 598 n.2.  The CFPB would suffer absolutely no prejudice from permitting

amendment here.  Indeed, the CFPB has already responded, *see* CFPB's Response in Opposition to Motion, *CFPB v. Active Network, LLC*, No.4:22cv898 (E.D. Tex. July 15, 2024) (attached as <u>Exhibit A</u>); Defendant's Motion to Dismiss, *Active Network, LLC*, No.4:22cv898 (E.D. Tex. June 17, 2024), and will soon have to respond to the same exact argument in many other courts.  *See e.g.*, Memorandum of Points and Authorities in Support of Defendant Solo Funds, Inc.'s Motion to Dismiss Complaint, *CFPB v. Solo Funds, Inc*., No.2:24cv4108 (C.D. Cal., Aug. 15, 2024); *CFPB v. Credit Acceptance Corp*., No.1:23cv38 (S.D.N.Y. Aug. 14, 2024); Defendant's Memorandum of Law in Support of Revised Motion to Dismiss, *CFPB v. Credit Acceptance Corp*., No.1:23cv38 (S.D.N.Y. Aug. 14, 2024); Defendant's Motion to Dismiss for Failure to State a Claim, *CFPB v. Populus Financial Group, Inc*., No.3:22cv1494 (N.D. Tex. July 31, 2024); Defendant's Memorandum in Support of Rule 12(c) Motion For Judgment on the Pleadings, *CFPB v. Heights Finance Holding Co*., No.6:23cv4177 (D.S.C. July 30, 2024); Defendant's Reply in Support of Motion to Dismiss, *CFPB v. Active Network, LLC*, No.4:22cv898 (E.D. Tex. July 29, 2024).  It will be no burden at all for the CFPB to put forward the same (meritless) arguments to defend its unconstitutional, unfunded actions since September 2022.

**III.    <u>Conclusion</u>**

This Court should grant the Motion to Amend, and should order the CFPB to respond to the Motion for Judgment on the Pleadings, filed August 2, 2024, within 14 days of the docketing of the Amended Complaint, for the reasons stated in Dkt. #112, the Farm Credit Intervenors' Opposition to Defendants' Motion to Stay Deadline to Respond to [Their] Motion for Judgment on the Pleadings.

Dated: August 29, 2024

Respectfully submitted,

_/s/ Daniel G. Gurwitz_
Daniel G. Gurwitz
State Bar No. 00787608
Southern Dist. ID No. 16895
Email: dgurwitz@atlashall.com

OF COUNSEL:
Atlas, Hall & Rodriguez, LLP
818 Pecan Blvd.
P.O. Box 3725
McAllen, Texas 78501/ 78502-3725
Tel: 956-682-5501
Fax: 956-686-6106

Attorney in charge for Farm Credit Council,
Texas Farm Credit, and Capital Farm Credit

Misha Tseytlin
TROUTMAN PEPPER
HAMILTON SANDERS LLP
227 W. Monroe Street
Suite 3900
Chicago, IL 60606
(312) 759-5947
misha.tseytlin@troutman.com

Joseph J. Reilly
TROUTMAN PEPPER
HAMILTON SANDERS LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
(202) 274-2908
joseph.reilly@troutman.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed on August 29, 2024, via the CM/ECF

system and via email courtesy copy to Counsel for Defendants.

_/s/ Daniel G. Gurwitz_
Daniel G. Gurwitz

Attorney in charge for Farm Credit
Council, Texas Farm Credit, and
Capital Farm Credit

6