IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| TEXAS BANKERS ASSOCIATION; RIO BANK, MCALLEN, TEXAS; and AMERICAN BANKERS ASSOCIATION<br><br>*Plaintiffs*,<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU; and ROHIT CHOPRA, in his official capacity as Director of the Consumer Financial Protection Bureau,<br><br>*Defendants*. | Case No: 7:23-cv-00144 |

**PLAINTIFFS'/INTERVENORS' MOTION TO CERTIFY
THE COURT'S AUGUST 26, 2024 OPINION AND ORDER (ECF 115)
AS FINAL UNDER RULE 54(b)**

Pursuant to Federal Rule of Civil Procedure 54(b) and Local Civil Rule 7.1, Plaintiffs respectfully request that the Court certify its Opinion and Order of August 26, 2024 (ECF No. 115) as Final as to the undersigned Plaintiffs and Intervenors. The Order meets the standard for certification as Final under Federal Rule of Civil Procedure 54(b). This Court's Order fully and finally resolves all of the claims raised by Plaintiffs and the undersigned Intervenors—it disposes of the Administrative Procedure Act (APA) and Administrative Record claims "entirely." *Monument Mgmt. Ltd. P'ship I v. City of Pearl, Miss.*, 952 F.2d 883, 885 (5th Cir. 1992). All that remains in this case is a potential distinct claim that has not, to this date, been accepted by this Court. That potential claim—the textual argument regarding CFPB's funding raised by the Farm Credit Intervenors—is entirely separate from movants' claims and does not rely on the facts or determinations made by the Court in its Opinion. Moreover, as this Court recognized, *see* ECF

1

115 at 5, there is no reason to delay resolution of Plaintiffs' claims addressed and resolved fully in this Court's Order. Certification under Rule 54(b) is thus appropriate.

When multiple parties are involved, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *PYCA Indus., Inc. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). A district court's rulings concerning a particular claim may be appealed under Rule 54(b) if the district court has "dispose[d] of that claim *entirely*." *Monument Management*, 952 F.2d at 885.

The Court is well-versed in the circumstances leading up to the issuance of the Opinion and Order. *See* ECF 115 at 2–5. Recognizing the unrecoverable compliance costs at issue under the CFPB's Final Rule, this Court previously granted a preliminary injunction based on Fifth Circuit precedent regarding the CFPB's funding. *Id.* at 4. Now that the decision in *CFPB v. Community Financial Services Ass'n of America, Ltd.*, 601 U.S. 416 (2024), has been overturned, lenders subject to the Final Rule are back on the compliance clock and will once again be forced to expend funds in preparation for compliance with the Rule. The Opinion and Order addresses all of the claims that Plaintiffs and the undersigned Intervenors raised with this Court (both under the APA and regarding the Administrative Record).

The dominant rationale for Rule 54(b) is to strike a balance between "judicial administrative interests" and the "equities involved." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). Here, the Court's ruling "sounded the death knell" for the only claims raised by Plaintiffs and the undersigned Intervenors. *See Tetra Techs., Inc. v. Cont. Ins. Co.*, 755 F.3d

2

222, 230 (5th Cir. 2014) (explaining that a ruling certified under 54(b) must end the litigation regarding that claim). This Court has fully and finally resolved all of movants' claims and nothing is left for the Court to do as to those claims, or for movants to litigate before this Court. Because the movants' claims have been fully and finally disposed of in their entirety, they are properly certified under Rule 54(b).

At the same time, there is a looming threat of hardship and injustice that may be alleviated by immediate appeal. *See PYCA Industries*, 81 F.3d at 1421. This comes from the irreparable harm of the mounting compliance costs that are taking place again as lenders prepare to comply with the CFPB's Final Rule. Time is of the essence for lenders affected by the Final Rule and movants should not be forced to wait on the remaining claim from some Intervenors to be resolved before being able to move forward with an appeal. As the Court well knows, movants have continually expressed the need for the case to move forward expeditiously and every day they must wait before appealing the Court's Order and Opinion to the Fifth Circuit creates hardship.

Because there is nothing left for movants to litigate in this Court as to the claims fully resolved by this Court's Order, and because it would cause hardship to make them wait to appeal, there is no reason to prevent the appeal of those claims from moving ahead under Rule 54(b).

## CONCLUSION

The Motion to Certify the Court's Opinion and Order as Final under Rule 54(b) should be granted.

August 30, 2024                                    Respectfully submitted.

                                                                      */s/ John C. Sullivan*
John C. Sullivan
Attorney-in-Charge
Texas Bar No. 24083920
**S|L LAW PLLC**
610 Uptown Boulevard, Suite 2000
Cedar Hill, TX 75104
Telephone: (469) 523-1351
Facsimile: (469) 613-0891
john.sullivan@the-sl-lawfirm.com

James J. Butera*
Ryan Israel*
**MEEKS, BUTERA & ISRAEL PLLC**
2020 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 795-9714
jbutera@meeksbi.com
risrael@meeksbi.com

Thomas Pinder*
Andrew Doersam*
**AMERICAN BANKERS ASSOCIATION**
1333 New Hampshire Avenue, NW
Washington, DC 20036
tpinder@aba.com
adoersam@aba.com

*Counsel for Plaintiffs Texas Bankers Association, Rio Bank, and American Bankers Association*

* *admitted pro hac vice*

*/s/ James Bowen*
James Bowen
Elbert Lin
Erica Nicole Peterson
Jennifer Lauren Clyde
**HUNTON ANDREWS KURTH LLP**
1445 Ross Avenue, Suite 3700
Dallas, TX 75202
Telephone: (214) 468-3309
Facsimile: (214) 880-0011
jbowen@huntonak.com

*Counsel for Intervenors Texas First Bank, Independent Bankers Association of Texas, and Independent Community Bankers of America*

*/s/ Owen Colin Babcock*
Alan Bartlett Padfield
Kelsey Nicole Linendoll
Owen Colin Babcock
**PADFIELD & STOUT LLP**
421 West Third Street, Suite 910
Fort Worth, TX 76102
Telephone: (817) 338-1616
Facsimile: (817) 338-1610
obabcock@padfieldstout.com

*Counsel for Intervenors XL Funding, LLC, and Equipment Leasing and Finance Association*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(D), I hereby certify that I conferred with Karen Bloom and Kevin Friedl, counsel for the CFPB, by email regarding this Motion. Defendants are opposed to the relief sought in this Motion.

/s/ John C. Sullivan
John C. Sullivan

Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been filed on August 30, 2024, via the CM/ECF system and via email courtesy copy to Counsel for Defendants.

/s/ John C. Sullivan
John C. Sullivan

Counsel for Plaintiffs

**CERTIFICATE OF COMPLIANCE**

This document was prepared using Microsoft Word 365, 2022 Version. It is written in Times New Roman font with the text in 12-point font. The Motion to Certify contains 775 words.

/s/ John C. Sullivan
John C. Sullivan

Counsel for Plaintiffs