IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| Texas Bankers Association, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>Consumer Financial Protection Bureau, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 7:23-cv-00144 |

**DEFENDANTS' OPPOSITION TO MOTION TO
STAY PENDING APPEAL**

The current deadlines for compliance with the Small Business Lending Rule were published in June 2024. *See* ECF No. 101. Since then, the parties have continued litigating Plaintiffs/Intervenors' ("Plaintiffs'") claims challenging the Rule and this Court has found those claims to be without merit. Despite not having sought any relief from the deadlines during this time, Plaintiffs now ask for a stay of the Rule pending appeal that would disrupt the status quo and require a further extension of the Rule's compliance dates. This Court's order upholding the validity of the Rule recognized that the Bureau had already extended the compliance deadlines for the Rule, as a result of Plaintiffs' ultimately unsuccessful argument that the Consumer Financial Protection Bureau (CFPB or Bureau) employed an unconstitutional funding structure. Despite the Supreme Court's rejection of that argument, and this Court's rejection of Plaintiff's remaining challenges to the Rule, Plaintiffs now seek to again stay implementation of the Rule.

The Court should deny that motion. Plaintiffs have not shown any warrant for further delay of the Rule and, with it, delay of the data-sharing regime that Congress mandated for the benefit of lenders, small businesses, and the communities those small businesses serve.

1

Plaintiffs' arguments that the Rule is in excess of statutory authority and is arbitrary and capricious are unlikely to succeed on appeal. As this Court explained, Plaintiffs' claims are based on "utter[] misrepresent[ations]" about the Rule and statutory arguments that Plaintiffs "undoubtedly cannot prevail on." The equities also do not support Plaintiffs' request to further push out the compliance dates for this Rule (and thus to delay implementation of statutory requirements that Congress enacted more than a decade ago to help small businesses). The compliance costs of the Rule, especially at this point, are modest, and Plaintiffs have already had over a year and a half to prepare. Meanwhile, the public interest will be harmed if additional time goes by without the important collection of data this Rule sets up to enable communities, governmental entities, and lenders to identify business and community development needs and opportunities, and to facilitate enforcement of fair lending laws. Moreover, there is significant harm from not knowing when the Rule will become effective, and regulatory uncertainty itself creates unnecessary compliance costs. Especially because, as explained below, Plaintiffs have already filed an appeal, and their appeal is being heard on an expedited schedule, this case is likely to be resolved in advance of even the first compliance date under the Rule, even absent a stay.

Therefore, no good cause exists for the Court to order that the compliance dates be stayed again.

## BACKGROUND

On April 26, 2023, Plaintiffs brought this suit to challenge the congressionally mandated Small-Business Lending Rule issued by the Bureau. *See* ECF No. 1. Plaintiffs sought relief under both the Administrative Procedure Act (APA) and the Appropriations Clause of the Constitution, arguing that "the CFPB's funding structure violates the U.S. Constitution's structural separation

of powers." ECF No. 12 at ¶ 79.  In light of then-controlling Fifth Circuit precedent holding that the CFPB employed an unconstitutional funding structure, the Court in July 2023 granted in part Plaintiffs' Motion for Preliminary Injunction, granting relief as to Plaintiffs and their members but declining to extend the relief nationwide. (ECF No. 13). That injunction was effective "pending the Supreme Court's reversal [of the Fifth Circuit holding on the constitutionality of the CFPB's funding structure], a trial on the merits of this action, or until further order of this Court." As this Court described in its summary judgment ruling, the injunction was extended to all covered financial institutions after a "flood of intervenors" joined the case. Aug. 26 Mem. Op. and Order (ECF No. 115) at 4.

On May 16, 2024, roughly midway through summary judgment briefing, the Supreme Court issued a decision reversing the Fifth Circuit opinion that Plaintiffs had cited in support of their constitutional claims, and that the Court relied on in granting the preliminary injunction. Since the stay period prescribed by the injunction had ended, the Bureau issued a rule extending the compliance dates for the Small Business Lending Rule. *See* ECF Nos. 97, 101.

With respect to the remaining challenges to the Rule, the parties concluded briefing cross-motions for summary judgment on June 7, 2024. On August 26, the Court upheld the validity of the Rule and found Defendants entitled to judgment as a matter of law on each of Plaintiffs' APA claims. As the Court noted in its Order, the earliest compliance date for the Rule is July 18, 2025—which, as of the date of this filing, is still more than eight months away. ECF No, 115 at 4.

On October 15, 2024, Plaintiffs moved to stay implementation of the Rule. They have not sought expedited consideration of this motion and they represented in the motion that they would file an appeal *after* this Court adjudicates this motion. *See* ECF No. 124 ("Plaintiffs . . . are filing

a notice of appeal (as soon as this Court rules on this motion)"). Nevertheless, on October 23, Plaintiffs filed a notice of appeal, ECF No. 125, and on October 30, Plaintiffs asked the Fifth Circuit to issue the same relief it seeks here. *See Texas Bankers Assoc. v. CFPB* (5th Cir. No. 24-20705) (ECF No. 9) (seeking stay pending appeal). They also asked the Fifth Circuit for an administrative stay pending that court's review of the stay motion, and to expedite the appeal. They claimed that this Court "effectively denied the [requested] stay by not ruling on the motion." *Id.* at 12. On October 31, the Fifth Circuit ordered that the stay motion should be carried with the case and denied the request for an administrative stay. It granted Plaintiffs' request to expedite the appeal. *See Texas Bankers Assoc. v. CFPB* (5th Cir. No. 24-20705) (ECF No. 25-2) (seeking stay pending appeal).

**ARGUMENT**

In considering Plaintiffs' request to stay the previously-postponed compliance dates, four factors are relevant: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Texas v. EPA*, 829 F.3d 405, 424, 435 (5th Cir. 2016) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)); *Plaquemines Parish v. Chevron USA, Inc.*, 84 F.4th 362, 373 (2023) (same). "A stay pending appeal is 'extraordinary relief' . . . and 'is not a matter of right, even if irreparable injury might otherwise result' to the appellant." *Id*. at 373 (quoting *Vote.Org v. Callanen*, 39 F.4th 297, 300 (5th Cir. 2022) and *Nken*, 556 U.S. at 433). These factors do not support further postponing compliance.

**A. Plaintiffs Have Not Established A Likelihood of Success on the Merits**

4

To justify the extension they seek, Plaintiffs must "ma[k]e a strong showing that [they are] likely to succeed on the merits" of their appeal. *Id*. Plaintiffs do not attempt to argue that they could meet this standard and thus have effectively conceded the point. They claim only that there are "substantial arguments to be presented on appeal." Mot. at 2. But this less stringent standard is reserved for cases where "the balance of equities *weighs heavily* in favor of granting the stay." *Plaquemines Parish*, 84 F.4th at 373 (quoting *Ruiz v. Estelle*, 650 F.2d 555 (5th Cir. 1981)). As explained below, the equities here do not favor Plaintiffs at all—let alone "heavily"— and thus the ordinary standard applies. In any event, because Plaintiffs have not shown even a "substantial case on the merits," a stay and tolling of the compliance dates is not warranted under either standard.

Plaintiffs offer no explanation for why their arguments would be likely to prevail on appeal. Plaintiffs have thus not met their burden to show their claims are likely to succeed, or even present a substantial case. *See generally Nken*, 556 U.S. at 433-34 ("The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."). And there is no reason to believe those claims would be likely to succeed on appeal. Plaintiffs say "there are substantial arguments to be presented on appeal that the Rule is in excess of statutory authority," but this Court found Plaintiffs "undoubtedly cannot prevail on" their "statutory authority" claim. Aug. 26 Mem. Op. and Order (ECF No. 115) at 11. As this Court explained in response to Plaintiffs' argument that the Bureau exceeded its authority because the Rule does not advance the statute's purposes:

> [T]he Final Rule is unquestionably a 'lawful extension of the statute' . . . Plaintiffs do not actually dispute, nor could they, that the CPA [Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010] expressly entrusted the CFPB with promulgating regulations, including those imposing additional data reporting requirements, to facilitate the purposes of the statute . . . The agency has done exactly

5

> that, and even Plaintiffs do not question the Final Rule's intentions. The Final Rule was [therefore] promulgated in accordance with the CFPB's authority to do so . . . and that is the end of the matter.

*Id*. The Court similarly rejected Plaintiffs' other argument about statutory authority, noting that that argument "is convoluted and relies on a series of inferences which clash with the substance of the statutory text." *Id*. at 13. Plaintiffs' claim that the Rule is arbitrary and capricious is no more likely to succeed because, as this Court correctly noted, it relies on "gross[] exaggerat[ion]" of the Rule, and erroneous allegations that the Bureau failed to consider certain costs that the rulemaking record clearly demonstrates the "Bureau did consider." *Id.* at 16, 21-22.[1]

In short, the arguments Plaintiffs have raised to date have been rejected by this Court and the Supreme Court. Plaintiffs have offered no relevant case law or other reason to find that their arguments are likely to succeed on appeal—or even that they actually have "substantial arguments" to be presented there. This factor does not support Plaintiffs' request for a stay.

### B. The Balance of Equities Weighs Heavily Against a Stay

Plaintiffs' inability to satisfy the first factor is itself reason for the Court to deny the motion. *Cf. Big Tyme Invs., LLC v. Edwards*, 985 F.3d 456, 464 (5th Cir. 2021) ("If the party requesting a preliminary injunction *cannot* show a substantial likelihood of success on the merits, the injunction should be denied and there is no need for the court to address the other requirements for a preliminary injunction."). In any event, the remaining stay factors do not support Plaintiffs' request for delay.

1.     A stay would be contrary to the public interest. In seeking a stay, Plaintiffs seek to further postpone their obligations not only under the Rule, but under Section 1071 itself. As the

---

[1] Notably, in the only other case raising the same claims as Plaintiffs raised here, the plaintiffs have moved to voluntarily dismiss those claims. *See Monticello Banking Co. v. CFPB* (E.D. Ky. No. 6:23cv148) (ECF Nos. 34, 37).

Court has noted, "the Final Rule only imposes 9 additional data points compared to the statute itself." Aug. 26 Mem. Op. and Order (ECF No. 115) at 16. There is a strong public interest in Section 1071's requirements coming into effect without undue delay so that they may begin producing the benefit for small businesses—and the communities those businesses serve—that Congress intended. *See, e.g.*, 88 Fed. Reg. at 35503-07 (describing myriad benefits of the Rule to small businesses, financial institutions, and others, including "help[ing] creditors identify potentially profitable opportunities to extend credit" and allowing communities to "identify gaps in access to credit for small businesses"); *cf. Planned Parenthood of Greater Texas Surgical Health Servs. v. Abbott*, 734 F.3d 406, 419 (5th Cir. 2013) ("When a statute is enjoined, the State necessarily suffers the irreparable harm of denying the public interest in the enforcement of its laws[.]"). The public interest plainly would be harmed if Plaintiffs were able to secure relief that delayed their obligations to comply not only with the Rule but with statutory requirements that not even they suggest are invalid.

2. Moreover, there is significant harm to the public and to regulated entities themselves from not knowing when the Rule will become effective, and regulatory uncertainty itself creates unnecessary compliance costs. As amici lenders covered by the Rule explained, they have already taken significant steps to ensure they will be capable of accurately and effectively collecting and reporting data in compliance with their ultimate legal requirements—since a large percentage of the relevant compliance costs are up-front fixed costs. ECF 94-1 at 18. If compliance deadlines are delayed or the Rule is changed, the lenders could need to change their operational and compliance programs accordingly, undoing months of work and imposing additional costs. Continuing compliance uncertainty could force a "costly and unsustainable cycle of covered lenders revamping operations to comply with a moving target." *Id*. at 18-19.

Plaintiffs' claim that "[a]ny harms to the government from delay will be mitigated by the request for an expedited appeal" does not help them. Even though the Fifth Circuit has expedited the appeal, Plaintiffs' requested stay would still mean additional, unnecessary time in which the Rule does not take effect, the data sharing that Congress required for the benefit of small businesses does not begin, and regulated entities and the broader public are left in uncertainty.

3.  Plaintiffs have not shown that the irreparable harm factor justifies a stay. Given that the Rule was promulgated over a year and a half ago, there is no reason to believe that the only evidence Plaintiffs offer—the declarations they introduced over a year ago in support of their initial request for an injunction—demonstrate, or even speak to, any harm they might currently face if the Rule is not stayed pending appeal. They have introduced no evidence that the compliance costs of the Rule at this point are significant, and Plaintiffs have already had over a year and a half to prepare for compliance. Moreover, Plaintiffs' claim to irreparable harm is undermined by the fact that they waited almost two months after the Court adjudicated their summary judgment claims before filing an appeal, while they pursued, and then ultimately abandoned their additional arguments. *See* ECF No. 115 (Court's Aug. 26 Order on Summary Judgment); ECF No. 121 (withdrawal of motions); ECF No. 125 (Oct. 23 Notice of Appeal).

Finally, as noted, the Rule itself adds only modestly to the reporting requirements that Congress itself imposed in the statute. (In fact, the Rule includes numerous measures—such as the carveout for lenders making fewer than 100 covered originations a year—that *lessen* the compliance obligations that would otherwise be imposed by statute.) To show the kind of harm that might justify a second stay of the Rule, Plaintiffs would have needed to document that they face compliance costs stemming from those (limited) requirements that the Rule adds to the

statute; they cannot rely solely on the costs of complying with requirements that the statute itself imposes. Plaintiffs have never even tried to make that showing.

## CONCLUSION

The Court should deny Plaintiffs' request for a stay and tolling of the compliance deadlines for the Small Business Lending Rule.


Dated: November 5, 2024                                Respectfully submitted,


                                                 */s/ Karen S. Bloom*
                                                 Seth Frotman
                                                    *General Counsel*
                                                 Steven Y. Bressler
                                                    *Deputy General Counsel*
                                                 Christopher Deal
                                                   *Assistant General Counsel*

                                                 Kevin E. Friedl (NY # 5240080)
                                                 Karen S. Bloom (NY # 4438917)
                                                 Andrea Matthews (MA #694538)
                                                   *Senior Counsel*
                                                 Consumer Financial Protection Bureau
                                                 1700 G Street NW
                                                 Washington, DC 20552
                                                 (202) 435-7012 (phone)
                                                 (202) 435-7024 (facsimile)
                                                 karen.bloom@cfpb.gov

CERTIFICATE OF SERVICE

    I hereby certify that on November 5, 2024, I electronically filed the foregoing using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                               */s/   Karen S. Bloom*