UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| TEXAS BANKERS ASSOCIATION, *et al.*, | § § § § § § § § § § § | |
| Plaintiffs, | | |
| VS. | | CIVIL ACTION NO. 7:23-CV-144 |
| CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*, | | |
| Defendants. | | |

## ORDER

Before the Court is Plaintiffs'/Intervenors' opposed motion to stay and toll the Consumer Financial Protection Bureau (CFPB) deadlines pending appeal. (Dkt. No. 124). Having considered the arguments of counsel, relevant docket entries, and applicable law, the Court **DENIES** the motion.

To determine whether it should exercise its discretion to grant a stay pending appeal, a court considers the four *Nken* factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Plaquemines Parish v. Chevron USA, Inc.*, 84 F.4th 362, 373 (5th Cir. 2023) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)) (internal quotation marks omitted).

Plaintiffs/Intervenors ask the Court to toll the deadlines for CFPB's Final Rule at issue in this matter, 88 Fed. Reg. 35150 (May 31, 2023), until the Fifth Circuit resolves Plaintiffs'/Intervenors' appeal. Plaintiffs/Intervenors have not met their "heavy burden" to show that the circumstances justify such "extraordinary relief." *Plaquemines*, 84 F.4th at 373 (quoting *Vote.Org v. Callanen*, 39 F.4th 297, 300 (5th Cir. 2022); *Nken*, 556 U.S. at 433–34) (internal quotation marks omitted). As the Court previously

determined when it granted Defendants' combined cross-motion for summary judgment on all claims, "[i]t may well be that the Final Rule proves ill-advised as a policy matter, but that possibility does not itself make the Final Rule unlawful under the APA." (Dkt. No. 115 at 27). Although "the nonrecoverable costs of complying with a putatively invalid regulation typically constitute irreparable harm," the Court has found the regulation at issue here to be valid. *Rest. Law Ctr. v. U.S. Dep't of Labor*, 66 F.4th 593, 597 (5th Cir. 2023) (discussing preliminary injunctions); *see Nken*, 556 U.S. at 434 (noting the "substantial overlap between [the *Nken* factors] and the factors governing preliminary injunctions"). Without more, Plaintiffs/Intervenors fail to "show that the balance of equities *weighs heavily* in favor of granting the stay." *Plaquemines*, 84 F.4th at 373 (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. Unit A 1981)).

Additionally, the Fifth Circuit has granted Plaintiffs'/Intervenors' motion for an expedited appeal and carried with the case their motion for stay pending appeal filed before the Fifth Circuit.[1] *See Texas Bankers Ass'n v. Consumer Fin. Prot. Bureau*, No. 24-40705, ECF No. 25. As Defendants note, the appeal "is likely to be resolved in advance of even the first compliance date under the Rule, even absent a stay." (Dkt. No. 128 at 2).

IT IS HEREBY ORDERED that the compliance dates for the CFPB's Final Rule at issue in this matter are not stayed pending appeal.

SO ORDERED November 14, 2024, at McAllen, Texas.

Randy Crane
Chief United States District Judge

---

[1] On the same day, the Fifth Circuit denied Plaintiffs'/Intervenors' motion for a temporary administrative stay but noted that "[t]he motion for a stay pending appeal remains pending." *Texas Bankers Ass'n v. Consumer Fin. Prot. Bureau*, No. 24-40705, ECF No. 38.